IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 2:05-CV-443-TJW |
| | § | |
| COMCAST CORPORATION, COMCAST | § | |
| CABLE COMMUNICATIONS, LLC, AND | § | |
| COMCAST OF PLANO, LP | | |

## <u>NOTICE OF APPEARANCE</u>

Notice is hereby given that the undersigned attorney, Patrick Kelley, enters his appearance

in this matter as counsel for Plaintiff Rembrandt Technologies, LP, for purposes of receiving notices

and orders  from the Court.

DATED this 21st day of December, 2005.

Respectfully submitted,

BY: /s/ Patrick Kelley _____
Patrick Kelley
State Bar No. 11202500
Otis Carroll
State Bar No. 03895700
Ireland, Carroll & Kelley, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
(903) 561-1600
(903) 581-1071 (fax)
E-mail: Fedserv@icklaw.com

Franklin Jones, Jr.
JONES & JONES, INC. PC
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX 75671-1249
Tel: (903) 938-4395
Fax: (903) 938-3360
Email: Maiziah@millerfirm.com

Robert Christopher Bunt
Parker & Bunt, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Tel: (903) 531-3535
Fax: (903) 533-9687
E-mail: cbunt@cox-internet.com

Robert M. Parker
State Bar No. 15498000
Parker & Bunt, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Tel: (903) 533-9288
Fax: (903) 533-9687
E-mail: rmparker@cox-internet.com

S. Calvin Capshaw
Brown McCarroll LLP
P O. Box 3999
Longview, TX 75601-5157
Tel: (903) 236-9800
Fax: (903) 236-8787
Email: ccapshaw@mailbmc.com

OF COUNSEL:
Frank E. Scherkenbach
Lawrence K. Kolodney
Fish & Richardson, P.C.
225 Franklin Street
Boston, MA 02110
Tel: (617) 542-5070
Fax: (617) 542-8906
E-mail:  kolodney@fr.com

Alan D. Albright
Fish & Richardson, P.C.
One Congress Plaza
4th Floor
111 Congress Avenue
Austin, TX 78701
Tel: (512) 391-4930
Fax: (512) 391-6837

Timothy Devlin
Fish & Richardson, P.C.
919 N. Market Avenue, Suite 1100
P. O. Box 1114
Wilmington, Delaware 19899
Tel: (302) 652-5070
Fax: (302) 652-0607

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record via the Court's electronic filing system this the 21st day of December, 2005:

Jennifer Haltom Doan
John Peyton Perkins, III
Haltom & Doan, LLP
6500 N. Summerhill Road, Suite 1A
Texarkana, TX 75505-6227

Brian Ferral
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

*/s/ Patrick Kelley*
Patrick Kelley

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 2:05-cv-443(TJW) |
| | § | |
| COMCAST CORPORATION, COMCAST | § | Judge T. John Ward |
| CABLE COMMUNICATIONS, LLC, and | § | Jury |
| COMCAST OF PLANO, LP | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO EXCEED PAGE LIMIT

Defendants Comcast Corp., Comcast Cable Communications, LLC ("Comcast Cable"), and Comcast of Plano, LP (collectively, "Comcast"), filed an Agreed Motion to Exceed the Page Limit in Defendant's Reply to Plaintiff's Opposition to Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [doc #16]. The Court, having reviewed the motion, and being well-advised, finds that the motion should the GRANTED.

It is therefore ORDERED that defendant Comcast shall be allowed to exceed the page limit in Defendant's Reply to Plaintiff's Opposition to Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). It is further

ORDERED, ADJUDGED and DECREED that the Clerk of Court is to file Defendant's Reply to Plaintiff's Opposition to Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) as attached as Exhibit "A" to Defendants' Agreed Motion to Exceed Page Limit.

SIGNED this 22nd day of December, 2005.

_T. John Ward_
_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

Case 1:07-cv-00398-GMS    Document 186-3    Filed 06/28/2007    Page 1 of 6
Case 2:05-cv-00443-TJW-CE    Document 19    Filed 12/22/2005    Page 1 of 6
Case 2:05-cv-00443-TJW    Document 16-2    Filed 12/12/2005    Page 1 of 6

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| REMBRANDT TECHNOLOGIES, LP, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; and COMCAST OF PLANO, LP, <br><br> Defendants. | Civil Action No. 2:05-CV-443 (TJW) (JURY) |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

*All* the parties have their principal places of businesses in or near Philadelphia and the majority of the parties' witnesses and sources of proof are therefore located there. In addition, a relevant non-party that Rembrandt itself identified, Motorola, has its relevant division based outside of Philadelphia. The Court should thus transfer the case to the Eastern District of Pennsylvania for the convenience of the parties. Without a strong nexus between this District and the case, the public and private interest factors here far outweigh what little deference Rembrandt's choice of forum deserves.

## I. ARGUMENT

**A.    This Case Lacks a Strong Nexus To This District**

In support of its nexus argument, Rembrandt notes that the Comcast family of corporations has a substantial nationwide presence. Opp. Br. 3. Even if true, that fact says nothing about the propriety of maintaining the action in *this* District; a nationwide presence does not mean that another district could not provide a more *convenient* forum for *this case.* 28 U.S.C. § 1404(a). Indeed, Comcast's distributed operations actually favor moving this case to the defendants' principal places of business, Philadelphia. The Court should recognize that

Case 1:07-cv-00398-GMS   Document 186-3   Filed 06/28/2007   Page 2 of 6
Case 2:05-cv-00443-TJW-CE   Document 19   Filed 12/22/2005   Page 2 of 6
Case 2:05-cv-00443-TJW   Document 16-2   Filed 12/12/2005   Page 2 of 6

Rembrandt only sued Comcast of Plano, LP—one of Comcast's *many* national municipal franchisees—to obtain jurisdiction in this District. Rembrandt's inclusion of Comcast of Plano should not, however, create the illusion of convenient venue in this District.

Rembrandt's arguments regarding the nexus of this case with this District do little more than conflate the issues of *proper* and *convenient* venue. While its allegations of in-District infringement may provide a basis for jurisdiction and, consequently, venue, they do not signify convenience. As this Court has held: "That the products are sold here might justify a finding that here is a *proper* venue. But it doesn't aid the plaintiff in its effort to rebut the argument that here is an *inconvenient* venue under § 1404(a)." *Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, No. 2:03-CV-425, slip. op. at 3 (E.D. Tex. July 23, 2004) (emphasis in original). As such, Rembrandt's arguments about Comcast having conceded personal jurisdiction in other cases have no bearing on this convenience-based transfer motion under §1404(a).

In opposing Comcast's transfer motion, Rembrandt claims that it "has substantial business connections within this District." Opp. Br. 4. Yet Rembrandt does not point to a *single* business connection with this District other than this case and another patent case involving different parties, different patents, different inventors, and different technology. Opp. Br. Ex. H. This confirms Comcast's proposition that Rembrandt, which is headquartered just outside Philadelphia, does no business in this District. As such, Rembrandt's choice of forum merits little deference. *See Rock Bit Int'l v. Smith Int'l*, 957 F. Supp. 843, 844 (E.D. Tex. 1997).

In addition, Rembrandt opposes Comcast's transfer motion based largely on Comcast's use of third-party set-top boxes manufactured by either Motorola or Scientific Atlanta. Opp. Br. 3, 9, 11. Particularly, Rembrandt contends that, because Comcast did not design and does not manufacture these devices, relevant documents reside with these non-parties outside the Eastern District of Pennsylvania. Opp. Br. 9, 11. While noting that Motorola has its principal place of business in Illinois, however, Rembrandt fails to note that the division that makes set-top boxes is in Horsham, Pennsylvania—in the Eastern District of Pennsylvania. *See* Decl. of Matthias

Case 1:07-cv-00398-GMS    Document 186-3    Filed 06/28/2007    Page 3 of 6
Case 2:05-cv-00443-TJW-CE    Document 19    Filed 12/22/2005    Page 3 of 6
Case 2:05-cv-00443-TJW    Document 16-2    Filed 12/12/2005    Page 3 of 6

Kamber ¶¶ 3-5 ("Kamber Decl.") (Attached as Exhibit 1). Thus, Rembrandt's identification of Motorola's set-top-box division as a key non-party actually favors transferring this action to the Eastern District of Pennsylvania.

Rembrandt's reliance on arguments made by a Comcast defendant in *Comcast Cable Comm'ns, LLC v. Acacia Media Techs. Corp.*, No. 04-372-GMS (D. Del.) has no basis. As a legal matter, "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Comcast's arguments in *Acacia* are not compelling in this factual context, where Plaintiff from the same forum as all the defendants has sued in a far-removed forum. Further, Comcast sought the same result in *Acacia*: to litigate claims in a nearby forum convenient to all the parties and likely witnesses. In this case, that forum is the Eastern District of Pennsylvania. In *Acacia*, it was the nearby District of Delaware—a mere 29 miles from Comcast's headquarters. Kamber Decl. ¶ 6.

**B.    Rembrandt's Choice of Forum Deserves Little Deference**

Contrary to what Rembrandt suggests, Comcast does not seek to abolish the deference owed a plaintiff's choice of forum. The plaintiff's choice of forum is a factor to be considered, but where as in this case, that factor is clearly outweighed by other factors, it is neither conclusive nor determinative. *See Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830-31 (E.D. Tex. 2002). Rembrandt's attempts to distinguish *Shoemake* are flawed. First, it is irrelevant that *Shoemake* is not a patent case. Whether to transfer under section 1404(a) does not depend on patent law. *See generally Storage Tech. Corp. v Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003) (applying regional circuit law, rather than Federal Circuit law, to determine the propriety of transferring a patent infringement action under § 1404(a)). Second, Rembrandt argues that, unlike in *Shoemake*, a nexus exists between this case and the forum because Comcast allegedly infringes in this District. As discussed above, however, this alleged nexus does not reveal anything about the *convenience* of litigating this dispute here. *Acco Brands*, slip. op. at 3.

Case 1:07-cv-00398-GMS   Document 186-3   Filed 06/28/2007   Page 4 of 6
Case 2:05-cv-00443-TJW-CE   Document 19   Filed 12/22/2005   Page 4 of 6
Case 2:05-cv-00443-TJW   Document 16-2   Filed 12/12/2005   Page 4 of 6

**C.     The Accused Activity Has Its Center of Gravity in Philadelphia**

The center of gravity of the accused infringing activity is in Philadelphia. "The location of the alleged infringer's principal place of business . . . is often the critical and controlling consideration in adjudicating a motion to transfer venue." *Whistler Group v. PNI Corp.*, 2003 U.S. Dist. LEXIS 21968, *11 (N.D. Tex. 2003). In an attempt to distinguish this case law, Rembrandt argues that Comcast's "nationwide" infringement is centered in the Eastern District of Texas because *one* of the Comcast defendants provides services there. Opp. Br. 9. Erroneously focusing on the provision of services in this District, Rembrandt overlooks the fact that *all three* defendants have their principal places of business in Philadelphia, and the law therefore deems Philadelphia the "center of gravity" of any alleged infringement. *See id.*

Were Rembrandt alleging infringement only in the Eastern District of Texas and seeking damages limited to this District, its center of gravity argument might have more force. But Rembrandt presumably seeks damages for nationwide infringement, not just infringement in this District, and the center of gravity for nationwide infringement is in Philadelphia. The defendants' principal places of business and key technical development staff are located there.

Comcast seeks to transfer this case to the Eastern District of Pennsylvania because, as the principal place of business of *all* the parties and the location of a *majority* of the witnesses and sources of proof, that district provides a more—if not the most—convenient place to litigate this dispute. Rembrandt's contention that this case does not warrant transfer because it "does not revolve around activities occurring *exclusively* at a single principal place of business," Opp. Br. 10 (emphasis added), misses the point. Simply because the alleged infringement does not occur all at one place does not suggest that one venue—here the Eastern District of Pennsylvania—is not significantly more convenient than another for the parties.

**D.     Public and Private Interest Factors Favor Transferring This Case**

In determining whether to transfer a case to another district in accordance with section 1404(a), the Court must evaluate a number of public and private interest factors. These factors all favor transferring this action to the Eastern District of Pennsylvania:

Case 1:07-cv-00398-GMS    Document 186-3    Filed 06/28/2007    Page 5 of 6
Case 2:05-cv-00443-TJW-CE    Document 19    Filed 12/22/2005    Page 5 of 6
Case 2:05-cv-00443-TJW    Document 16-2    Filed 12/12/2005    Page 5 of 6

- *Ease of access to sources of proof:* Rembrandt argues that *some* relevant documents are located in this District, Opp. Br. 11, but ignores the fact that an *overwhelming majority* of the documents are located in Philadelphia.

- *Availability of compulsory process:* Rembrandt notes that the Eastern District of Pennsylvania could not compel all witnesses to appear at trial, Opp. Br. 12-13, but disregards the ability of that court to subpoena *at least some* potential witnesses and that this Court cannot compel the appearance of *any* third-party witnesses.

- *Cost of attendance for willing witnesses:* Rembrandt disregards the increased travel costs for *all* the parties' witnesses should the trial proceed before this Court. As the most important factor in deciding a section 1404 transfer motion, however, this factor weighs heavily in favor of proceeding in the Eastern District of Pennsylvania. *See Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp. 1400, 1401-02 (E.D. Tex. 1986). Rembrandt instead notes that a transfer would result in increased inconvenience for one of its experts, Opp. Br. 14, ignoring this Court's holding that the convenience of experts deserves little weight. *Id.* at 1403.

- *Administrative difficulties flowing from court docket:* As noted in the initial brief, time to trial is only two weeks longer in the Eastern District of Pennsylvania. This difference does not, therefore, weigh against transfer. *See Berol Corp. v. BIC Corp.*, No. 02 C 0559, 2002 WL 1466829, *6 (N.D. Ill. July 8, 2002) (noting that *two months* difference in median times to trial was negligible). Given the amount of judicial resources patent cases require, the large volume of patent cases in this District, as highlighted by Rembrandt, actually favors transfer. Finally, no significant delay will result; Comcast only recently filed its answer.

- *Local interest in adjudicating the suit:* Because *all* of the parties, including plaintiff Rembrandt, are headquartered in the Eastern District of Pennsylvania, that district has a strong interest in adjudicating this suit.

- *Familiarity of the forum with the governing law:* The Eastern District of Texas is no better suited than the Eastern District of Pennsylvania for adjudicating a federal patent case. *See Rooster Prods. Int'l, Inc. v. Custom Leathercraft Mfg. Co.*, No. 04-CA-864-XR, 2005 U.S. Dist. LEXIS 1643 (W.D. Tex. 2005).

## II. CONCLUSION

For the reasons set forth above and in the original motion papers, Comcast requests this Court to transfer this action to the Eastern District of Pennsylvania.

Case 1:07-cv-00398-GMS    Document 186-3    Filed 06/28/2007    Page 6 of 6
Case 2:05-cv-00443-TJW-CE    Document 19    Filed 12/22/2005    Page 6 of 6
Case 2:05-cv-00443-TJW    Document 16-2    Filed 12/12/2005    Page 6 of 6

Respectfully submitted,


_____/s/_____
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
HALTOM & DOAN, LLP
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Telephone: 903-255-1000
Facsimile: 903-255-0800


Brian Ferral
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: 415-676-2235
Facsimile: 415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this answer was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 12th day of December, 2005.


_____/s/_____
Jennifer Haltom Doan

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP

     Plaintiff,

    v.                                        Case No. 2:05cv443-TJW

COMCAST CORPORATION

     Defendants.

## PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S CORPORATE DISCLOSURE STATEMENT

Plaintiff Rembrandt Technologies, LP ("Rembrandt") files the following statement pursuant to Fed.R.Civ.P. 7.1. Rembrandt, a New Jersey limited partnership, has no parent corporation, nor is there any publicly held corporation that has a 10% or more ownership interest in Rembrandt.

Dated: January 11, 2006          Respectfully submitted,

/s/ Otis Carroll _____
Otis Carroll
State Bar #03895700
Ireland, Carroll & Kelley, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071

Franklin Jones, Jr.
State Bar #00000055
JONES & JONES, INC., P.C.
201 West Houston Street, Drawer 1249
Marshall, Texas 75671-1249
Tel: 903-938-4395
Fax: 903-938-3360

S. Calvin Capshaw, III
State Bar #03783900
Brown McCarroll, L.L.P.
1127 Judson Road, Suite 220, P.O. Box 3999
Longview, Texas 75601-5157
Tel: 903-236-9800
Fax: 903-236-8787

Robert M. Parker
State Bar #15498000
PARKER & CLAYTON
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Tel: 903-533-9288
Fax: 903-533-9687

Frank E. Scherkenbach
Lawrence K. Kolodney
FISH & RICHARDSON, P.C.
225 Franklin Street
Boston, Massachusetts 02110
Tel: 617-542-5070
Fax: 617-542-8906

Alan D. Albright
State Bar # 00973650
FISH & RICHARDSON, P.C.
One Congress Plaza
4th Floor
111 Congress Avenue
Austin, Texas 78701
Tel: 512-391-4930
Fax: 512-391-6837

Timothy Devlin
FISH & RICHARDSON, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, Delaware 19899
Tel: 302-652-5070
Fax: 302-652-0607

Attorneys for Plaintiff
REMBRANDT TECHNOLOGIES, LP.

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 11th  day of January, 2006.

/s/ Otis Carroll_____
Otis Carroll

**Appendix K**

Revised 12/3/03

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 10 2006

DAVID J. MALAND, CLERK
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
MARSHALL   **DIVISION**
### APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # __2:05-cv-00443-TJW__
Style:_____

2. Applicant is representing the following party/ies: ____Rembrandt Technologies, LP____

3. Applicant was admitted to practice in _____ (state) on _____ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).   If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts: USDC Massachusetts, State of Massachusetts, State of New York

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, __Michael H. Bunis_____ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date _1/4/06_____   Signature _____

Name (please print)    **Michael H. Bunis**

State Bar Number    BBO 566,839

Firm Name:    **Fish & Richardson P.C.**

Address/P.O. Box:    **225 Franklin Street**

City/State/Zip:    **Boston MA 02110**

Telephone #:    **(617) 542-5070**

Fax #:    **(617) 542-8906**

E-mail Address:    **bunis@fr.com**

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this 10 day of Jan , 20 06

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By _____

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


REMBRANDT TECHNOLOGIES, LP        §

Vs.                               §        CIVIL ACTION NO. 2:05CV443

COMCAST CORP., ET AL              §


**<u>ORDER</u>**

The defendants' motion to transfer venue (#10) is referred to the Hon. John Love, United States Magistrate Judge, for determination and any necessary hearings.  28 U.S.C. § 636(b)(1)(A).

SIGNED this 24th day of January, 2006.


_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

Scanned

**Appendix K**

RECEIVED CLERK
U.S. DISTRICT COURT

2006 JAN 10 PM 5:41

TX EASTERN-MARSHALL

F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Revised: 12/3/03

JAN 10 2006

DAVID J. MALAND, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION
### APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case# **2:05-cv-00443-TJW**

Style: **Rembrandt Technologies, L.P. v Comcast Communications, et al.**

2. Applicant is representing the following party/ies: **Rembrandt Technologies, L.P.**

3. Applicant was admitted to practice in **Delaware on December 17, 2002**.

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/**has not** had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/**has not** ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/**has not** been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, please complete information on a separate page

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. **None**. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

**U.S.D.C. District of Columbia, District of Delaware**

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, **Timothy Devlin**  , do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Dated: _**12/6/05**_                    Signature _____

Name (please print)  **Timothy Devlin**

State Bar Number:  **4241 (DE)**

Firm Name:  **Fish & Richardson P.C.**

Address/P O  Box:  **919 N. Market Street, Suite 1100,**

**P.O. Box 1114**

City/State/Zip:  **Wilmington, DE 19899-1114**

Telephone #:  **302-652-5070**

Fax #:  **302-652-0607**

E-mail Address:  **tdevlin@fr.com**

Applicant is authorized to enter an appearance as counsel for the party/parties listed above  This application has been approved for the court this _10_ day of _____, 20_06_

David J  Maland, Clerk

U S  District Court, Eastern District of Texas

By  _____

Deputy Clerk

**Appendix K**

RECEIVED-CLERK
U.S DISTRICT COURT

2006 JAN 10 PM 5: 42

TX EASTERN-MARSHALL

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION
## APPLICATION TO APPEAR PRO HAC VICE

Revised

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 10 2006

DAVID J. MALAND, CLERK

BY
DEPUTY

1 This application is being made for the following: Case # __2:05-cv-00443-TJW__

2  Applicant is representing the following party/ies: ___Rembrandt Technologies, LP___

3 Applicant was admitted to practice in __MA__ (state) on __December 9, 2003__ (date)

4 Applicant is in good standing and is otherwise eligible to practice law before this court

5. Applicant is not currently suspended or disbarred in any other court

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7 Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8 Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:
__U.S.D.C.-D.Mass - 2/2004; U.S.D.C.-D.CO - 5/2005; U.S. Court of Appeals, 1st Circuit__

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including __1/2004__ Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13 Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, __Thomas A. Brown__ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States

Date _12/6/05_      Signature _____

Name (please print) ___**Thomas A. Brown**___

State Bar Number ___**MA 657,715**___

Firm Name: ___**Fish & Richardson P.C.**___

Address/P.O. Box: ___**225 Franklin Street**___

City/State/Zip: ___**Boston MA 02110**___

Telephone #: ___**(617) 542-5070**___

Fax #: ___**(617) 542-8906**___

E-mail Address: ___**TBrown@fr.com**___

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this ___day of _____, 20___

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By _____

Deputy Clerk

**Appendix K**

Revised: 12/3/03

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**APPLICATION TO APPEAR PRO HAC VICE**

RECEIVED - CLERK
U.S. DISTRICT COURT
2006 JAN 10 PM 5:43
TX EASTERN-MARSHALL

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JAN 10 2006
DAVID J. MALAND, CLERK
BY _____
DEPUTY

1. This application is being made for the following: Case #____2:05-cv-00443-TJW____
Style: _____

2. Applicant is representing the following party/ies: _____Rembrandt Technologies, LP____

3. Applicant was admitted to practice in _MA_ (state) on _7/9/2003_ (date)

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:
_Supreme Ct. of Massachusetts; U.S. Dist. Ct. for D. Mass._

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, ___Denis Ticak___ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date _December 6, 2005_ Signature _____

Name (please print) _____ **Denis Ticak** _____

State Bar Number _____ **656536** _____

Firm Name: _____ **Fish & Richardson P.C.** _____

Address/P.O. Box: _____ **225 Franklin Street** _____

City/State/Zip: _____ **Boston MA 02110** _____

Telephone #: _____ **(617) 542-5070** _____

Fax #: _____ **(617) 542-8906** _____

E-mail Address: _____ **ticak@fr.com** _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this /0 day of _____, 20 _06_

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By _____

Deputy Clerk

**Appendix K**

F I L E D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL   DIVISION**
**APPLICATION TO APPEAR PRO HAC VICE**

Revised: 12/3/03

JAN 10 2006

DAVID J. MALAND, CLERK

BY_____
DEPUTY

1. This application is being made for the following: Case #___**2:05-cv-00443-TJW**___

Style:__M. MARSHALL_____

2. Applicant is representing the following party/ies:___**Rembrandt Technologies, LP**___

3. Applicant was admitted to practice in __**MA**__ **and** __**CA**__ (state) on __**05/14/03**__ **12/89**__ (date)

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle)   If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts: **California Supreme Court;**
**CAFC; USDC, D. MA; USDC, N.D. CA; USDC, C.D. CA; USDC, E.D. CA**

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d))

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I,___**Frank E. Scherkenbach**___do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date __**12/09/05**__       Signature _Frank E. Scherkenbach_

Name (please print) **Frank E. Scherkenbach**

State Bar Number **MA (653819) CA (142549)**

Firm Name: **Fish & Richardson P.C.**

Address/P O Box: **225 Franklin Street**

City/State/Zip: **Boston, MA 02110**

Telephone #: **(617) 542-5070**

Fax #: **(617) 542-8906**

E-mail Address: **Scherkenbach@fr.com**

Applicant is authorized to enter an appearance as counsel for the party/parties listed above.  This application has been approved for the court this ___ day of _____, 20___

David J Maland, Clerk

U S District Court, Eastern District of Texas

By _____

Deputy Clerk

AO 456 (Rev. 5/85)  Notice

# UNITED STATES DISTRICT COURT

EASTERN _____ DISTRICT OF _____ TEXAS

REMBRANDT TECHNOLOGIES, LP          **NOTICE**
                V.
COMCAST CORP., ET AL.

                                    CASE NUMBER    2:05-CV-443(TJW)

TYPE OF CASE:

            X   **CIVIL**              **CRIMINAL**

X  **TAKE NOTICE** that a proceeding in this case has been set for the place, date, and time set forth below:

| PLACE | ROOM NO. |
|-------|----------|
| United States District Court | Judge T. John Ward's Courtroom |
| 100 E. Houston Street | DATE AND TIME |
| **MARSHALL, TX 75670** | May 2, 2006 @ 2:30 p.m. |

TYPE OF PROCEEDING



SCHEDULING CONFERENCE


**TAKE NOTICE** that a proceeding in this case has been continued as indicated below:

| PLACE | DATE AND TIME PREVIOUSLY SCHEDULED | CONTINUED TO DATE AND TIME |
|-------|-----------------------------------|---------------------------|
|       |                                   |                           |


                                    David J. Maland
                                    US MAGISTRATE JUDGE OR CLERK OF COURT

March 30, 2006                      Sonja H. Dupree
DATE                                (BY) DEPUTY CLERK


TO:      ALL COUNSEL OF RECORD

## ACKNOWLEDGMENT

**NOTICE TO COUNSEL:**  Please sign in the space provided below and return to the court by facsimile, **(903) 935-2295**, within three (3) days of your receipt of the enclosed notice.

_____

**I acknowledge receipt of the indicated notice on the date shown below.**

Case No. _____

Signature of Atty._____
                                                            Date
Print Name of Atty._____

Counsel for _____
                          (Name of Party)

Type of Proceeding: _____
                              (e.g., Scheduling Conference)

Date of Proceeding: _____

Time of Proceeding: _____

Location of Proceeding: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:05-CV-443(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |

### NOTICE OF SCHEDULING CONFERENCE,
### PROPOSED DEADLINES FOR DOCKET CONTROL ORDER
### AND DISCOVERY ORDER

The court, *sua sponte*, issues this Notice of Scheduling Conference, Proposed Deadlines for Docket Control Order and Discovery Order.

### Notice of Scheduling Conference

Pursuant to Fed. R. Civ. P. 16 and Local Rule CV-16, the Scheduling Conference in this case is set for **May 2, 2006, at 2:30 p.m. in Marshall, Texas.** The parties are directed to meet and confer in accordance with Fed. R. Civ. P. 26(f) prior to the conference. The parties are excused from the requirement of filing a written proposed discovery plan in this case.

### Proposed Deadlines for Docket Control Order

The proposed deadlines for docket control order set forth in the attached Appendix A shall be discussed at the Scheduling Conference. The court will not modify the proposed trial date except for good cause shown.

### Discovery Order

After a review of the pleaded claims and defenses in this action and in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, it is ORDERED AS FOLLOWS:

1. **Disclosures.** Except as provided by paragraph 1(h), and, to the extent not already disclosed,

within thirty (30) days after the Scheduling Conference, each party shall disclose to every other party the following information:

(a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action;

(g)     any statement of any party to the litigation;

(h)     for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

     a.     the expert's name, address, and telephone number;

     b.     the subject matter on which the expert will testify;

     c.     if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

          (a)     all documents, tangible things, reports, models, or data compilations

that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (b)    the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

    d.    for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information;

Any party may move to modify these disclosures for good cause shown.

2.    **Protective Orders.**  Upon the request of any party before or after the Scheduling Conference, the court shall issue the Protective Order in the form attached as Appendix B. Any party may oppose the issuance of or move to modify the terms of the Protective Order for good cause.

3.    **Additional Disclosures.**  In addition to the disclosures required in Paragraph 1 of this Order, at the Scheduling Conference, the court shall amend this discovery order and require each party, without awaiting a discovery request, to provide, to the extent not already provided, to every other party the following:

(a)    the disclosures required by the Patent Rules for the Eastern District of Texas;

(b)    within forty-five (45) days after the Scheduling Conference, a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the case, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of

documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(c)    within forty-five (45) days after the Scheduling Conference, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(d)    within forty-five (45) days after the Scheduling Conference, those documents and authorizations described in Local Rule CV-34; and

The court shall order these disclosures in the absence of a showing of good cause by any party objecting to such disclosures.

4.    **Discovery Limitations**.  At the Scheduling Conference, the court shall also amend this discovery order to limit discovery in this cause to the disclosures described in Paragraphs 1 and 3 together with 60 interrogatories, 60 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of three (3) expert witnesses per side and forty (40) hours of additional depositions per side.  "Side" means a party or a group of parties with a common interest. Any party may move to modify these limitations for good cause.

5.    **Privileged Information**.  There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  Within sixty (60) days after the Scheduling

Conference, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact within sixty (60) days after the Scheduling Conference.

6. **Pre-trial disclosures**. Absent a showing of good cause by any party, the court shall require the following additional disclosures:

Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

(a) The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

(b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(c) An appropriate identification of each document or other exhibit, including summaries

of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8. **Duty to Supplement**. After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Disputes.**

   (a)    Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make

disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within fourteen (14) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.** Any filings in excess of twenty (20) pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

12.    **Modifications to Patent Rules.** The attached Appendix C applies to this case and

supplements the Patent Rules for the Eastern District of Texas.  These modifications are not intended to apply to any other case except as may be expressly provided by order of this Court.

SIGNED this  4th  day of April, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**APPENDIX A**

## PROPOSED DEADLINES FOR DOCKET CONTROL ORDER

**PROPOSED DEADLINES TO BE DISCUSSED
AT THE SCHEDULING CONFERENCE
MAY 2, 2006**

| | |
|---|---|
| **August 6, 2007** | Jury Selection - 9:00 a.m. in **Marshall, Texas** |
| **July 26, 2007** | Pretrial Conference - 9:30 a.m. in **Marshall, Texas** |
| **July 20, 2007** | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| **July 23, 2007** | **Motions in Limine (due three days before final Pre-Trial Conference).** Three (3) days prior to the pre-trial conference provided for herein, the parties shall furnish a copy of their respective Motions in Limine to the Court by facsimile transmission, **903/935-2295**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| **July 6, 2007** | Response to Dispositive Motions (including *Daubert* motions) |
| **June 22, 2007** | For Filing Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |

| | |
|---|---|
| **May 23, 2007** | Defendant to Identify Trial Witnesses |
| **May 9, 2007** | Plaintiff to Identify Trial Witnesses |
| **May 9, 2007** | Discovery Deadline |
| _____ | **30** Days after claim construction ruling<br>Designate Rebuttal Expert Witnesses other than claims construction<br>Expert witness report due<br>Refer to Discovery Order for required information. |
| _____ | **15** Days after claim construction ruling<br>Comply with P.R. 3-8. |
| _____ | **15** Days after claim construction ruling<br>Party with the burden of proof to designate Expert Witnesses other than claims construction<br>Expert witness report due<br>Refer to Discovery Order for required information. |
| **February 8, 2007** | Claim construction hearing 9:00 a.m., **Marshall, Texas**. |
| **January 17, 2007** | Comply with P.R. 4-5(c). |
| **January 10,2007** | Comply with P.R. 4-5(b). |
| **December 27, 2006** | Comply with P.R. 4-5(a). |
| **December 4, 2006** | Discovery deadline–claims construction issues |
| **November 27, 2006** | Respond to Amended Pleadings |

| | |
|---|---|
| **November 9, 2006** | Amend Pleadings<br>**(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after November 9, 2006).** |
| **November 9, 2006** | Comply with P.R. 4-3. |
| **October 10, 2006** | Comply with P.R. 4-2. |
| **September 20, 2006** | Comply with P.R. 4-1. |
| **June 16, 2006** | Comply with P.R. 3-3. |
| **July 3, 2006** | Privilege Logs to be exchanged by parties<br>(or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| **June 1, 2006** | Join Additional Parties |
| **May 12, 2006** | Comply with P.R. 3-1 |
| **To be discussed at Scheduling Conference** | Mediation to be completed<br>If the parties agree that mediation is an option, the Court will appoint a mediator or the parties will mutually agree upon a mediator. If the parties choose the mediator, they are to inform the Court by letter the name and address of the mediator. The courtroom deputy will immediately mail out a "mediation packet" to the mediator for the case. The mediator shall be deemed to have agreed to the terms of Court Ordered Mediation Plan of the United States District Court of the Eastern District of Texas by going forth with the mediation. General Order 99-2. |
| **May 2, 2006** | Scheduling Conference (All attorneys are directed to Local Rule CV-16 for scope of the Scheduling Conference). |

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e),** in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

## OTHER LIMITATIONS

1.   All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.   The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. <u>See</u> Eastern District of Texas Local Rule CV-7(h).

3.   The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

     (a)   The fact that there are motions for summary judgment or motions to dismiss pending;

     (b)   The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

     (c)   The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**APPENDIX B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP     §
                                        §
V.                                            §     CIVIL NO. 2:05-CV-443(TJW)
                                         §
COMCAST CORPORATION, ET AL.     §

**STANDARD PROTECTIVE ORDER**

The Court, *sua sponte*, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4.     To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.     Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2.     Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for confidential treatment.

3.     At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential

treatment.  If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order.  All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4.      Confidential Treatment.  Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5.      Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

(a)     Counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

(b)     Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

(c)     The Court.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6.      Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents.  The index may only identify the document, date, author, and general subject matter of any Protected Document,

but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7.    The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8.    To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9.    Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10.    Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11.    The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

12.    After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public

record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13.   Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents.  The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

14.   This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15.   The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.


So ORDERED AND SIGNED this _____ day of _____, 2006.


_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**APPENDIX C**

**ORDER RELATING TO PATENT CASES BEFORE JUDGE T. JOHN WARD**

The Court issues certain modifications to the Eastern District Patent Rules. The modifications relate to three issues: (1) Notice Requirements, (2) Infringement and Invalidity Contentions for Software, and (3) Deadlines Related to Claim Construction.

**I.      Notice Requirements**

The Court has seen a dramatic increase in the number of disputes related to parties serving "supplemental," "additional," or "revised" P.R. 3-1 or P.R. 3-3 disclosures. In the past, parties were not required to provide notice to the Court regarding compliance with P.R. 3-1 or P.R. 3-3. Thus, certain parties attempted to avoid the rule that Preliminary Contentions are final except as provided in P.R. 3-6 and P.R. 3-7. Accordingly, the Court modifies P.R. 3-1 and P.R. 3-3 in the following manner:

> **P.R. 3-1(g):** Any time a party claiming patent infringement serves Preliminary Infringement Contentions on an opposing party, the party claiming patent infringement shall also file with the Court a Notice of Compliance with P.R. 3-1.

> **P.R. 3-3(e):** Any time a party opposing patent infringement serves Preliminary Invalidity Contentions on an opposing party, the party opposing patent infringement shall also file with the Court a Notice of Compliance with P.R. 3-3.

Under this Court's interpretation of the Patent Rules, leave of Court is required for serving

"amended," "supplemental," or "revised" P.R. 3-1 or P.R. 3-3 disclosures. The Court will strike "amendments," "supplements," or "revisions" of P.R. 3-1 or P.R. 3-3 disclosures that do not comply with P.R. 3-6 or P.R. 3-7.

## II. Infringement and Invalidity Contentions for Software

Additional modifications to the Patent Rules regarding P.R. 3-1 and P.R. 3-3 are being made to reduce discovery disputes and motion practice resulting from patents that contain software claim limitations. The Patent Rules require a party asserting claims of patent infringement to take a firm position in the litigation as it relates to infringement early on in the case. This and other courts in the Eastern District of Texas, however, recognize that software claim limitations present unique challenges for the parties because parties claiming patent infringement do not typically have access to an opposing party's source code before filing suit. At the same time, parties opposing a claim for patent infringement are hampered in their ability to prepare a defense absent specific infringement contentions from the party asserting claims of patent infringement.

The lack of access to source code coupled with an opponent's right to prepare a defense has led to numerous discovery disputes. To alleviate these disputes and to provide clear direction to the parties as to their rights and responsibilities under the Patent Rules, the Court modifies the Patent Rules in a manner consistent with such cases as *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558 (E.D. Tex. 2005).

The Court's modifications to P.R. 3-1and P.R. 3-3 are set out below.

**P.R. 3-1 (h):** If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement

shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

**P.R. 3-3(f):** If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Preliminary Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

Thus, if a party claiming patent infringement asserts that a claim element (or the entire claim) is software, that party need only identify the element as a software limitation in its initial compliance with P.R. 3-1, but does not need to identify where such limitation is met in the Accused Instrumentality. After receipt of the source code for an Accused Instrumentality, the party is permitted 30 days to supplement its P.R. 3-1 disclosure to identify, with specificity, the source code of the Accused Instrumentality that allegedly satisfies the software claim elements. P.R. 3-1(g) does not allow Plaintiff the opportunity to modify or amend any non-software claim contentions.

Likewise, once a party opposing a claim of patent infringement is in receipt of a P.R. 3.1(g) disclosure, the party is allowed 30 days to modify its initial P.R. 3-3 disclosures, but only to the extent the modifications relate to the software claim elements identified by the party claiming patent infringement. P.R. 3-3(e) does not allow a party opposing a claim of infringement an opportunity to modify or amend any non-software contentions.

## III.   Claim Construction Deadlines

The final amendments to the Patent Rules relate to claim construction deadlines. In the Eastern District Patent Rules, claim construction deadlines are triggered by the filing of the parties' Infringement and Invalidity Contentions. The increase of patent cases before this Court has resulted in a large number of Claim Construction hearings and, as a result, strict application of the Patent Rules yields a P.R. 4-5 deadline approximately three months or more before Court could accommodate a Claim Construction Hearing.

To facilitate the case, resolve discovery disputes, and have claim construction hearings a reasonable time after briefing is complete, the Court modifies the deadlines in P.R. 4-1 and P.R. 4-3 as set forth below:

**4-1. Exchange of Proposed Terms and Claim Elements for Construction.**

**(a)** Not later than ***140 days before the date set for the Claim Construction Hearing***, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

**4-3. Joint Claim Construction and Prehearing Statement.**

Not later than ***30 days after "Exchange of Preliminary Claim Constructions and Extrinsic Evidence" in compliance with P.R. 4.2***, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

Thus, the Court's modifications will make the trigger of P.R. 4-1 through P.R. 4-5 the date of the Claim Construction Hearing. For clarification, the Court notes that the "140 days" set forth

in P.R. 4-1 was not chosen to confuse the parties but was instead chosen so as to be evenly divisible by 7. Thus, whatever the date of the Claim Construction Hearing, the deadline for complying with P.R. 4-1 will always fall on a weekday. If that weekday is a Federal Holiday, the deadline for complying with P.R. 4-1 is extended to the first day that is not a Saturday, Sunday or other Federal Holiday.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP      §
§
VS.                             §         CIVIL CASE NO. 2:05-CV-443-Ward
§
COMCAST CORPORATION, COMCAST    §
CABLE COMMUNICATIONS, LLC, AND  §
COMCAST OF PLANO, LP

**NOTICE OF APPEARANCE**

Notice is hereby given that the undersigned attorney, Collin Maloney, enters his appearance

in this matter as counsel for Plaintiff Rembrandt Technologies, LP, for purposes of receiving notices

and orders from the Court.

DATED this 6th day of April, 2005.

Respectfully submitted,

BY: /s/ Collin Maloney
Collin Maloney
State Bar No. 00764219
Otis Carroll
State Bar No. 03895700
Ireland, Carroll & Kelley, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
(903) 561-1600
(903) 581-1071 (fax)
E-mail: Fedserv@icklaw.com
E-mail: susana@icklaw.com

Franklin Jones, Jr.
JONES & JONES, INC. PC
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX 75671-1249
Tel: (903) 938-4395
Fax: (903) 938-3360
Email: Maiziah@millerfirm.com

Robert Christopher Bunt
Parker & Bunt, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Tel: (903) 531-3535
Fax: (903) 533-9687
E-mail: cbunt@cox-internet.com

Robert M. Parker
State Bar No. 15498000
Parker & Bunt, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Tel: (903) 533-9288
Fax: (903) 533-9687
E-mail: rmparker@cox-internet.com

S. Calvin Capshaw
Brown McCarroll LLP
P O. Box 3999
Longview, TX 75601-5157
Tel: (903) 236-9800
Fax: (903) 236-8787
Email: ccapshaw@mailbmc.com

OF COUNSEL:
Frank E. Scherkenbach
Lawrence K. Kolodney
Fish & Richardson, P.C.
225 Franklin Street
Boston, MA 02110
Tel: (617) 542-5070
Fax: (617) 542-8906
E-mail: kolodney@fr.com

Alan D. Albright
Fish & Richardson, P.C.
One Congress Plaza
4th Floor
111 Congress Avenue
Austin, TX 78701
Tel: (512) 391-4930
Fax: (512) 391-6837

Timothy Devlin
Fish & Richardson, P.C.
919 N. Market Avenue, Suite 1100
P. O. Box 1114
Wilmington, Delaware 19899
Tel: (302) 652-5070
Fax: (302) 652-0607

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 6th day of April, 2006.


<u>/s/ Collin Maloney</u>

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP,<br><br>                          Plaintiff,<br><br>    v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; and COMCAST OF PLANO, LP,<br><br>                    Defendants. | **Civil Action No. 2:05-CV-443 (TJW) (JURY)** |

## <u>NOTICE OF APPEARANCE</u>

Please take notice that Defendants Comcast Corporation, Comcast Cable Communications, LLC and Comcast of Plano, LP, has added Asim M. Bhansali, of the firm Keker & Van Nest, LLP as additional counsel in this case. Mr. Bhansali is admitted to practice before this Court. His information is as follows:

> Asim M. Bhansali
> Keker & Van Nest, LLP
> 710 Sansome Street
> San Francisco, CA 94111-1704
> Telephone: 415-676-2235
> Facsimile: 415-397-7188
> E-mail: ABhansali@KVN.com

Please add the name of Mr. Bhansali to all service lists in this matter, including the e-filing service list.

Respectfully submitted,

_____/s/_____

Jennifer Haltom Doan
Texas Bar No. 08809050
HALTOM & DOAN, LLP
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Telephone:  903-255-1000
Facsimile:  903-255-0800
E-mail:  jdoan@haltomdoan.com

**ATTORNEYS FOR DEFENDANT
COMCAST CORPORATION**

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 24th day of April, 2006.

_____/s/_____

Jennifer H. Doan

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP,

                               Plaintiff,

     v.

COMCAST CORPORATION; COMCAST
CABLE COMMUNICATIONS, LLC; and
COMCAST OF PLANO, LP,

                           Defendants.

**Civil Action No. 2:05-CV-443 (TJW) (JURY)**

## NOTICE OF APPEARANCE

Please take notice that Defendants Comcast Corporation, Comcast Cable Communications, LLC and Comcast of Plano, LP, has added Asim M. Bhansali, of the firm Keker & Van Nest, LLP as additional counsel in this case. Mr. Bhansali is admitted to practice before this Court. His information is as follows:

        Asim M. Bhansali
        Keker & Van Nest, LLP
        710 Sansome Street
        San Francisco, CA 94111-1704
        Telephone: 415-676-2235
        Facsimile: 415-397-7188
        E-mail: ABhansali@KVN.com

Please add the name of Mr. Bhansali to all service lists in this matter, including the e-filing service list.

Respectfully submitted,

_____/s/_____

Jennifer Haltom Doan
Texas Bar No. 08809050
HALTOM & DOAN, LLP
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Telephone:  903-255-1000
Facsimile:  903-255-0800
E-mail:  jdoan@haltomdoan.com

Brian Ferral
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone:  415-676-2235
Facsimile:  415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 24th day of April, 2006.

_____/s/_____

Asim M. Bhansali

**Appendix K**

Revised: 12/3/03

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION
### APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case #____ 2:05cv443_____

Style:_ Rembrandt Technologies, L.P. v. Comcast Corporation, et al._

2. Applicant is representing the following party/ies:

   **Comcast Corporation**

3. Applicant was admitted to practice in ___CA___ (state) on ___2/9/94_____ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

   ____ (see attachment)_____

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

   I, ____Daralyn J. Durie_____ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date ___4/10/06___          Signature

Daralyn J. Durie

Name (please print)  Daralyn J. Durie

State Bar Number  169825

Firm Name:  Keker & Van Nest LLP

Address/P.O. Box:  710 Sansome Street

City/State/Zip:  San Francisco, CA 94111

Telephone #:  415-391-5400

Fax #:  415-397-7188

E-mail Address:  ddurie@kvn.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this 24th day of April , 20 06

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By  Mae Velvin

Deputy Clerk

Daralyn J. Durie

Application to Appear Pro Hac Vice
Attachment - Item No. 11
Admittance to Practice in the Following Courts

Supreme Court of the State of California, February 9, 1994

United States Court of Appeals for the Ninth Circuit, August 24, 1994

United States District Court, Eastern District of California, November 13, 1998

United States District Court, Central District of California, November 17, 1998

United States District Court, Southern District of California, November 8, 1999

United States District Court, Northern District of California, January 5, 2000

United States Court of Appeal for the Federal Circuit, May 14, 2003

United States Court of Appeals for the Eighth Circuit, July 28, 2006

370881.01

**Appendix**                                                   K Revised: 12/3/03



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION
### APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # 2:05cv443.

Style:   Rembrandt Technologies, LP v. Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP.

2. Applicant is representing the following party/ies:  Comcast Cable Communications, Inc.

3. Applicant was admitted to practice in California (state) on 1992 (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:  U.S.D.C., N.D. Cal., C.D. Cal., N.D. Texas, U.S. Court of Appeals-Ninth Circuit.

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

   I, Brian L. Ferrall do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date __March 31/2006__              Signature _____

Name (please print) Brian L. Ferrall

State Bar Number   160847

Firm Name:        Keker & Van Neset, LLP

Address/P.O. Box: 710 Sansome Street

City/State/Zip:    San Francisco, CA  94111-1704

Telephone #:       (415) 391-5400

Fax #:             (415) 397-7188

E-mail Address:    bferrall@kvn.com


Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this 24th day of _April_____, 20 06.

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By _Mae Velvin_____

Deputy Clerk

Appendix K                                                    Revised: 12/3/03

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
_Marshall_ **DIVISION**
**APPLICATION TO APPEAR PRO HAC VICE**

05 APR 24 PM 4:18
TEXAS-EASTERN

1. This application is being made for the following: Case # _2:05-cv-00443 TJW_

Style: _Rembrandt Technologies, LP v. Comcast Corp._

2. Applicant is representing the following party/ies:

_Comcast - Defendants_

3. Applicant was admitted to practice in _____ (state) on _____ (date).   _See addendum_

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/(has not) had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/(has not) ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/(has not) been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).  If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you.  Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

_MA; NY; DC; CA ; Federal Circuit, N.D. Cal., S.D.N.Y._

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, _Matthias Andreas Kamber_ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date _3-31-06_                    Signature _Matthias Kamber_

Name (please print) _Matthias Andreas Kamber_

State Bar Number _232147 — California_

Firm Name: _Keken & Van Nest LLP_

Address/P.O. Box: _710 Sansome St._

City/State/Zip: _San Francisco, CA 94111_

Telephone #: _(415) 391-5400_

Fax #: _(415) 397-7188_

E-mail Address: _mkamber @ kvn.com_

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this _24th_ day of _April_, 20_06_.

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By _Mae Velvin_

Deputy Clerk

Admissions to Practice – Matthias A. Kamber, pro hac vice applicant

1)    MA: 154217  (12-16-2002)

2)    NY: 4171120  (10-29-2003)

3)    DC: 484081  (11-14-2003)

4)    CA: 232147  (10-20-2004)

Appendix K                                    Revised: 12/3/03

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### *Marshall* DIVISION
### APPLICATION TO APPEAR PRO HAC VICE

06 APR 24 PM 4:18

TEXAS-EASTERN

1. This application is being made for the following: Case # *2:05-CV-443 (TJW)*

Style: *Rembrandt Technologies v. Comcast Corp, et al*

2. Applicant is representing the following party/ies:

*Comcast Corporation*

3. Applicant was admitted to practice in *CA* (state) on *April 2, 1996* (date). *NY–May 2, 1994*

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant ~~has~~/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant ~~has~~/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant ~~has~~/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

*NY State, C.D. Cal, E.D. Cal, No. Cal, Ct of Appeals for Fed Cir.*

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, *Leo L. Lam* do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date *3|31|06*          Signature _____

Name (please print) _LEO L. LAM_

State Bar Number _181861_

Firm Name: _KEKER & VAN NEST L.L.P._

Address/P.O. Box: _710 SANSOME STREET_

City/State/Zip: _SAN FRANCISCO, CA 94111-1704_

Telephone #: _415/391-5400_

Fax #: _415/397-7188_

E-mail Address: _LLAM@KVN.COM)_

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this _24th_ day of _April_____, 20_06_.

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By _____Mae Velvin_____

Deputy Clerk

Appendix K                                                      Revised: 12/3/03

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL   DIVISION
## APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # __2: 05 cv 443__

Style: __PEMBRANDT TECHNOLOGIES, LP   v.  COMCAST CORPORATION ET AL.__

2. Applicant is representing the following party/ies:

__COMCAST CORPORATION ; COMCAST CABLE COMMUNICATIONS, LLC ; COMCAST OF PLANO, LP__

3. Applicant was admitted to practice in __CA__ (state) on __9/15/2005__ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).   If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you.  Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:
__See attached__

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, __STEVEN K. YODA__ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date __3/31/06__                    Signature _____

Name (please print)  STEVEN K. YODA

State Bar Number  237739

Firm Name:  KEKER & VAN NEST LLP

Address/P.O. Box:  710 SANSOME ST.

City/State/Zip:  SAN FRANCISCO, CA 94111

Telephone #:  (415) 391-5400

Fax #:  (415) 397-7188

E-mail Address:  syoda@kvn.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above.  This application has been approved for the court this 24th day of April, 2003.

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By  _MacVelvin_

Deputy Clerk

Steve Yoda is admitted in the following Courts:

California State Courts - 9/2005
U.S.D.C. - Northern California - 11/2005
U.S.D.C. - Central California - 11/2005
U.S.D.C. - Southern California - 10/2005
U.S.D.C. - Eastern California - 10/2005

370236.01

**Appendix K**                                                    Revised: 12/3/03

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## _____ DIVISION
## APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # __2:05cv443__

Style: Rembrandt Technologies, LP v. Comcast Corporation, et al.

2. Applicant is representing the following party/ies:

   Comcast of Plano, LP

3. Applicant was admitted to practice in ___CA___ (state) on _2/18/99_____ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

   USDC – Northern District of CA, US Court of Appeals, Ninth Circuit

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

   I, __Matthew M. Werdegar_____ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date _March 31, 2006_          Signature _[signature]_

Name (please print) __Matthew M. Werdegar__

State Bar Number ____200470____

Firm Name: __Keker & Van Nest, LLP__

Address/P.O. Box: 710 Sansome Street

City/State/Zip: San Francisco, CA 94111

Telephone #: (415) 391-5400

Fax #: (415) 397-7188

E-mail Address: mwerdegar@kvn.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this 24th day of April , 2006.

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By _____Mae Velvin_____

Deputy Clerk

Appendix K                                              Revised: 12/3/03

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION
## APPLICATION TO APPEAR PRO HAC VICE

06 APR 26 PM 3: 24

TEXAS-EASTERN

1. This application is being made for the following: Case # 2:05 cv 443

Style: REMBRANDT TECHNOLOGIES, LP v. COMCAST CORPORATION, et.al.

2. Applicant is representing the following party/ies:

COMCAST CABLE COMMUNICATIONS, INC.

3. Applicant was admitted to practice in California (state) on June 2004 (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).   If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you.  Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

USDC, Northern District of California

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, Eric MacMichael do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date 04-25-06                        Signature

Name (please print) Eric MacMichael

State Bar Number 231697

Firm Name:   Keker & Van Nest

Address/P.O. Box:   710 Sansome Street

City/State/Zip: San Francisco, CA 94111

Telephone #:   415-391-5400

Fax #:   415-397-7188

E-mail Address:   emacmichael@kvn.com

Applicant is authorized to enter an appearance as counsel for the party/parties listed above.  This
application has been approved for the court this 26 day of April, 20 06.

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By

Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

**REMBRANDT TECHNOLOGIES, LP**                    **Civil Action No. 2:05-cv-00443-TJW**

     **v.**

**COMCAST CORPORATION;**
**COMCAST CABLE**
**COMMUNICATIONS, LLC; AND**
**COMCAST OF PLANO, LP**

## <u>NOTICE OF APPEARANCE</u>

Notice is hereby given that attorney Alan D. Albright enters his appearance in this matter as additional counsel for Plaintiff, Rembrandt Technologies, L.P, for the purpose of receiving notices from the Court.

Dated:  April 27, 2006       Respectfully submitted,

FISH & RICHARDSON, P.C.

By:  /s/ _____
    Alan D. Albright
    State Bar No. 00973650
    FISH & RICHARDSON, P.C.
    One Congress Plaza, 4th Floor
    111 Congress Avenue
    Austin, Texas 78701
    Tel:  (512) 391-4930
    Fax:  (512) 591-6837
    Email:  albright@fr.com

    Otis Carroll – *Lead Attorney*
    State Bar No. 03895700
    IRELAND, CARROLL & KELLEY, P.C.
    6101 S. Broadway, Suite 500
    Tyler, Texas 75703
    Tel: (903) 561-1600
    Fax: (903) 581-1071
    Email: fedserv@icklaw.com

    Frank E. Scherkenbach
    Lawrence K. Kolodney
    FISH & RICHARDSON, P.C.
    225 Franklin Street
    Boston, MA 02110
    Tel: 617-542-5070
    Fax: 617-542-8906

    Timothy Devlin
    FISH & RICHARDSON P.C.
    919 Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, Delaware 19899
    Tel: (302) 652-5070
    Fax: (302) 652-0607

Franklin Jones, Jr.
State Bar No. 00000055
JONES & JONES, INC., P.C.
201 West Houston Street, Drawer 1249
Marshall, Texas 75671-1249
Tel: 903-938-3360
E-mail: maizieh@millerlawfirm.com

S. Calvin Capshaw, III
State Bar No. 03783900
BROWN MCCARROLL, L.L.P
1127 Judson Road, Suite 220, P.O. Box 3999
Longview, Texas 75601-5157
Tel: 903-236-9800
Fax: 903-236-8787
E-mail: ccapshaw@bmcmail.com

Robert M. Parker
State Bar No. 15498000
PARKER & BUNT, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Tel:  (903) 531-3535
Fax:  (903) 533-9687
Email:  rmparker@cox-internet.com

Robert Christopher Bunt
State Bar No. 00787165
PARKER & BUNT, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Tel: 903-531-3535
Fax: 903-533-9687

Attorneys for Plaintiff
REMBRANDT TECHNOLOGIES, LP.

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served on April 27, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/
Alan D. Albright

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| REMBRANDT TECHNOLOGIES, LP, | |
| Plaintiff, | |
| v. | **Civil Action No. 2:05-CV-443 (TJW) (JURY)** |
| COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; and COMCAST OF PLANO, LP, | |
| Defendants. | |

## REPORT OF PARTIES' RULE 26(f) CONFERENCE

**TO THE HONORABLE JUDGE OF SAID COURT:**

The parties conducted their Rule 26(f) meet-and-confer on April 11-12, 2006. The parties' positions are set forth below:

**(1) Proposed modification of deadlines: Rule 26(f)(1), P.R. 2-1(a)(1):**

The parties agree that the schedule set forth in the Court's proposed docketing order is appropriate, with the following modifications:

- The date for the parties to exchange privilege logs should be extended to July 7, 2006.

- Expert discovery to close three weeks after the final expert witness report is due.

Comcast submits that:

- The date for the production of all relevant documents (D.C.O. 3(b)) shall be extended for email to a date to be agreed upon by the parties, in conjunction with proposed discussions about a protocol for the search and collection of email.

- Comcast will make a good faith effort to produce all other relevant documents by the DCO 3(b) deadline (with an emphasis on producing documents describing the accused products and/or services) but that due to the potential volume of relevant documents, the production will be completed on a rolling basis.

Rembrandt submits that:

- Comcast may utilize keyword a protocol for the search and collection of email, with the parties to agree upon search terms, provided that Comcast does not further cull documents meeting the search criteria and provided that Comcast will conduct follow-up searches when reasonably requested by Rembrandt as discovery progresses.

- The Court's proposed schedule for the production of documents is appropriate for all documents.

**(2) Proposed discovery modifications: Rule 26(f)(2)-(3):**

The parties agree that:

- The Court's proposal of sixty requests for admissions is appropriate, but request that this number not include requests that only ask that a party admit the authenticity of a given document. The parties agree to work together to stipulate to the authenticity of documents to the extent possible, and to use limit the use of requests for admissions of this type to only those that are reasonably needed.
- Each party will provide discovery of electronic data in such a manner as to reasonably maintain metadata and other non-visible data contained in the original electronic file. The parties will have further discussions to reach agreement on how to best effectuate such electronic document production.

Rembrandt submits that:

- The Court's proposal of sixty interrogatories per side is appropriate.
- Third party and Rule 30(b)(1) depositions should be limited to a total of eighty hours, rather than the forty hours proposed by the Court.
- The Court's proposed limitation of three testifying expert witnesses per side is appropriate.

Comcast submits that:

- The presumptive limit of 25 interrogatories per side under the Federal Rules of Civil Procedure should apply at this stage in the case. Either party may seek leave from the Court for additional interrogatories upon showing a reasonable need.
- The Court's proposed limit of 40 additional hours for non-party and non-expert depositions is sufficient at this stage. Again, either party may seek leave for additional deposition testimony upon showing a reasonable need.
- The limit on the number of expert witnesses per side should be increased to four in light of the multiple patents and different technologies at issue in this case.

**(3) Protective Order: Rule 26(f)(4)**

The parties are negotiating an agreed protective order, and will submit a joint proposal, or be prepared to discuss any differences in their respective proposals, at the scheduling conference.

**(4) Mediation**

Both parties agree that mediation may prove useful, and expect to provide an agreed-upon mediator or list of proposed mediators, as required by the proposed docket control order, by the date set by the Court.

The parties continue to confer on the issues which remain outstanding, and will be prepared to discuss any issues outstanding at the time of the May 2 conference. The parties remain available in the meantime at the Court's convenience.

Respectfully submitted,

REMBRANDT TECHNOLOGIES, INC.
By its attorneys,

_____/s/ Otis W. Carroll_____
Otis W. Carroll, Jr. – Lead Attorney
Ireland Carroll & Kelley, PC
6101 S Broadway
Suite 500
Tyler, TX 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
E-mail: fedserv@icklaw.com

Franklin Jones, Jr.
Jones & Jones – Marshall
201 W Houston St.
PO Drawer 1249
Marshall, TX 75670
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
E-mail: maizieh@millerfirm.com

Robert Christopher Bunt
Parker & Bunt, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
E-mail: cbunt@cox-internet.com

Robert M. Parker
Parker & Bunt, P.C.
100 E. Ferguson
Suite 1114
Tyler, TX 75702
Telephone: (903) 533-9288
Facsimile: (903) 533-9687
E-mail: rmparker@cox-internet.com

S. Calvin Capshaw
State Bar No. 03783900
BROWN McCARROLL LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@mailbmc.com

OF COUNSEL:
Frank E. Scherkenbach
Lawrence K. Kolodney
FISH & RICHARDSON, P.C.
225 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Alan D. Albright
State Bar No. 00973650
FISH & RICHARDSON, P.C.
One Congress Plaza
4th Floor
111 Congress Avenue
Austin, Texas 78701
Telephone: (512) 391-4930
Facsimile: (512) 391-6837

**REPORT OF PARTIES' RULE 26(f) CONFERENCE** – Page 4

Timothy Devlin
FISH & RICHARDSON
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, Delaware 19899
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

COMCAST CORPORATION, COMCAST
CABLE COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP
By its attorneys,

_____/s/_____
Jennifer Haltom Doan
Texas Bar No. 08809050
HALTOM & DOAN, LLP
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Telephone:  903-255-1000
Facsimile:  903-255-0800
E-mail:  jdoan@haltomdoan.com

Brian Ferrall
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone:  415-676-2235
Facsimile:  415-397-7188



MAY - 2 2006

**Appendix K**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Revised: 12/3/03
5-2-06

DAVID J MALAND, CLERK
BY
DEPUTY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION
APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following:  Case#    **2:05-cv-443-TJW**

Style:  **Rembrandt Technologies, LP v Comcast Corporation et al.**

2. Applicant is representing the following party/ies: **Rembrandt Technologies LP**

3. Applicant was admitted to practice in **Massachusetts on December, 1990**

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/**has not** had an application for admission to practice before another court denied (please circle appropriate language)  If so, give complete information on a separate page.

7. Applicant has/**has not** ever had the privilege to practice before another court suspended (please circle)  If so, give complete information on a separate page.

8. Applicant has/**has not** been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle).  If so, please complete information on a separate page

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you  Omit minor traffic offenses  **Please see attached description.**

10. There are no pending grievances or criminal matters pending against the applicant

11. Applicant has been admitted to practice in the following courts:

**Massachusetts Supreme Judicial Court (Dec., 1990); District of Massachusetts (Dec. 30, 1996); Southern District of New York (Dec. 15, 1992); Eastern District of New York (1992); United States Appeals Court for the First Circuit (April 9, 1997); United States Appeals Court for the Second Circuit (Jan. 12, 2001); United States Appeals Court for the Federal Circuit (April 13, 2001).**

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d))

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, **Lawrence K. Kolodney,** do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States

Dated: ____12/7/05____                    Signature _____

## Further Response to Question No. 9

In 1986, I was arrested by the M.I.T. Campus Police and charged with trespassing at a political demonstration on the M.I.T. campus, where I was enrolled as a student. I was acquitted of all charges after a trial in the Cambridge, Massachusetts District Court.

| | |
|---|---|
| Name (please print) | **Lawrence K. Kolodney** |
| State Bar Number: | **556851** |
| Firm Name: | **Fish & Richardson P.C.** |
| Address/P.O. Box: | **225 Franklin Street** |
| City/State/Zip: | **Boston, MA  02110** |
| Telephone #: | **(617) 542-5070** |
| Fax #: | **(617) 542-8906** |
| E-mail Address: | **kolodney@fr.com** |

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this _2nd_ day of _May_____, 20_06_

David J. Maland, Clerk

U.S. District Court, Eastern District of Texas

By    _____

Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP

    v.

COMCAST CORPORATION;
COMCAST CABLE
COMMUNICATIONS, LLC; AND
COMCAST OF PLANO, LP

Civil Action No. 2:05-cv-00443-TJW

## PLAINTIFF'S NOTICE OF DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS

Plaintiff Rembrandt Technologies, LP hereby notifies the Court that it has served its

Disclosure of Asserted Claims and Preliminary Infringement Contentions under Rule 3-1 and 3-2

of the Patent Rules for the Eastern District of Texas on all counsel of record via electronic mail

on May 12, 2006.

    Respectfully submitted,

    PARKER & BUNT, P.C.

    /s/ Robert Christopher Bunt
    Robert Christopher Bunt
    State Bar No.  00787165
    PARKER & BUNT, P.C.
    100 E. Ferguson, Suite 1114
    Tyler, Texas 75702
    Tel: 903/531-3535
    Fax: 903/533-9687
    E-mail:  cbunt@cox-internet.com

    Robert M. Parker
    State Bar No. 15498000
    PARKER & BUNT, P.C.
    100 E. Ferguson, Suite 1114
    Tyler, Texas  75702
    Tel: 903-531-3535
    Fax: 903-533-9687
    E-mail: rmparker@cox-internet.com

Otis Carroll – Lead Attorney
State Bar No. 03895700
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
E-mail: Fedserve@icklaw.com

OF COUNSEL:

Frank E. Scherkenbach
Lawrence K. Kolodney
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110
Tel: (617) 542-5070
Fax: (617) 542-8906

Alan D. Albright
State Bar No. 00973650
FISH & RICHARDSON P.C.
One Congress Plaza, 4th Floor
111 Congress Avenue
Austin, Texas 78701
Tel: (512) 391-4930
Fax: (512) 391-6837

Timothy Devlin
FISH & RICHARDSON P.C.
919 Market Street, Suite 1100
P.O. Box 1114
Wilmington, Delaware 19899
Tel: (302) 652-5070
Fax: (302) 652-0607

Franklin Jones, Jr.
State Bar No. 00000055
JONES & JONES, INC., P.C.
201 West Houston Street, Drawer 1249
Marshall, Texas 75671-1249
Tel: 903-938-4395
Fax: 903-938-3360
E-mail: maizieh@millerlawfirm.com

S. Calvin Capshaw, III
State Bar No. 03783900
BROWN MCCARROLL, L.L.P.
1127 Judson Road, Suite 220, P.O. Box 3999
Longview, Texas 75601-5157
Tel: 903-236-9800
Fax: 903-236-8787
E-mail: ccapshaw@bmcmail.com
Attorneys for Plaintiff
REMBRANDT TECHNOLOGIES, LP.


### CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record, who are deemed to have consented to electronic service are being served this 12th day of May, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt


80033123.doc

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP<br><br>v.<br><br>COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, and COMCAST OF PLANO, LP | Civil Action No. 2:05-cv-00443-TJW |

## PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S BRIEF IN SUPPORT OF ITS PROPOSAL REGARDING TREATMENT OF SOURCE CODE

## I.      INTRODUCTION

Pursuant to the Court's request at the May 2, 2006 scheduling conference, Plaintiff Rembrandt Technologies, LP ("Rembrandt") hereby submits this brief in support of its proposal for the treatment of source code during discovery.  Rembrandt respectfully requests that this Court order that confidential source code be deposited with a neutral third party, in three locations within proximity to Rembrandt's experts and counsel: Austin, Texas; Boston, Massachusetts; and Wilmington, Delaware.

In an effort to resolve this issue, Rembrandt agreed to a number of Comcast proposals about the manner in which the source code will be treated to ensure safety.  The parties agreed the source code will be maintained on non-networked computers, in locked rooms at a neutral site or sites, rather than the offices of Rembrandt's counsel.  Rembrandt has agreed to encrypt the source code maintained at these sites, and encrypt any copies carried to deposition locations. While counsel and experts will have access to prepare their cases in private, Rembrandt agreed to maintain a log of individuals accessing the source code.

In light of these precautions, source code security is no longer a legitimate issue. Instead the only remaining issue is one of convenience: the number of secure locations where the source code is housed. By forcing Rembrandt's experts and counsel to travel to a single location to view source code, Comcast seeks to create an undue burden on Rembrandt's ability to prepare its case. This is a four-patent case in which Comcast already requested an extra testifying expert, and Rembrandt's attorneys and experts are in fact located across the country. Comcast, however, would have Rembrandt's multiple experts and attorneys travel to a single location to review source code, prepare expert reports, and supplement infringement contentions within the thirty-day limit set forth in the Court's rules.

There is no basis for this restriction given the other limitations on the treatment of source code. Rembrandt respectfully requests three neutral locations to house source code.

## II. BACKGROUND

In this patent infringement case, Rembrandt seeks damages and injunctive relief against Defendants (collectively "Comcast") for their infringement of four United States Patents. (*See* Complaint (Docket No. 1) at ¶¶ 7-20.) The patents in suit relate to a variety of telecommunications features. Comcast infringes through its provision of Internet service over its cable system and through its reception of over-the-air high-definition digital television signals. (*See id.* at ¶¶ 10-30.)

Rembrandt currently has two technical experts that it expects to present at trial. One expert lives in Ithaca, New York, and the other in Austin, Texas. Rembrandt's attorneys are located in Marshall, Austin, Boston, and Wilmington, Delaware. At the May 2nd Scheduling Conference, the Court granted Comcast's unopposed request for a fourth testifying expert. (May 2, 2006 Sched. Conf. Tr. 13:16-14:12.)

2

On May 12, Rembrandt served its Preliminary Infringement Contentions pursuant to Local Patent Rule 3-1. Collectively, the charts for the four patents in suit totaled approximately 120 pages. While Rembrandt was able to provide this substantial disclosure based on publicly available sources, many of claim elements at issue may require supplementation or modification based on Comcast's source code. Under this Court's Rules, such supplementation is due within thirty days of receiving the code. (P.R. 3–6(9).)

Comcast does not dispute Rembrandt's right to review its source code for purposes of this litigation. Comcast seeks, however, a number of limitations on how the source code is stored. In an effort to reach common ground, Rembrandt acceded to a number of Comcast's requests. Rembrandt agreed, for example, that the source code be stored by a neutral third party, on a non-networked stand-alone computer; that source code be encrypted using a "lock-and-key" system; that a log be kept of date and time individuals access the source code; and that only certain pre-identified individuals have access to such source code.

Notwithstanding these efforts by Rembrandt to reach a reasonable resolution, Comcast insists that the source code be housed in a *single* location. It is imperative that the source code be housed in locations reasonably near Rembrandt's counsel and experts. In truth, Comcast's proposal is not directed toward maintaining the security of its source code, but rather preventing Rembrandt from preparing its case in the most efficient manner possible.

## II.    ARGUMENT

### (a)    Legal Standards

Rule 26(c) empowers courts to issue protective orders, upon a showing of good cause, to prevent "annoyance, embarrassment, oppression, or undue burden or expense, including [ordering] that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place [and that] that a trade secret or other confidential

3

research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(2), (7).

A protective order may be required to prevent "an unacceptable opportunity for inadvertent disclosure." *United States Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984); *Papst* 2000 WL 554219, at *3. In deciding the terms of such an order, however, courts should balance the risk of inadvertent disclosure against the risk that the protective order will impair the prosecution or defense of the other party's claims. *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435-436 (5th Cir. 1990); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992); *In re Papst Licensing GmbH, Patent Lit.*, No. MDL 1278, 2000 WL 554219, at *3-4 (E.D. La. May 4, 2000).

### (b) Rembrandt's Counsel and Experts Should Not Be Required to Travel to a Single Location to Access Source Code

Rembrandt's request for the source code to be housed in the cities where its attorneys and experts are located is a reasonable accommodation to prevent unfair impairment of Rembrandt's ability to prepare its case. Housing source code in three locations does not present the kind of "unacceptable opportunity for inadvertent disclosure" envisioned by the Federal Circuit in *United States Steel Corp.* Indeed, any concerns regarding the security of the source code have already been addressed by Rembrandt's agreement that source code be stored at a neutral location, on a non-networked computer, and accessible only by previously identified individuals whose access is recorded in a log. Comcast's proposal to limit the source code to any single location would substantially impair Rembrandt's prosecution of its suit. *See Brown Bag Software*, 960 F.2d at 1470.

Rather than agree to a reasonable solution of multiple secure sites, Comcast would require Rembrandt's attorneys and experts to travel up to 2,000 miles in order to view the source code needed to prepare Rembrandt's case. Because Rembrandt's proposal to house the source

4

code in three locations reasonably balances Comcast's interest in confidentiality and Rembrandt's interest in efficiently preparing its case, this Court should enter an order authorizing three source code locations.

Rembrandt's outside attorneys are located in Austin, Boston, and Wilmington.  Many of these attorneys have technical backgrounds relevant to a complete understanding of the issues in this litigation.  The attorneys will need to review the source code to formulate Rembrandt's supplemental infringement contentions, draft discovery responses, prepare for depositions, submit and oppose motions for summary judgment, and develop a strategy for trial.

Rembrandt's experts are located in multiple locations on the east coast and in Texas. These experts will be required to review the source code in order to form an opinion as to infringement, to draft an expert report on infringement, to prepare for depositions, to advise Rembrandt's outside counsel on technical questions, and to prepare for trial.  Rembrandt's technical experts may also be called upon to advise Rembrandt's damages expert with respect to technical issues relating to Comcast's liability.  To require either Rembrandt's counsel or Rembrandt's experts to travel thousands of miles for each of these tasks is unreasonable.

Comcast suggests that the potential for inadvertent disclosure is magnified the more copies of its code exist.  Rembrandt agreed, however, that all copies of the source code would remain encrypted (using mutually agreeable software).  Only Rembrandt's and Comcast's attorneys and experts would possess the encryption key.  No unencrypted copies of Comcast's source code would exist.  Thus, in the event of accidental misplacement – or even if there were a physical break-in at a source code repository –  the compromised data would be unreadable. These numerous precautions fully address any reasonable concerns Comcast may have about storing source code at multiple sites.

## III. CONCLUSION

For the foregoing reasons, Rembrandt respectfully requests that this Court enter a

protective order requiring source code to be deposited with a mutually agreeable third party in

three locations (Boston, Wilmington and Austin). For the court's convenience, a copy of such

protective order is attached hereto as Exhibit A.

Respectfully submitted,

Dated: May 15, 2006                    FISH & RICHARDSON P.C.


By:  /s/ Otis Carroll
    Otis Carroll
    State Bar No. 03895700
    Wesley Hill
    State Bar No. 24032294
    IRELAND, CARROLL & KELLEY, P.C.
    6101 S. Broadway, Suite 500
    Tyler, Texas 75703
    Tel: (903) 561-1600
    Fax: (903) 581-1071
    Email: fedserv@icklaw.com

    OF COUNSEL:

    Frank E. Scherkenbach
    Lawrence K. Kolodney
    FISH & RICHARDSON, P.C.
    225 Franklin Street
    Boston, MA 02110
    Tel: 617-542-5070
    Fax: 617-542-8906

    Alan D. Albright
    State Bar # 00973650
    FISH & RICHARDSON, P.C.
    One Congress Plaza, 4th Floor
    111 Congress Avenue
    Austin, TX 78701
    Tel: 512-391-4930
    Fax; 512-591-6837

    Attorneys for Plaintiff
    REMBRANDT TECHNOLOGIES, LP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 15, 2006 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by regular mail.

| | |
|---|---|
| Asim M. Bhansali<br>Leo P. Lam, Esq.<br>Keker & Van Nest, L.L.P.<br>710 Sansome Street<br>San Francisco, CA 94111-1704 | Attorneys for Defendants<br>Comcast Corporation, Comcast Cable<br>Communications, LLC and Comcast of<br>Plano, LP |
| Jennifer Haltom Doan<br>John Peyton Perkins, III<br>Haltom & Doan, LLP<br>6500 N. Summerhill Road, Suite 1A<br>P.O. Box 6227<br>Texarkana, TX 75505-6227 | Attorneys for Defendants<br>Comcast Corporation, Comcast Cable<br>Communications, LLC and Comcast of<br>Plano, LP |

/s/ Michael H. Bunis
Michael H. Bunis

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP | |
| Plaintiff, | |
| v. | Case No. 2:05cv443-TJW |
| COMCAST CORPORATION, | |
| Defendant. | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendant

Comcast Corporation. ("Comcast"), through counsel, stipulate to entry of this Protective Order

("Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of

confidential information; and

WHEREAS, the parties recognize that confidential information is being produced for use

in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the

treatment of confidential information produced by a party ("Producing Party") to any other party

("Receiving Party") in the course of this civil action:

1.      The term "Confidential Information" as used in this Order includes all

information and tangible things that constitute or disclose trade secrets or other confidential or

proprietary information of one of the parties.  Confidential Information may be contained in

discovery information or materials produced or obtained in this action by or through any means

and by or through any person or entity.  The Confidential Information contained therein and all

copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

2. Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action. Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

3. Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", as appropriate, on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes). The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a) Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order. Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information. Whether or not designation is made at

2

the time of a deposition, accessibility to each transcript (and the information contained therein)

of any deposition in its entirety shall be limited to outside counsel of record and designated in-

house counsel only, from the taking of the deposition until fifteen (15) days after actual receipt

of the transcript by the Producing Party, or until receipt of the notice referred to in this

paragraph, whichever occurs sooner.  At the expiration of the said fifteen (15) day period, unless

notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of

said period, the entire transcript shall be deemed non-confidential.

      (b)     Confidential Information or Highly Confidential Information

contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action

may be designated as Confidential Information or Highly Confidential Information by indicating

on the face of such documents that one or more parties considers them to contain such

information.

      4.     The parties may designate as HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY any materials that qualify for protection under the standards

developed under Fed. R. Civ. P. 26(c), but not including those material which qualify for the

designation "CONFIDENTIAL" under paragraph 5.  Subject to the provisions of paragraphs 6

and 7 herein, material designated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

ONLY, and any summary, description or report of the information contained in such materials,

may be disclosed only to the following persons:

      (a)     the Court, persons employed by the Court, and stenographers

transcribing the testimony or argument at a hearing, trial or deposition in this action or any

appeal therefrom;

(b)     technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)     photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli, Executive Vice President and General Counsel of Rembrandt, and one in-house counsel employed by Comcast (following identification and approval by Rembrandt, such approval not to be unreasonably withheld); and two (2) paralegals and/or clerical employees assisting each of those two individuals; and

(f)     the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action.  Any individual outside counsel of record who receives information designated HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY may not participate in patent prosecution for the Receiving Party, and the individual outside counsel who receives any such information may not discuss the information with anyone involved in patent prosecution for the Receiving Party.  Outside counsel of record for the parties are as follows:

For Rembrandt:

        Fish & Richardson P.C.
        225 Franklin Street
        Boston, MA  02110
        Ireland, Carroll & Kelley, P.C.

6101 S. Broadway, Suite 500
Tyler, Texas 7503

Jones & Jones, Inc., P.C.
201 West Houston Street, Drawer 1249
Marshall, Texas 75671-1249

Brown McCaroll, L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157

Parker & Clayton
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

For Comcast:

Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111-1704

Halton & Doan, LLP
6500 N. Summerhill Road, Suite 1A
P.O. BOX 6227
Texarkana, TX  75505-6227


5.     The parties may designate as CONFIDENTIAL any materials of a

financial or accounting nature that qualify for protection under the standards developed under

Fed. R. Civ. P. 26(c).  Subject to the provisions of paragraphs 6 and 7 herein, material designated

as CONFIDENTIAL, and any summary, description or report of the information contained in

such materials, may be disclosed only to the following persons:

(a)     the Court, persons employed by the Court, and stenographers

transcribing the testimony or argument at a hearing, trial or deposition in this action or any

appeal therefrom;

5

(b)     technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party:

(d)     photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases:

(e)     John Meli, and Dr. Paul Schneck, Chief Executive Officer of Rembrandt, and one in-house counsel employed by Comcast and one other employee of Comcast (following identification and approval by Rembrandt, such approval not to be unreasonably withheld ; and two (2) clerical employees assisting each of those individuals; and,

(f)     the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action.

6.     (a)     A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

(b)     No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b)-(f) and 5(b)-(f) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as

Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

(c)     Before individuals under subparagraphs 4(b) and 5(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience. including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years.  If the Producing Party does not  object in writing, within five (5) business days from receipt of the undertaking, Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or former employee.  If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information or Highly Confidential Information. If the Producing Party does not bring such a timely motion, Confidential Information or Highly Confidential Information may be disclosed to the retained consultant or former employee.

(d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product.  Furthermore, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the normal

discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

      7.     In addition to the terms set forth in paragraphs 4 through 6 herein governing the disclosure of Confidential Information or Highly Confidential Information, information or materials that contain, embody, or otherwise reflect a party's source code shall be provided the following further protections:

      (a)     Any and all such source code, except for encrypted electronic copies and hard (non-electronic) copies, shall be stored and viewed only at the offices of three (3) agreed-upon source code custodians ("Source Code Custodians") located in the following locations: Wilmington, Delaware; Boston, Massachusetts; and Austin, Texas.

      (b)     Subject to subparagraphs (c) and (d), any source code produced in electronic form shall be stored and viewed only at the offices of the Source Code Custodians and shall be maintained in a secured, locked area. Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located within the above-described locations. The Source Code Custodians shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any encrypted electronic copies or hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied. The Receiving Party reviewing source code shall be allowed to make encrypted electronic copies or hard (non-electronic) copies of material that they, in good faith, consider relevant. The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

(c)     Any encrypted electronic copies or hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

(i)     a secured, locked area in one of the offices of the Source Code Custodians, each such location within the United States, provided the encrypted electronic copies or hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY";

(ii)     the Court;

(iii)     the site where any deposition relating to the source code is taken;

(iv)     any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition).

(d)     For each and every encrypted electronic copy or hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodians shall maintain a log detailing the location of the copy.  Excessive reproduction of source code should be avoided.

(e)     Prior to the Receiving Party taking possession of an encrypted electronic copy or hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession.  The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess.  If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection.  If the objection is

9

not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code. The subject portions of source code shall be retained by the Producing Party, pending the courts' resolution of the motion.

(f) To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area. Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

8. Designation of Confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation. Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or restricted nature of the same is maintained.

9.      It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Information or Highly Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of publication or otherwise through no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure.  During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10.      If a party disagrees with any Confidential Information or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential

Information and subject to the terms of this Order.  Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11.     During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation.  This shall not preclude a Producing Party from showing documents that it has produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential , and regardless whether such person was the author or a recipient of the document.

12.     At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential only if the document was authored by or received by that third party or former employee.

13.     Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort

to retrieve such material and to prevent further disclosure by the person who received such information.

14.    Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in the following form:

HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

FILED UNDER SEAL PURSUANT TO COURT ORDER

Civil Action No. 2:05cv443-TJW

15.    The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision thereof.

16.    Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

17.    The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof,

13

or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

19.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case. Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other

legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party. Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order.

23.    (a)    Within sixty (60) days after filing of the final judgment  in this action, or, if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate.  If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing .

(b)    Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information. The Receiving Party

15

shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled

to retain copies of any expert report containing any Confidential Information or Highly

Confidential Information of the Producing Party, which is not in the public docket file. All such

material shall remain subject to the terms of this Order.

24. This Order may be amended with leave of the Court by the agreement of

counsel for the parties in the form of a stipulation that shall be filed in this action.

25. This Order shall remain in full force and effect until modified, superseded,

or terminated on the record by agreement of the parties or by an Order of the Court.

26. At the conclusion of the present action, the Court shall retain jurisdiction

to enforce the terms of this Order.

Respectfully submitted,

By:_____    By:_____
    Jennifer Haltom Doan                   Otis Carroll
    State Bar #08809050                     State Bar #03895700
    HALTON & DOAN, LLP                      IRELAND, CARROLL & KELLEY, P.C.
    6500 N. Summerhill Road, Suite 1A       6101 S. Broadway, Suite 500
    P.O. BOX 6227                           Tyler, Texas 75703
    Texarkana, TX 75505-6227                Tel: (903) 561-1600
    Tel: (903) 255-1000                     Fax: (903) 581-1071
    Fax: (903) 255-0800

Attorneys for Defendant                     Attorneys for Plaintiff
COMCAST CORPORATION                         REMBRANDT TECHNOLOGIES, LP.

**SO ORDERED** this _____ day of ____, 2005.

                                    _____
                                    T. JOHN WARD,
                                    UNITED STATES DISTRICT JUDGE

16

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP

        Plaintiff,

   v.

COMCAST CORPORATION,

        Defendant.

Case No. 2:05cv443-TJW

I, _____, hereby declare that:

     1.    I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matter.

     2.    I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

     3.    Upon final determination of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a) , or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party. If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

     4.    I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

5.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:_____

_____
[signature]

_____
[print or type name]

Title:

Business Affiliation:

Address:

Phone:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP,<br><br>     Plaintiff,<br><br> v.<br><br>COMCAST CORPORATION; COMCAST<br>CABLE COMMUNICATIONS; LLC; and<br>COMCAST OF PLANO, LP,<br><br>     Defendants. | Civil Action No. 2:05-cv-443-TJW |

## DEFENDANT COMCAST CORPORATION'S MOTION FOR ENTRY OF PROTECTIVE ORDER

### INTRODUCTION

After extensive discussions and compromises, it is Comcast's[1] understanding that the parties dispute only one issue regarding the protective order:  the number of locations for electronic source code production.  Comcast seeks to limit the locale of any electronic copy of source code to a single, neutral location in Dallas, Texas, one of the locations favored by Plaintiff Rembrandt Technologies ("Rembrandt").  Rembrandt insists that an electronic copy of source code be produced and made available at three separate locations across the country:  one in either the Austin or Dallas area, another in Boston or New York, and a third in Delaware.  Rembrandt's proposal is unwarranted.  Source code is highly sensitive, extremely valuable, and in electronic form, highly susceptible to misuse, whether accidental or otherwise.  Such risks are not outweighed by the minor convenience advantage to Rembrandt's counsel.  Thus, for the

---

[1] "Comcast" refers to Defendants Comcast Corporation; Comcast Cable Communications, LLC; and Comcast of Plano, LP.

reasons explained below, the Court should adopt the protective order that Comcast proposes, attached hereto as Exhibit A.

## I.    COMCAST'S PROPOSAL FOR HANDLING SOURCE CODE APPROPRIATELY BALANCES THE RIGHT TO DISCOVERY AND THE NEED TO PROTECT SENSITIVE TECHNICAL INFORMATION

Rembrandt concedes the need to provide greater protection to source code than to other kinds of information produced in discovery.  (*See* ¶ 6 of Rembrandt's Proposed Protective Order.)   However, in drafting its proposed protective order, Rembrandt places too great a priority on the convenience of its out of state counsel and experts.  Rembrandt's proposal does not sufficiently take into account the highly sensitive nature of proprietary source code, as well as the increased protections that courts have consistently afforded its production.  *See, e.g., Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information.").

### A.    Requiring Source Code Inspection at a Neutral Office near the Court's Jurisdiction Comports with the Federal Rules of Civil Procedure and Does Not Impose an Undue Burden on the Receiving Party

Comcast will produce an electronic copy of its own source code, to the extent any is responsive, at a neutral site in or around Dallas, Texas.  The only objection Rembrandt has raised to this proposal is the inconvenience that it may occasion to Rembrandt's outside counsel and experts.  However, as a Philadelphia company, with lead counsel in Boston, that brought this case in Marshall, Texas, against Philadelphia-based Comcast, Rembrandt cannot credibly claim undue burden from a procedure that might require travel to inspect source code at counsel's office in Dallas, as Comcast proposes.

Having electronic copies of source code at multiple locations only increases the likelihood that, through inadvertence, source code is improperly disclosed to third parties. Recognizing this concern, Comcast originally offered to produce its source code only at its counsel's offices in San Francisco (Keker & Van Nest) or Texarkana (Haltom & Doan). However, when Rembrandt claimed that both of those locations were too inconvenient, Comcast

proposed Dallas, where Rembrandt's outside counsel has an office, and which Rembrandt acquiesced to at the recent scheduling conference. (*See* Transcript of the May 2, 2006 scheduling at pg. 15, lns. 19-22, attached hereto as Exhibit G.)

The benefits of producing source code at a single, neutral location outweigh whatever minimal travel burden that requirement may impose on the receiving party. The dangers of multiple electronic copies of source code are self-evident. Three times the copies means three times the chance that inadvertent electronic duplication occurs, or worse, that an unauthorized person gains access to the code. Indeed, companies maintain very few copies of source code on their <u>own</u> premises to minimize such risks. They are surely entitled to this protection when the material is beyond their control.

Furthermore, the inconvenience to Rembrandt is negligible. They will have free access to code in electronic form in Dallas. Surely Rembrandt's experts do not need constant, day-to-day electronic access to prepare the case; one or two in-depth sessions is likely all they will need. And, thereafter, Rembrandt is permitted to take hard copies or printouts of the source code back to a designated office of its outside counsel for further analysis or preparation of evidence. (*See* Ex. A at ¶7c(ii).)

**B.      Comcast's Proposal is Consistent With Other Orders Entered in this District.**

Courts in this District have agreed on several occasions with the balance Comcast proposes, and have thus provided for source code production at a limited number of locations. Indeed, most have gone beyond the limitation Comcast proposes and have limited source code custodians to the producing party itself. *See, e.g.*, Ex. B ¶ 12(a), *Connectel, LLC v. Cisco Sys., Inc.*, No. 2:04-cv-00396 LED (E.D. Tex. May 9, 2005) (Stipulated Protective Order, Docket #54) ("A producing party may produce source code for inspection at either the producing party's secure facilities or . . . at one of the offices of U.S. outside counsel for the producing party in the United States designated by a producing party to be its source code custodian"); Ex. C ¶ 7a, *Tivo Inc. v. Echostar Commc'ns Corp.*, No. 2:04-cv-00001 DF (E.D. Tex. Feb. 7, 2005) (source code in electronic form "will be provided on a standalone computer . . . at an office of outside counsel for the producing Person . . . "); Ex. D ¶ 6, *Symantec Corp. v. Altiris, Inc.*, 2:04-cv-00161-DF

(E.D. Tex. Dec. 2, 2004) ("A party may produce computer source code at a reasonable location as designated by the party producing the source code for inspection").

In fact, in a recent decision involving much of the same source code at issue in this case, Judge Folsom limited the production of source code to Comcast's outside counsel's offices in San Francisco or Texarkana. *See* Ex. E ¶ 7a, *Caritas Technologies, Inc. v. Comcast Corporation*. In deference to Rembrandt's claims of inconvenience, Comcast is not requesting that this same order be entered and is willing to compromise on a neutral location in Dallas. Further, Comcast is willing to allow Rembrandt's outside counsel to take hard copies or printouts of source code to one of its designated offices to review. (Ex. A, ¶7c(ii).) But the single location limitation is essential to Comcast.

Finally, limiting the number of locations of electronic source code, similar to the order entered by Judge Folsom in the *Caritas* case, will likely reduce future objections by third parties. The third-party source code that Rembrandt seeks here is likely to overlap substantially with that produced in the *Caritas* litigation, since some of the same accused Comcast services are at issue. There, plaintiff's counsel from Boston accepted the single location limitation. To attempt to reduce the objections third parties may make, it is advisable for the Court to adopt a protective order that is consistent across these cases.

## II.    CONCLUSION

For the foregoing reasons, Comcast requests that the Court limit electronic source code production to a single, neutral location in Dallas, Texas, and enter the protective order attached hereto as Exhibit A.

Respectfully submitted,

_____/s/  Jennifer Haltom Doan_____
Jennifer Haltom Doan
HALTOM & DOAN, LLP
6500 Summerhill Road, Suite 1A
P.O. Box 6227
Texarkana, TX  75505-6227
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800

Brian L. Ferrall
Leo L. Lam
Eric H. MacMichael
Steven K. Yoda
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA  94111-1724
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

**Attorneys for Defendant**
**COMCAST CORPORATION**

## CERTIFICATE OF CONFERENCE

Counsel for Defendant has spoken with counsel for the plaintiff in an attempt to resolve the issues raised in this Motion for Entry of Protective Order, and the parties have not been able to reach an agreement.  Therefore, this Motion is presented to the Court.

_____/s/ Jennifer Haltom Doan_____
Jennifer Haltom Doan

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 15th day of May, 2006.

_____/s/ Jennifer Haltom Doan_____
Jennifer Haltom Doan

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP

     Plaintiff,

    v.

COMCAST CORPORATION,

    Defendant.

Case No. 2:05cv443-TJW

## PROTECTIVE ORDER

  WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendant Comcast Corporation. ("Comcast"), through counsel, stipulate to entry of this Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

  WHEREAS, the parties recognize that confidential information is being produced for use in this civil action;

  IT IS HEREBY ORDERED that the following provisions of this Order shall govern the treatment of confidential information produced by a party ("Producing Party") to any other party ("Receiving Party") in the course of this civil action:

  1.    The term "Confidential Information" as used in this Order includes all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties. Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information contained therein and all

copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

2. Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action. Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

3. Confidential Information of a Financial or Accounting nature shall be referred to and designated as "Confidential Financial Information". Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Financial Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

4. Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the word "CONFIDENTIAL," on each page at that contains Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes). The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a) Testimony or information disclosed at a deposition that contains Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain Confidential Information that is to be made subject to the provisions of this Order. Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains

2

Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information. Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-house counsel only, from the taking of the deposition until fifteen (15) days after actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

(b) Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information by indicating on the face of such documents that one or more parties considers them to contain Confidential Information.

5. Subject to the provisions of paragraphs 6 and 7 herein, material designated as Confidential Information, and any summary, description or report containing such Confidential Information, may be disclosed only to the following persons:

(a) the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b) technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide

assistance in this action, with disclosure only to the extent necessary to perform such work;

      (c)    graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

      (d)    photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

      (e)    with respect to Confidential Financial Information, one officer or employee of the Receiving Party (whose identity is to be exchanged within 14 days at the entry of this order) and only insofar as outside counsel of record believe that it is necessary to consult said officers or employees for the purposes of conducting this litigation or evaluating potential settlement or other resolution of the litigation;

      (f)    Two (2) in-house counsel of each Receiving Party who are directly responsible for this action and are directly involved in assisting outside counsel in this action; and two (2) paralegals and/or clerical employees of such attorney, except that source code may be disclosed to only one previously designated in-house counsel; and

      (g)    the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action. Any individual outside counsel of record who receives Confidential Information may not participate in patent prosecution for the Receiving Party, and the individual outside counsel who receives Confidential Information may not discuss the Confidential Information with anyone involved in patent

4

prosecution for the Receiving Party. Outside counsel of record for the parties are as
follows:

For Rembrandt:

        Fish & Richardson P.C.
        225 Franklin Street
        Boston, MA 02110

        Ireland, Carroll & Kelley, P.C.
        6101 S. Broadway, Suite 500
        Tyler, Texas 7503

        Jones & Jones, Inc., P.C.
        201 West Houston Street, Drawer 1249
        Marshall, Texas 75671-1249

        Brown McCaroll, L.L.P.
        1127 Judson Road, Suite 220
        P.O. Box 3999
        Longview, Texas 75601-5157

        Parker & Clayton
        100 E. Ferguson, Suite 1114
        Tyler, Texas 75702

For Comcast:

        Keker & Van Nest, LLP
        710 Sansome Street
        San Francisco, CA 94111-1704

        Haltom & Doan, LLP
        6500 N. Summerhill Road, Suite 1A
        P.O. BOX 6227
        Texarkana, TX 75505-6227

    6.    (a)    A party may exclude from a deposition any person who is not
entitled to view Confidential Information when such information is the subject of examination.

        (b)    No Confidential Information shall be revealed or disclosed, in
whole or in part, directly or indirectly, to any individual described in subparagraphs 5(b)-(f) until

5

328813.02

that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information.

      (c)     Before individuals under subparagraph 5(b) may have access to Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience. including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years. If the Producing Party does not object in writing, within five (5) business days from receipt of the undertaking, Confidential Information may then be disclosed to the retained consultant or former employee. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue. If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information. If the Producing Party does not bring such a timely motion, Confidential Information may be disclosed to the retained consultant or former employee.

      (d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product. Furthermore, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

6

7.     Source Code.  In addition to the terms set forth in paragraph 5 herein governing the disclosure of Confidential Materials, those materials that contain, embody, or otherwise reflect a party's source code shall be provided the following further protections:

(a)     Any and all such source code, except for hard (non-electronic) copies, shall be maintained within the United states, at a single location in or around Dallas, Texas, in the sole control and custody of a neutral U.S. law firm, agreed to both parties ("Source Code Custodian").  Hard copies of source code shall be maintained in accordance with Paragraph 7(c) below.

(b)     Any source code produced in electronic form shall be stored and viewed only at the Source Code Custodian's designated office and shall be maintained in a secured, locked area.  No electronic copies of such source code shall be made.  Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located at the Source Code Custodian's office.  The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed:  (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard copies of any portion of the code were printed and the portion of the code printed.  The party reviewing source code shall be allowed to make hard copies of material that they, in good faith, consider relevant.  The parties shall negotiate reasonable limitations on the amount of source code that is released by producing party at any given time.

(c)     Any hard copies of source code, including printouts from an electronic production, shall be stored and viewed only within the United States at:  (i) the Source Code Custodian's office; (ii) in a secured, locked area of a single designated

7

United States office of outside counsel of record for the party reviewing the source code, provided the hard copies are marked with document production numbers and designated under this protective order as "CONFIDENTIAL"; (iii) the Court; (iv) the site where any deposition relating to the source code is taken; or (v) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition).

For each and every non-electronic copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy. Excessive reproduction of hard copies of source code shall be avoided.

Prior to the reviewing party taking possession of printout(s) as provided for under Section 7(c)(ii), the reviewing party shall inform the producing party as to specifically what printout(s) it plans to take into its possession. The producing party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the reviewing party as to the extent or relevance of the printout(s) the reviewing party seeks to possess. If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection. If the objection is not resolved, the producing party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject printout(s). The subject printout(s) shall be retained by the producing party, pending the courts' resolution of the motion.

To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area. Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

8

8.     It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of publication or otherwise through no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 9 hereof.

9.     If a party disagrees with any Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential

9

Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

10.     During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation.  This shall not preclude a Producing Party from showing documents that it has produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential , and regardless whether such person was the author or a recipient of the document.

11.     At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential only if the document was authored by or received by that third party or former employee.

12.     Any person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by the person who received such information.

13.     Written material constituting or revealing Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of

10

the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 3 or 6 hereof, and a statement substantially in the following form:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO COURT ORDER

Civil Action No. 2:05cv443-TJW

14.     The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 13 or any other provision thereof.

15.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

16.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

17.     Any violation of the terms of this Protective Order shall be punishable by

11

money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

18.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

19.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

20.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case. Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

21.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party. Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order.

12

22. (a) Within sixty (60) days after filing of the final judgment in this action, or, if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate. If any Receiving Party destroys any such Confidential Information, that party shall inform the Producing Party in writing .

(b) Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information. The Receiving Party shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled to retain copies of any expert report containing any Confidential Information of the Producing Party, which is not in the public docket file. All such material shall remain subject to the terms of this Order.

23. This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

24. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

25. At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

Respectfully submitted,

13

By: _____
    Jennifer Haltom Doan
    State Bar #08809050
    HALTOM & DOAN, LLP
    6500 N. Summerhill Road, Suite 1A
    P.O. BOX 6227
    Texarkana, TX  75505-6227
    Tel:  (903) 255-1000
    Fax:  (903) 255-0800

Attorneys for Defendant
COMCAST CORPORATION

By: _____
    Otis Carroll
    State Bar #03895700
    IRELAND, CARROLL & KELLEY, P.C.
    6101 S. Broadway, Suite 500
    Tyler, Texas 75703
    Tel: (903) 561-1600
    Fax: (903) 581-1071

Attorneys for Plaintiff
REMBRANDT TECHNOLOGIES, LP.


**SO ORDERED** this _____ day of ____, 2006.


    _____
    T. JOHN WARD,
    UNITED STATES DISTRICT JUDGE

14

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP

     Plaintiff,

        v.                       Case No. 2:05cv443-TJW

COMCAST CORPORATION,

     Defendant.

I, _____, hereby declare that:

    1.    I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matter.

    2.    I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information to any person who is not permitted to have access to such Confidential Information by this Order, as applicable.

    3.    Upon final determination of this action, I will destroy all Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a) , or I will return such Confidential Information within sixty (60) days to the Producing Party. If I destroy such Confidential Information, I agree to send a letter to the Producing Party confirming the same.

    4.    I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

/// 

///

///

373013.01

5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:_____

_____
[signature]

_____
[print or type name]

Title:

Business Affiliation:

Address:

Phone:

2

328013.02

# EXHIBIT B

05/04/2005 21:38 FAX                    KIRKLAND-ELLIS                          ☒003/017

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| CONNECTEL, LLC | |
| PLAINTIFF, | Civil Action No. 2-04-CV-0396 |
| V. | Hon. Leonard E. Davis |
| CISCO SYSTEMS, INC., | |
| DEFENDANT. | |

## STIPULATED PROTECTIVE ORDER

Upon agreement and motion by all the parties appearing herein and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Stipulated Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the Court finds that:

1.     Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2.     The parties to this litigation assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.     Counsel for the party receiving Confidential Information may not presently have sufficient information to accept the representation(s) made by the party producing Confidential

STIPULATED PROTECTIVE ORDER                                                        Page 1

Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4.       Upon agreement of the parties and to protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order is issued:

**IT IS, THEREFORE, ORDERED THAT:**

5.       "Protected Information" includes the following categories of information, and shall include without limitation documents produced during discovery and throughout this action, answers to interrogatories, responses to requests for admission, affidavits and declarations, expert reports, depositions, hearing or trial transcripts, source code and tangible things.

(a)       "Confidential" designates Protected Information that a producing party believes to be of a proprietary business or technical nature and not readily available to competitors, potential competitors, and/or other third parties.

(b)       "Attorneys' Eyes Only" designates Protected Information that the producing party reasonably believes contains information the disclosure of which is likely to cause harm to the competitive position of the producing party, including but not limited to Source Code.

6.       Protected Information shall not include (a) publicly-available advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

7.       If at any time during the pendency or trial of this action, counsel for any party claims that a producing party is unreasonably designating certain information as "Confidential" or "Attorneys' Eyes Only," the party may serve a notice of objection on the producing party, identifying with particularity the items to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item. If the producing party does

STIPULATED PROTECTIVE ORDER                                                       Page 2

not redesignate the material within ten (10) business days after service of such notice, the objecting party may file and serve a motion for an order that the material be redesignated.

8.      Protected Information and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below. Protected Information shall be used solely for the prosecution and/or defense of this litigation. Protected Information may not, for example, be used to guide patent prosecution.

9.      Information designated "Confidential" may only be disclosed to the following persons:

(a)      Outside counsel of record for ConnecTel or Cisco and the employees of outside counsel of record who are assisting in this litigation and whose duties require access to Protected Information ("Outside Counsel"). Any outside counsel under section 9(a) of the Protective Order shall not be involved in patent prosecution (involvement in patent prosecution includes without limitation preparing patent applications, prosecuting patent applications, supervising patent prosecution, or consulting in connection with patent prosecution);

(b)      Independent experts and/or consultants retained by counsel of record for ConnecTel or Cisco subject to the provisions of sections 14-16 of this Stipulated Protective Order. Such independent experts or consultants shall not be: (i) current employees of a party; (ii) a current employee of a company that is a competitor of either party; or (iii) current officers or directors of a party. These prohibitions do not limit the bases on which an objection may be made to a proposed independent expert or consultant.

(c)      In-house attorneys for each party who are involved in the action and employees who are assisting such in-house attorneys in this litigation in filing and/or administrative duties and whose duties require access to Protected Information, subject to the provisions of sections 14-16 of the Protective Order. Any in-house attorneys under section 9(c) of the Stipulated Protective Order shall not be involved in patent prosecution (involvement in patent prosecution includes without limitation preparing patent applications, prosecuting patent

STIPULATED PROTECTIVE ORDER                                               Page 3

applications, supervising patent prosecution, or consulting in connection with patent prosecution);

(d)      Designated employees or representatives of each party who are necessary to the party's preparation and pursuit of claims and defenses in this action, subject to the provisions of sections 14-16 of this Stipulated Protective Order;

(e)      Third parties specifically retained to assist outside counsel in imaging, copying, or computer coding of documents, but only for purposes of copying or computer coding Protected Information, subject to the provisions of sections 14-16 of this Stipulated Protective Order;

(f)      Qualified persons taking or recording testimony involving Protected Information and their employees whose duties require access to Protected Information; provided that all such Protected Information revealed during such testimony is and shall remain confidential and shall not be disclosed by such qualified person except to the counsel of record for each party and any other person who is present when such testimony is being given, and that copies of any transcript, reporter's notes, or any other transcription record of any Protected Information shall be retained in confidentiality and safekeeping by such reporter or transcriber, or shall be delivered to the undersigned attorneys.

(g)      The Court and the Court's staff.

10.      Information designated "Attorneys' Eyes Only" may only be disclosed to persons falling within the categories specified in Sections 9(a), (b), 9(c), 9(f), and 9(g) of this Stipulated Protective Order, subject to sections 14-16 below where applicable.

11.      Subject to further limitations relating to source code described below, documents containing information designated "Confidential" or "Attorneys' Eyes Only" and notes or other records regarding such information shall be stored or viewed only at: (a) the offices of outside counsel of record within the United States; (b) the business location within the United States of the independent expert or consultant approved under this Order; (c) the site where any deposition relating to the information is taken; (d) the Court; or (e) any intermediate location within the

STIPULATED PROTECTIVE ORDER                                        Page 4

United States reasonably necessary to transport the information (*e.g.*, a hotel prior to a deposition). Copies of "Confidential" or "Attorneys' Eyes Only" information may only be made where reasonably necessary to prepare work product or conduct proceedings in this litigation. A person having custody of any Protected Information shall maintain it in a manner that limits access to qualified persons only. "Confidential" or "Attorneys' Eyes Only" information shall not be taken outside of the United States under any circumstances.

12.     Documents or other things that contain, embody, or otherwise reflect a party's source code shall be provided the following further protections.

(a)      A producing party may produce source code for inspection at either the producing party's secure facilities or, in the alternative at the request of the inspecting party, at one of the offices of U.S. outside counsel for the producing party in the United States designated by a producing party to be its source code custodian ("Source Code Custodian"). In the case of production of source code by Cisco, these facilities include McKool Smith's Dallas, Texas offices, any of Kirkland & Ellis LLP's United States' offices (which are located in Los Angeles, San Francisco, Chicago, New York, and Washington, D.C.), and Cisco's facilities in San Jose, California or Austin, Texas. In the case of production of source code by ConnecTel, these facilities include Winstead Sechrest & Minick PC's Dallas, Texas offices. A producing party may limit its production of its source code for inspection to just one location at a given time, and requests to review such code at a new or different location will be accommodated on reasonable notice to allow for appropriate transportation and office arrangements. The inspecting party shall provide reasonable notice to the producing party prior to obtaining access to the source code during business hours. Additional reasonable notice must be provided for after-hours access, which shall be allowed upon reasonable notice. After-hours access is not available at Cisco's facility in Austin, Texas.

(b)      Any hard (non-electronic) copies of such source code shall be stored and viewed only within the United States at: (a) the producing party's facilities; (b) a single designated U.S. office of the Source Code Custodian; (c) the site where any deposition relating

STIPULATED PROTECTIVE ORDER                                                              Page 5

to the source code is taken; (d) the Court; or (e) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition). Any and all such copies shall be maintained in a secured, locked area. For each and every non-electronic copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy. The parties shall negotiate reasonable limitations on the amount of source code that is released by a party at any given time.

(c)       Any source code produced in electronic form shall be stored and viewed only at either (i) the producing party's facilities, or (ii) a single designated U.S. office of the Source Code Custodian and shall be maintained in a secured, locked area. No electronic copies of such source code shall be made. Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located at the producing party's facilities or within the single designated United States office of the Source Code Custodian. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard copies of any portion of the code were printed and shall retain copies of any portions of the code printed. The Source Code Custodian may use electronic means to monitor access to the code. The entire code or an unnecessarily large portion of the code shall not be printed. The parties shall negotiate reasonable limitations on the amount of source code that is released by a party at any given time.

13.       Not less than seven (7) business days prior to the initial disclosure of Protected Information to any person falling under the provisions of sections 9(b), (d), (e), or (f) of this Stipulated Protective Order, the party planning to make such disclosure shall serve (by facsimile and mail) the name, address, present employer, title, a detailed description of their job responsibilities, resume, and a signed Declaration and Undertaking (in the form of Exhibit A) of the proposed recipient on the designating party (and to any other party, if the designating party is other than ConnecTel or Cisco). Not less than seven (7) business days prior to the initial

STIPULATED PROTECTIVE ORDER                                                    Page 6

05/04/2005 21:58 FAX                    KIRKLAND-ELLIS                    ☒009/017

disclosure of Protected Information to any person falling under the provisions of section 9(b), the party planning to make such disclosure shall, in addition to the above information, provide a summary of the following information (by facsimile and mail), to the extent it is not already included in the above information: (1) the person's employment history; (2) the person's consulting relationships in the past five years; and (3) the person's work relating to communication networks or components thereof. Should a party determine that additional information concerning any proposed recipient is required, the party shall make a request for the information prior to the time for that party's written notice of objection to the proposed recipient as described in section 15. If such a request is made, the party planning to disclose information to the Proposed Recipient shall endeavor to promptly provide such information prior to the time for the written notice of objection. The designating party's time to object shall be tolled until further information is provided.

14.    Within the seven (7) business day period before disclosure of the Protected Information to the proposed recipient, the party or non-party whose Protected Information is concerned may serve (by facsimile and mail) a written notice of objection to disclosure to such person. Such an objection shall stay disclosure to the proposed recipient. Failure to serve a written notice of objection within seven (7) business days shall be deemed approval of a proposed recipient.

15.    If a written objection is served pursuant to section 15, the parties shall attempt to resolve the objection by meeting and conferring within five (5) business days of service of the written objection. If the objection is not resolved by meeting and conferring, the party seeking to prevent disclosure shall file a motion, to be heard by the Court, the Court's Magistrate, or other designee on the earliest date available. Failure to file such a motion within five (5) business days of meeting and conferring, or failure to meet and confer at the conclusion of the period to meet and confer shall preclude a party from objecting to the disclosure of protected information to the proposed recipient to whom the objection is directed. The disclosure of Protected Information to such proposed recipient shall be withheld pending the ruling of the Court on any such motion.

STIPULATED PROTECTIVE ORDER                                        Page 7

05/04/2006 21:38 FAX                    KIRKLAND~ELLIS                          ☒010/017

16.     Any document or thing containing or embodying Protected Information that is to be filed in this action shall be filed in sealed envelopes or other sealed containers that shall bear the caption of the case, shall identify the contents for docketing purposes, and shall bear a statement substantially in the form:

## CONFIDENTIAL

**Filed under Protective Order. This envelope is not to be opened nor the contents thereof displayed or revealed except by order of the Court or by agreement of the parties.**

17.     Any designated material filed under seal shall be kept from public inspection.

18.     Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record or as otherwise provided for hereunder.

19.     Depositions or portions thereof which contain Protected Information may be designated as "Confidential" or "Attorneys' Eyes Only" and shall be separately bound in a confidential volume, and shall, if required, be separately filed as provided herein so as to distinguish such confidential deposition or confidential portions thereof from non-confidential public depositions or public portions thereof. A deposition transcript or a portion thereof may be designated under the appropriate category of Protected Information by making designations on the record at the deposition or designating any transcript or portion thereof as "Confidential" or "Attorneys' Eyes Only" within thirty (30) days following receipt of the transcript from the court reporter. Such subsequent notice shall be made in writing to the reporter, with copies to all other counsel, designating the transcript or portions of the transcript (and corresponding videotape or other recording means) that contain Protected Information as either "Confidential" or "Attorneys' Eyes

05/04/2005 21:39 FAX                    KIRKLAND-ELLIS                         ☒ 011/017

Only," and directing the reporter to mark the transcript (and all corresponding recording means) accordingly. Until expiration of the thirty day period specified above, all deposition transcripts, videotapes or other recording means shall be considered and treated as "Attorneys' Eyes Only."

20.    Protected Information produced without the designation of "Confidential" or "Attorneys' Eyes Only" may be so designated subsequent to production or testimony if the producing party provides replacement materials bearing appropriate designations and notifies the receiving party promptly after becoming aware of the failure of the producing party to timely make such designation. If discovery material is designated "Confidential" or "Attorneys' Eyes Only" subsequent to production or testimony, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized to receive Protected Information so designated under this Order, and shall affix the appropriate designation to any copies that have been provided to individuals authorized to receive Protected Information so designated under this Order.

21.    Counsel of record for the party receiving Protected Information may create an index of the Protected Information and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party disclosing or producing the Protected Information. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Information shall maintain a current log of the names and addresses of persons to whom the index was furnished.

22.    The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

23.    To the extent Protected Information is used in depositions, at hearings, or at trial, such Protected Information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Information or information contained therein.

STIPULATED PROTECTIVE ORDER                                                    Page 9

24.    Subject to the Federal Rules of Evidence, Protected Information may be offered in evidence at trial or any Court hearing in this action, provided that:

(a)    the proponent of the evidence advises the Court and the designating party that Protected Information will be offered prior to its offer and the designating party has appropriate opportunity to object to the disclosure of the Protected Information;

(b)    the evidence be received *in camera* or under other conditions to prevent disclosure to any persons other than the judge, the jury, the court reporter, counsel of record, any witness testifying with respect to the evidence, and other persons who are entitled to receive the appropriate category of Protected Information under the terms of this Stipulated Protective Order, and

(c)    the trial transcript is treated in the manner specified for depositions in section 20 of this Stipulated Protective Order.

25.    Inadvertent or unintentional production of documents or information containing confidential information which are not designated "Confidential" and/or "Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

26.    The party or parties receiving Protected Information shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Information or any information contained therein.

27.    Any discovery documents produced by a party or a third party in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by any party or third party claiming to hold a privilege that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving attorney promptly shall make best efforts to collect all copies of the documents and return them to the producing party.

28.    If Protected Information is disclosed to any person other than in the manner authorized by this Order, the party, third party or person responsible for this disclosure shall

STIPULATED PROTECTIVE ORDER                                                  Page 10

05/04/2005 21:40 FAX                    KIRKLAND-ELLIS                         ☑ 013/017

immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the designating party, and shall make every effort to prevent further improper disclosure.

29.     After termination of this litigation, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Order following termination of this litigation.

30.     Within sixty (60) days of the termination of this action by dismissal, judgment, or settlement, including all appeals, counsel for the party receiving Protected Information shall return the Protected Information to the counsel for the party disclosing or producing the Protected Information. The party receiving the Protected Information shall keep their attorney work product which refers or relates to any Protected Information. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Information or any information contained therein.

31.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, experts, consultants, or other persons or organizations over which they have control.

32.     This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Order.

33.     This Court anticipates that as this litigation continues need may arise for the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Information; shifting the cost burden of production equitably; and other terms that may be

STIPULATED PROTECTIVE ORDER                                              Page 11

reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of

Civil Procedure.

So STIPULATED.

Dated: May 5, 2005

By: _____
McKOOL SMITH, P.C.
Sam F. Baxter
Attorney-In-Charge for Defendant
State Bar No. 01938000
505 East Travis Street, Suite 105
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 927-2111
Facsimile: (903) 927-2622
E-Mail: Sbaxter@mckoolsmith.com

Attorneys for Defendant
CISCO SYSTEMS, INC.

Of Counsel:

John M. Desmarais (admitted *pro hac vice*)
jdesmarais@kirkland.com
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Eric R. Lamison (admitted *pro hac vice*)
elamison@kirkland.com
Adam R. Alper (admitted *pro hac vice*)
aalper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400

Facsimile: (415) 439-1500

Dated: May 5, 2005

By: _____
WINSTEAD SECHREST & MINNICK P.C.
Daniel F. Perez
Texas Bar No. 15776380
Mark Alan Calhoun
Texas Bar No. 03641500
Sanford E. Warren, Jr.
Texas Bar No. 20888690
5400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270-2199
(214) 745-5400
(214) 745-5390 (fax)

POTTER MINTON, P.C.
E. Glenn Thames, Jr.
Texas Bar No. 00785087
P.O. Box 359
500 Plaza Tower
110 N. College
Tyler, Texas 75702
(903) 597-8311
(903) 593-0846 (fax)

Attorneys for Plaintiff
CONNECTEL, LLC.

STIPULATED PROTECTIVE ORDER                                    Page 12

05/04/2005 21:40 FAX                KIRKLAND-ELLIS                      @015/017

So ORDERED AND SIGNED this ____ day of _____, 2005.

LEONARD E. DAVIS
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER                                  Page 13

# EXHIBIT C

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., a Delaware corporation, | ) | Case No. 2-04CV-01 DF |
| Plaintiff, | ) | |
| vs. | ) | |
| 1. ECHOSTAR COMMUNICATIONS CORPORATION, a Nevada corporation, 2. ECHOSTAR DBS CORPORATION, a Colorado corporation, 3. ECHOSTAR TECHNOLOGIES CORPORATION, a Texas corporation, and 4. ECHOSPHERE LIMITED LIABILITY COMPANY, a Colorado limited liability company | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, it appears that certain documents, information and tangible objects which may be produced in discovery in this proceeding may contain trade secrets or other confidential research, development, or commercial information, the public disclosure of which would cause injury;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES TO THIS ACTION, THROUGH THEIR RESPECTIVE COUNSEL, SUBJECT TO APPROVAL OF THE COURT, THAT:

1.  This Stipulation and Order governs the treatment of documents,[1] transcripts of and exhibits to depositions, interrogatory answers, responses to requests for admissions, and other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries thereof, and any physical objects or other items or any other information gained

---

[1] The term "documents" as used herein shall have the same definition as is assigned to it in Federal Rule of Civil Procedure 34(a).

[PROPOSED] STIPULATED PROTECTIVE ORDER - Page 1
183465-1

by inspection of any tangible thing, including data or code stored in electronic form(collectively, "Discovery Material"), produced, filed with the Court, served, or obtained by any party or non-party in this action (collectively, "Person(s)").

2.    Any Person shall have the right, before disclosure to other parties, to designate as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" any Discovery Material it produces or provides that an attorney or legal assistant on behalf of the party believes ~~constitutes, reflects or discloses its trade secrets or other confidential research, development,~~ or commercial information within the scope of Rule 26(c)(7) of the Federal Rules of Civil Procedure, subject to the further limitations enumerated in Paragraphs 3 and 4.

3.    Discovery Material designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (collectively, "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER") shall be limited to Material that the designating Person reasonably believes must be held confidential to protect business or commercial interests.

4.    Discovery Material designated as "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be limited to source code and may only be designated as such provided that the producing Person reasonably believes that (1) it is sufficiently sensitive or confidential that designation under the restricted terms and conditions applicable to material designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" would not provide adequate protection to the interests of the producing Person and (2) its wrongful dissemination could result in irreparable harm to the producing Person.

5.    All Discovery Material designated as either "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and all information derived there from, shall be referred to in this

[PROPOSED] STIPULATED PROTECTIVE ORDER - Page 1
[13465-1]

Stipulation and Order as "Designated Material" and shall be handled in strict accordance with the terms of this Stipulation and Order. Specifically, absent an order by this Court, such Designated Material shall be used by the parties to this action solely in connection with actions between them or any appeal there from, and not for any business, patent prosecution, competitive, or governmental purpose or function, and such Designated Material shall not be disclosed to anyone except as provided herein. Designated Material may be disclosed only under the circumstances and to the persons specifically provided for in this Stipulation and Order or any subsequent Court order, or with the explicit written consent of the designating Person with respect to specifically identified Designated Material.

6.     Discovery Material designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or information derived there from may be disclosed only to the following persons:

a.     outside counsel for the parties to this litigation, including persons working solely in secretarial, clerical, and paralegal capacities who are providing assistance to outside counsel;

b.     qualified persons taking testimony involving Designated Material, and necessary stenographic, videographic, and clerical personnel thereof;

c.     consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraphs 11 and 12 of this Stipulation and Order are complied with prior to any disclosure of any Designated Material to such an expert or consultant;

d.     the Court and the Court's staff pursuant to Paragraph 14 of this Stipulation and Order;

e.     third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only, provided that all such confidential documents are kept and maintained in a separate and secure place;

[PROPOSED] STIPULATED PROTECTIVE ORDER - Page 2
183465-1

f.     witnesses deposed in this action or who are called as witnesses at any hearing in this action, but only as set forth in Paragraph 15 of this Stipulation and Order; and

7.     Discovery Material designated as "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" may be disclosed only to the following persons and in strict accordance with the following procedures:

a.     Discovery Material (to the extent in electronic form) will be provided on a standalone computer, with all ports and software or similar avenues that could be used to copy or otherwise transfer data blocked, at an office of outside counsel for the producing Person, or at such other location as shall be mutually agreed to by the parties.

b.     Only outside counsel shall have access to the computer work station described in Paragraph 7(a). At least five (5) business days in advance of the day on which they intend to examine said documents, outside counsel shall provide a list of the names of the outside counsel who wish to have access to materials designated as "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." In the event the producing party objects, it shall do so in accordance with the terms of Paragraph 12. Pending resolution of said objection, the outside counsel shall not have access to materials marked as "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." All attorneys shall sign a sign-in and sign-out sheet prior to, and after, accessing this work station.

c.     Reviewing counsel shall not have the right to take electronic copies of Discovery Material designated as "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" nor to otherwise transmit to themselves electronic versions of such material. A printer shall be attached to the computer and shall allow the reviewing counsel to make hard copies of materials that they, in good faith, consider relevant. All pages printed in this manner shall include a conspicuous designation identifying the material as "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

[PROPOSED] STIPULATED PROTECTIVE ORDER - Page 3
183465-1

The producing Party shall be entitled to a copy of all materials printed by the reviewing Party.

       d.      Consultants or experts and their staff who are employed for the purposes of this litigation may have access to the hard copies printed by outside counsel, provided that the provisions of Paragraphs 11 and 12 of this Stipulation and Order are complied with prior to any such disclosure and further provided that, prior to disclosing hard copies of materials designated as "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to said consultants or experts or their staff, five (5) days advance notice must be given to the producing Party. The producing Party shall have the right to object pursuant to Paragraph 12, even if the producing Party did not previously object to showing documents marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to this consultant or expert.

       8.      Designated Material shall be so designated by marking or stamping such material "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" at such time the material is disclosed, or as soon thereafter as the person or entity seeking the protection becomes aware of the nature of the material disclosed and sought to be protected. Provided, however, that the parties shall be entitled to designate documents that have been prepared for production as of the time of the execution of this document by providing a list to counsel identifying the Bates ranges of the documents together with the appropriate designation.

       9.      Where Discovery Material is produced for inspection before being sent to the receiving party or if the material is made available for production in accordance with the provisions of Paragraph 7, the producing party shall have the right to have persons present in the inspection room at all times during the receiving party's inspection of such Discovery Material. If the producing party does have a person present in the inspection room during inspection by the receiving party, another room nearby shall be set aside for the receiving

[PROPOSED] STIPULATED PROTECTIVE ORDER - Page 4

party's counsel to confer.  Except for the information produced subject to Paragraph 7, all Discovery Material produced for inspection and the information contained therein shall be treated by the receiving party as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" prior to the receiving party's receipt of copies of the material.  Upon such receipt of copies, the designation indicated on the copy, if any, shall be the operative designation.

10.   Deposition testimony may be classified as Designated Material at the deposition, or at any time during a review period of up to and including ten (10) business days after receipt of a transcript of such testimony by counsel for the party whose information has been disclosed.  Each deposition transcript in its entirety shall be treated as having been designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for said review period, unless the deposition transcript or exhibits discuss information conspicuously marked as "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," in which case it shall be handled in accordance with the provisions of Paragraph 7.

The portions of the original deposition transcript, exhibits, and all copies of exhibits thereto that contain material so designated shall be separately bound and prominently marked with the appropriate designation on the cover thereof and, if and when filed with the Court, the confidential portions of such transcripts shall be filed pursuant to Paragraph 14 of this Stipulation and Order.

11.   Prior to disclosing material designated as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" to any person other than the persons described in Paragraph 6(a), 6(d), 6(e) and 6(f) of this Stipulation and Order, the disclosing party shall obtain from such person a written acknowledgment, substantially in the form of Exhibit A annexed hereto, that such person has reviewed a copy of this Stipulation and Order, will comply with its terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person has complied with the terms of this Stipulation and Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER - Page 5
383465-1

12.     Upon service of the written acknowledgment required in Paragraph 11, or upon identification of counsel or outside experts that intend to access materials identified as "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" as required by Paragraph 7(b), any producing person shall have ten (10) days from the date of service to object. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all parties. Failure to object within ten (10) days from the service of the referenced undertaking shall constitute approval. If the parties are unable to resolve objections, application may be made to the Court to resolve the matter.

13.     During the course of this action, a party may be requested to produce to another party Discovery Material subject to contractual or other obligations of confidentiality owed to a non-party by the party receiving the request. The party subject to such contractual or other obligation of confidentiality shall timely contact the non-party to determine whether such non-party is willing to permit disclosure of the confidential document or information under the terms of this Stipulation and Order. If the non-party is willing to permit the disclosure of the subject material to the requesting party, the documents shall be produced in accordance with this Order. If the non-party is not willing to permit disclosure of the confidential document or information under the terms of this Stipulation and Order, the demanding party in the litigation shall be notified and any documents withheld on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the person to whom the obligation of confidentiality is owed. This Stipulation and Order shall not preclude any party from moving the Court for an order compelling production of such material.

14.     Discovery Material designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" where filed with the Court as part of any pleading or as evidence,

[PROPOSED] STIPULATED PROTECTIVE ORDER - Page 6
183465-1

shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection. Envelopes used to seal such documents shall carry the notation: "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," and shall specify whether the information contained within is "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and/or "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and whose confidential information is contained therein.

15.     Witnesses deposed in this action or who are called as witnesses at any hearing in this action may be shown Designated Material by an attorney but only (1) in preparation for the deposition or hearing, or (2) during the deposition or hearing, and only under the following circumstances:

       a.     any witness may be shown Designated Material in which the witness is identified as a originator, signatory, author, addressee, or recipient of the original or a copy;

       b.     a current officer, director, or employee of a designating Person may be shown that party's Designated Material;

       c.     any witness selected by a designating Person to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that party's Designated Material;

       d.     a former officer, director, or employee of a designating Person may be shown that party's Designated Material if it appears from the face of the Designated Material that the witness previously had access to the Designated Material while employed by the designating Person, provided that counsel making such disclosure shall inform the witness that the matter is confidential and may not be disclosed or used except as provided in this Stipulation and Order.

16.     A designating Person that inadvertently fails to mark Designated Material as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and/or "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" at the time of the

[PROPOSED] STIPULATED PROTECTIVE ORDER - Page 7

183465-1

production shall have ten (10) days from discovery of the oversight to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Discovery Material appropriately marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and/or "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Following any redesignation of Discovery Material, the party receiving such Discovery Material shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies and excerpts of any redesignated Discovery Material from persons not entitled to receive it.

17.    If Designated Material is disclosed to any person other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, and (without prejudice to other rights and remedies of the designating party) shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

18.    If at any time during the pendency or trial of this action, counsel for any party claims that Designated Material is not appropriately so designated, objecting counsel may serve a captioned notice of objection on all parties and affected entities, identifying with particularity the Designated Material as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for such materials. If the designating Person does not redesignate the materials within five (5) business days after service, the objecting entity may file and serve a motion seeking an order that such materials be redesignated, in which case the designating Person shall have the burden of proving that the original designation was appropriate. The original designation shall remain effective until after entry of an order redesignating the materials. The failure of any party to challenge any designation by any other party shall not constitute a waiver of the right to challenge the designation at a later time nor an admission of the correctness of the designation.

[PROPOSED] STIPULATED PROTECTIVE ORDER – Page 8
163465-1

19.     Inadvertent production of privileged or attorney work-product material shall not be deemed a waiver of any attorney-client privilege or attorney work-product immunity that may apply thereto. Upon request, the receiving party shall promptly return the inadvertently-produced material.

20.     Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulation and Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Stipulation and Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

21.     Notwithstanding any other provision of this Stipulation and Order to the contrary, the confidentiality obligations of this Stipulation and Order shall not apply or shall cease to apply to any information that:

a.      at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

b.      since the time of disclosure hereunder, has become, through no act or failure on the part of the receiving party, part of the public domain by publication or otherwise;

c.      at the time of disclosure, was already in the possession of the receiving party and was not acquired directly or indirectly from the designating Person or from any third party under obligation of confidence to the designating Person;

d.      after disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the designating Person hereunder; or,

e.      the designating Person agrees may be disclosed to a third party under no obligation of confidentiality. The party claiming that he or she is relieved of the obligations of this Stipulation and Order by operation of any of Paragraphs 20(a)-(d)

[PROPOSED] STIPULATED PROTECTIVE ORDER - Page 9
183465-1

shall have the burden of proving that any of the provisions of Paragraphs 20(a)-(d) apply.

22.     Upon the termination of this proceeding, this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all persons to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Stipulation and Order.

23.     Within sixty (60) days after entry of any final and unappealable judgment in this litigation or of the entry of a dismissal disposing of the entirety of the claims at issue in this case (whether done pursuant to a settlement of the matter or for any other reason), any and all Designated Material and all copies thereof shall be returned to the producing Person or, at the option of the producing Person, destroyed, provided however, counsel for each party shall be permitted to retain and archive Designated Material that is contained in files ordinarily maintained in the course of litigation, provided however that counsel for the parties shall be entitled to retain or archive only that Designated Material which was actually filed with the Court. In no event should the parties be entitled to retain or archived any material marked as "HIGHLY SENSITIVE CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." If Designated Material is destroyed pursuant to this paragraph, the party destroying such Designated Material shall certify in writing to the producing Person that such destruction has taken place.

24.     This order is being entered without prejudice to the right of any party to move the Court for modification of or relief from any of its terms.

25.     When any third party produces documents or testimony in this matter, the third party may do so using the same designations and according to the same procedures as indicated above with respect to the parties.


**IT IS SO STIPULATED**


**[PROPOSED] STIPULATED PROTECTIVE ORDER** - Page 10
183465-1

Dated: December 13, 2004

McKOOL SMITH, P.C.

By: /s/ Sam Baxter
    Sam Baxter, Attorney-in-Charge
    State Bar No. 01938000
    sbaxter@mckoolsmith.com

P.O. Box O
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

Attorneys for Plaintiff TiVo Inc.

Co-counsel:

IRELL & MANELLA LLP
Morgan Chu (*Pro Hac Vice*)
Perry M. Goldberg (*Pro Hac Vice*)
Adam Hoffman (*Pro Hac Vice*)
Richard E. Lyon (*Pro Hac Vice*)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Dated: December 13, 2004

YOUNG, PICKETT & LEE

By: /s/ Damon Young with Permission SB
    Damon Young,

    State Bar No. 22176700
    Post Office Box 1897
    4122 Texas Boulevard
    Texarkana, Texas 75504
    (903) 794-1303
    (903) 792-5928 (fax)
    e-mail: dmyoung64@aol.com

Attorneys for Defendants EchoStar
Communications Corporation, EchoStar
DBS Corporation, EchoStar
Technologies Corporation, and
Echosphere Limited Liability Company

Co-counsel:

MORRISON & FOERSTER LLP
Harold McElhinny (*Pro Hac Vice*)
Rachel Krevans (*Pro Hac Vice*)
425 Market Street
San Francisco, California 94105-2482
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

## ORDER

IT IS SO ORDERED.

Dated: Feb 7, 2005

Exhibit A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| TIVO INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>1. ECHOSTAR COMMUNICATIONS CORPORATION, a Nevada corporation, 2. ECHOSTAR DBS CORPORATION, a Colorado corporation, 3. ECHOSTAR TECHNOLOGIES CORPORATION, a Texas corporation, and 4. ECHOSPHERE LIMITED LIABILITY COMPANY, a Colorado limited liability company<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2-04CV-01 DF<br><br>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER** |

My name is _____ My home address is _____

_____. I am employed as (state position) _____

at (state name and address of employer) _____

_____

    1.    I have read the Stipulation and Protective Order Regarding Confidential Information and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

    2.    I further agree to submit to the jurisdiction of this Court for adjudication of any dispute regarding my compliance with the terms of this Stipulation and Order.

    I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

    Executed this _____ day of _____, 200_, at _____

_____

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED CLERK

DEC -2 PM 4: 08

TEXAS-EASTERN

BY_____

| | | |
|---|---|---|
| SYMANTEC CORP. and POWERQUEST CORP. | § § § | |
| Plaintiffs/ Counterclaim Defendants, | § § § | |
| v. | § § | 2:04-CV-161-DF |
| ALTIRIS, INC., | § § § | |
| Defendant/ Counterclaim Plaintiff. | § § | |

### PROTECTIVE ORDER REGARDING (I) PROTECTION OF CONFIDENTIAL INFORMATION, (II) EMAIL DISCOVERY, (III) INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION, (IV) COMMUNICATIONS WITH EXPERTS, AND (V) DISCOVERY REGARDING WILLFULNESS

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Protective Order.

## I.   PROTECTION OF CONFIDENTIAL INFORMATION

1.   "Confidential Information," as used herein, means any information of any type, kind or character which is designated at the time of disclosure or effectively thereafter under the procedures outlined herein as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** by any party claiming an interest in such information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, information revealed during settlement discussions, or otherwise.

2.   All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of settlement and/or preparation and trial of this litigation and

for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

3.      The designation **CONFIDENTIAL** is appropriate for any documents and materials that are entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure. Documents and materials designated **CONFIDENTIAL** shall not be disclosed to any person except the following Qualified Persons:

(a)     Attorneys of record, attorneys supervising or working under the direction of an attorney of record, and employees of such attorneys to whom it is necessary that the material be shown for purposes of litigation;

(b)     Actual or potential independent technical experts or consultants who have been designated in writing by notice to all counsel prior to any disclosure of Confidential Information to such person, and who have signed a document in the form of Exhibit "A" attached hereto (such signed document to be filed with the Clerk of this Court by the attorney retaining such person);

(c)     No more than three employees of each of the parties (and their clerical employees, as necessary), at least one of which possessing full settlement authority but all of which lacking software development responsibility, who have been designated in writing by notice to all counsel at least fifteen (15) calendar days prior to any disclosure of Confidential Information to such employee, and who have signed a document in the form of Exhibit "A" attached hereto (such signed document to be filed with the Clerk of this Court by the attorney representing that party); and

(d)     If this Court so elects, any other person may be designated as a Qualified Persons by Order of this Court, after notice to all parties and hearing.

4.　Documents, materials, or information that may appropriately be designated **CONFIDENTIAL-TRIAL COUNSEL ONLY** are such documents, materials, or information, the disclosure of which, notwithstanding the other terms of this Protective Order, would place the designating party at a competitive disadvantage, and is limited to:

(a)　confidential market intelligence, sales leads or inquiries, sales quotations, clinical evaluations, sales orders;

(b)　marketing, planning or other documents that disclose future advertising, promotional or competitive plans;

(c)　financial and accounting data; and

(d)　non-public specifications, materials, software, hardware, flowcharts, design and development documents, and quality assurance data (which should be marked **CONFIDENTIAL-TRIAL COUNSEL ONLY (TECHNICAL INFORMATION))**.

5.　Documents or materials in categories 4(a), 4(b), and 4(c) above, or otherwise containing non-technical information, which are designated **CONFIDENTIAL-TRIAL COUNSEL ONLY** shall not be disclosed to any person except the following Qualified Persons:

(a)　Attorneys of record, attorneys supervising or working under the direction of an attorney of record, and employees of such attorneys to whom it is necessary that the material be shown for purposes of the above-captioned litigation, provided that such persons are not involved in patent prosecution for any party in the case or any other party who develops, markets, or sells a product that competes with the product(s) subject to discovery in this litigation;

(b)　Actual or potential independent technical experts or consultants who have been designated in writing by notice to all counsel prior to any disclosure of Confidential

Information to such person, and who have signed a document in the form of Exhibit "A" attached hereto (such signed document to be filed with the Clerk of this Court by the attorney retaining such person), provided that such persons agree in writing not to perform any work for any party in the case, or any of their competitors, in a non-litigation capacity for a period of one year following the last date on which the person is exposed to any Confidential Information; and

(c)     No more than three in-house attorneys of each of the parties (and their clerical employees, as necessary) who have been designated in writing by notice to all counsel prior to any disclosure of Confidential Information to such persons, and who have signed a document in the form of Exhibit "A" attached hereto; and

(d)     If this Court so elects, any other person may be designated as a Qualified Person by Order of this Court, after notice to all parties and hearing.

6.     A party may produce computer source code at a reasonable location as designated by the party producing the source code for inspection.  Computer source code properly designated **CONFIDENTIAL-TRIAL COUNSEL ONLY** is referred to herein as "Trial Counsel Only Source Code."  All Trial Counsel Only Source Code, as well as all excerpts, extracts, abstracts, charts, summaries, and notes made from Trial Counsel Only Source Code (collectively "Trial Counsel Only Source Code Information"), and documents or materials in category 4(d) above or otherwise containing technical information shall be designated **"CONFIDENTIAL-TRIAL COUNSEL ONLY (TECHNICAL INFORMATION)."**  Trial Counsel Only Source Code shall be deemed produced if a copy of the identified source code is made available in electronic form for inspection and use in an inspection room under the control of the producing party with the following restrictions:

(a)    The inspection room shall be made available during regular business hours on one (1) week's advance notice before the first visit by the inspecting party and twenty-four (24) hours advance notice of the second and subsequent visits. The producing party shall use reasonable efforts to make the inspection room available during evening and weekend hours on twenty-four (24) hours advance notice, where such notice is provided on a business day, but the inspecting party will pay for reasonable costs involved in making the inspection room available during evening and weekend hours.

(b)    Access to the inspection room (on the inspecting party side) will be limited to Qualified Experts, attorneys of record, attorneys supervising or working under the direction of an attorney of record, and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation, provided that such persons are not involved in patent prosecution for any party in the case or any other party who develops, markets, or sells a product that competes with the product(s) subject to discovery in this litigation. A "Qualified Expert" is an independent technical expert or consultant who has been designated in writing by notice to all counsel prior to any disclosure of Confidential Information to such person, and who has signed a document in the form of "Exhibit A" attached hereto (such signed document to be filed with the Clerk of this Court by the attorney retaining such person), provided that such persons agree in writing not to perform any work for any party in the case, or any of their competitors, in a non-litigation capacity for a period of one (1) year following the last date on which the person is exposed to any Confidential Information. Any person present during the inspection of code pursuant to this provision shall be subject to deposition, and any deposition limited to the subject of the inspection shall not count against any agreed limits.

Page 5 of 24

(c)     The inspection room shall have an appropriate computer system loaded with the source code, as well as any relevant documentation. The computer system on which the source code is provided shall have a read-only CD-ROM drive and a monitor. The producing party shall provide an attendant, reasonably available during the use of the inspection room by the party reviewing the source code, to respond to technical problems.

(d)     The inspecting party shall not be permitted to output information onto any portable, non-portable, or network media from the inspection room computer system by any means even if such means exist on the system (e.g., floppy drive, CD-R/RW drive, Ethernet/Internet/email access or USB).

(e)     The inspecting party shall not tamper with the equipment or software provided by the producing party, including the making of any alterations to the hardware or software, disassembling or opening the hardware, removing, even temporarily, any portion of the hardware, or attaching to, or installing in the hardware any devices, cables, or equipment or software. The inspecting party may install additional analysis  tools onto the computer system to assist in its inspection and analysis of the source code, but the producing party shall have the right to control any such installation.

(f)     The party inspecting the source code shall be permitted to designate (e.g., by file or by describing the code desired) to the attendant or the producing party's counsel such printouts as it desires for its use within the inspection room and as it believes are reasonably necessary for its evidentiary use in the case. These printouts may be removed from the inspection room but must be marked with a document production number and a designation under this Protective Order as "**CONFIDENTIAL-TRIAL COUNSEL ONLY–SOURCE CODE.**"

(g)     The inspecting party may retain and remove from the inspection room its own notes. The producing party may review and retain copies of the notes. Any and all notes or other documents, including any report(s) or any portions of any report(s) prepared by the expert as a result of the inspection shall be designated with the case name, docket number, and be marked as **"CONFIDENTIAL-TRIAL COUNSEL ONLY (TECHNICAL INFORMATION)."**

(h)     For the printouts of paragraph 6(f) and notes of paragraph 6(g), the producing party shall have twenty-four (24) hours if requested on a weekday, or seventy-two (72) hours if requested on a weekend, in which to object in writing to the inspecting party as to the extent or relevance of the printout(s) or note(s). If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection. If the objection is not resolved, the producing party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject printout(s) or note(s). The subject printout(s) or note(s) shall be retained by the producing party, pending the Court's resolution of the motion.

(i)     The producing party shall not intentionally violate the confidentiality and privacy of the analysis of the source code by the party inspecting the source code, but may inspect the inspection room before and after visits by the inspecting party. To maintain confidentiality and privacy, the inspection room shall be equipped with a paper shredder for use by the party inspecting the source code.

6.1.    The producing party may, in its discretion, use its own source code in deposition examinations of its opponents' witnesses. Before doing so, the producing party must provide its opponent at least three (3) day's notice of what specific code it intends to employ. In addition, the producing party must make all source code produced for inspection available at the deposition site

Page 7 of 24

in a printed format or in a conveniently searchable electronic format. If made part of the deposition record, the source code and any testimony relating to it shall be designated as "CONFIDENTIAL-TRIAL COUNSEL ONLY (TECHNICAL INFORMATION)." The opposing party shall not be precluded from using the source code and any testimony relating to it in the deposition examinations.

6.2.    The producing party may, in its discretion, use its own source code at trial (with its own or its opponent's witnesses). At least ten (10) days before the start of trial, the producing party must provide its opponent notice of what specific code it intends to employ. In addition, the producing party must make all source code produced for inspection available throughout trial at the trial (or otherwise mutually agreeable) site both in hard copy and in a conveniently searchable electronic format. If made part of the trial record, the source code and any testimony relating to it shall be designated as "CONFIDENTIAL-TRIAL COUNSEL ONLY (TECHNICAL INFORMATION)." The opposing party shall not be precluded from using the source code and any testimony relating to it at trial.

7.      The restrictions in this Order are not intended to preclude the receiving party from using reasonable excerpts of Trial Counsel Only Source Code in depositions exhibits, trial exhibits, expert reports, and other documents for purposes of this action, subject to all of the restrictions set forth in this Order that are applicable to CONFIDENTIAL-TRIAL COUNSEL ONLY information. However, the parties shall make best efforts to limit the number and size of excerpts of Trial Counsel Only Source Code so used.

8.      Documents produced in this action may be designated CONFIDENTIAL or CONFIDENTIAL-TRIAL COUNSEL ONLY by marking each page:

"CONFIDENTIAL" "CONFIDENTIAL-TRIAL COUNSEL ONLY" or "CONFIDENTIAL-TRIAL COUNSEL ONLY (TECHNICAL INFORMATION)" or "CONFIDENTIAL-TRIAL COUNSEL ONLY-SOURCE CODE," as appropriate.

8.1.   All transcripts, depositions, exhibits, or other documents filed by any party with the Court for any purpose and which are designated as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY**, or any pleading or memorandum purporting to reproduce or paraphrase such information or material, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the term **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** and a statement substantially in the following form:

> This envelope contains documents which are filed in this case by [name of party].  The documents are not to be displayed or revealed except by agreement of the parties or by Order of the Court.

8.2.   Where possible, those pages designated **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** and subject to this Protective Order shall be segregated from the remainder of the associated material and filed separately.  Further, counsel for either party or for a nonparty, in claiming that any document, material, or information is subject to this Protective Order during any deposition, shall designate those portions of the examination which are claimed to disclose such document, material, or information as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** prior to or at the time that the deposition transcript is submitted to the Court.  A transcript submitted to the Court before the completion of the thirty (30) day period set forth in section 9.1 below must be submitted as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY.**

8.3.     In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged.

9.     Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for purposes of this litigation, or (b) the deposition of a third party may be designated **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** by indicating on the record at the deposition that the testimony is **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** and is subject to the provisions of this Protective Order.

9.1.     A party may also designate information disclosed at such deposition as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** by notifying all of the parties, in writing, within thirty (30) days after receipt of the transcript by the designating party, of the specific pages and lines of the transcript which should be treated as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** thereafter.  All deposition transcripts shall be treated as **CONFIDENTIAL-TRIAL COUNSEL ONLY** for a period of thirty (30) days after receipt of each of the transcripts.  Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. Notwithstanding anything to the contrary in this Protective Order, any deponent may review the transcript and exhibits of his or her own deposition at any time.

9.2.     To the extent possible, the Court Reporter shall identify the information designated as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** by inserting line and/or page breaks immediately before and after such information in the transcript, and indicating that the information between those breaks is **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL**

ONLY.

10. Copies of **CONFIDENTIAL** documents provided to a party shall be maintained in the offices of the party's counsel. Copies of any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of paragraph 3(b), shall be maintained only at the office of such Qualified Persons and only working copies shall be made of any such documents. Copies of **CONFIDENTIAL-TRIAL COUNSEL ONLY** documents shall not be maintained in the offices of any party. Notwithstanding the foregoing, copies and drafts of affidavits, briefs, memoranda of law, or other papers filed under seal in this litigation may be maintained by a Qualified Person of paragraph 3(c) in the offices of a party. Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent printers or illustrators for the purpose of this litigation.

11. Unless otherwise agreed to by the parties prior to or at the time of inspection, all documents shall be treated as **CONFIDENTIAL-TRIAL COUNSEL ONLY** until such time as copies are provided to the requesting party. At the time of copying for the receiving party, such inspected documents shall be stamped prominently as set forth in paragraph 6 by the producing party.

12. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if each and every party designating the information as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** consents to such disclosure or if the Court, after notice to all affected parties, orders or permits such disclosure. Nor shall anything herein prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Confidential Information, irrespective of which party produced such information.

If a party designates any discovery response, report, affidavit, brief, memorandum of law, or other paper filed in this litigation **CONFIDENTIAL-TRIAL COUNSEL ONLY** because such document contains or is based on Confidential Information of the other party, this Protective Order shall not prevent the disclosure of the document to such other party.

13.     In the event that any party to this litigation disagrees with the designation of any information as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY**, or the designation of any person as a Qualified Person, the parties shall attempt to resolve the dispute through the following means:

(a)     Any party to this litigation may dispute the other party's designation of information as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY**, at any time; failure to challenge the designation at the time it is made shall not preclude a subsequent challenge thereto. The complaining party shall alert the designating party of its objection and the parties shall make good faith attempts to resolve the dispute on an informal basis. If the dispute cannot be resolved informally within seven (7) days of the complaining party raising the challenge, the complaining party shall have fifteen (15) days to seek judicial assistance. For removal of the designated status, the complaining party shall have the burden of establishing that one of the exceptions listed in subparts (a)-(d) of paragraph 13.2 below applies to the allegedly Confidential Information. Until resolution of the challenge, the designated information shall be maintained in accordance with this Protective Order.

(b)     Any challenge to the designation of any person as a Qualified Person under paragraphs 3(b) or 3(c) must be made within fifteen (15) days of receipt of his/her designation. If the challenge cannot be resolved by informal means within seven (7) days of the complaining party

Page 12 of 24

raising the challenge, the designating party shall have fifteen (15) days to move for a judicial Order confirming the designation of such Qualified Person. The designating party shall have the burden of establishing the independence and the integrity of the Qualified Person whose status is challenged. Until resolution of such challenge, the challenged Qualified Person shall not have access to material which has been designated as **CONFIDENTIAL-TRIAL COUNSEL ONLY**.

13.1. The parties may, by stipulation, provide for exceptions to this protective order and any party may seek an Order of this Court modifying this Protective Order.

13.2. Nothing shall be designated as **CONFIDENTIAL-TRIAL COUNSEL ONLY** information except information of a sensitive nature, which if disclosed to outside persons would reveal technical or business advantages of the producing or designating party. In designating information as **CONFIDENTIAL-TRIAL COUNSEL ONLY**, the designating party will use such designations only as to that information which it in good faith believes contains information in which it has a proprietary interest. Information or material which is not treated by the designating party as a trade secret or confidential or which is available to the public, including, but not limited to, catalogues, advertising materials, and the like shall not be classified as **CONFIDENTIAL-TRIAL COUNSEL ONLY**. Nothing shall be regarded as **CONFIDENTIAL-TRIAL COUNSEL ONLY** information if it is information that:

(a)  is publicly known or is generally known to computer programmers or the computer software industry at the time of disclosure, as evidenced by a written document, device or thing;

(b)  becomes publicly known or generally known to computer programmers or the computer software industry through no fault of the receiving party, as evidenced by a written

document, device or thing;

        (c)     the receiving party can show was in its rightful and lawful possession at the time of production or disclosure, as evidenced by a written document, device or thing; or

        (d)     the receiving party lawfully receives at a later date from a third party without restriction as to disclosure. If the receiving party lawfully receives information at a later date from a third party with restriction as to disclosure, nothing in this Protective Order shall prohibit or restrict any disclosure lawfully permitted by the third party.

      14.    The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony, answers to interrogatories, admissions and other documents filed in court in this litigation which have been designated, in whole or in part, as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** for information by a party to this action.

      15.    A party may use in any affidavit, briefs, memoranda of law, or other papers filed in this litigation **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** information, but any such documents shall be maintained under seal by the Court.

      16.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions in this Protective Order. With respect to documents or other information subject to the provisions in this Protective Order that have been designated by the parties as exhibits or other evidence for trial, confidentiality designations for purposes of the trial, if any, will be dictated on an exhibit-by-exhibit basis on the trial record outside of the jury's hearing.

      17.    Within sixty (60) days after the conclusion of this litigation, any documents and all reproductions of any documents produced by a party, in the possession of the persons qualified under

3(a)-(c), shall be returned to the producing party or destroyed by the receiving party, provided written

certification of the destruction is sent to the producing party within this same time frame; or except

as this Court may otherwise order or to the extent such information was used as evidence at the trial,

and counsel for the receiving party may retain one copy for archival purposes at the offices or storage

facilities of such legal counsel. As far as the provisions of this Protective Order restrict the

communication and use of any documents produced hereunder, this Protective Order shall continue

to be binding after the conclusion of this litigation except (a) that there shall be no restriction of

documents that are used as exhibits in Court (unless such exhibits were admitted under seal); and

(b) that a party may seek written permission from the producing party or Order of the Court with

respect to the dissolution or modification of this Protective Order.

18.     Any party designating any person as a Qualified Person under paragraphs 3(b) or (c)

shall have the duty to ensure that such person has signed a document in the form of Exhibit "A"

attached hereto.

19.     Persons who are not Qualified Persons under this Protective Order may be

interviewed or examined by any party concerning all Confidential Information produced under this

Protective Order for which such persons have prior knowledge; i.e., knowledge before or near the

creation of the Confidential Information in question;. Furthermore, persons who are not Qualified

Persons under this Protective Order may be interviewed or examined as witnesses at depositions and

trial concerning all Confidential Information produced under this Protective Order of which such

persons have prior knowledge. In addition:

(a)     It will not be a violation of this Protective Order for a present employee of a

party to be examined by that party as a witness at depositions and trial concerning all Confidential

Page 15 of 24

Information produced under this Protective Order of which that person had prior knowledge, i.e., knowledge before or near the creation of the Confidential Information in question;

(b)     It will not be a violation of this Protective Order for a former employee of a party to be examined by that party at depositions and trial concerning all Confidential Information produced under this Protective Order which pertains to the period or periods of the former employee's employment and prior thereto of which that person had prior knowledge;

(c)     It will not be a violation of this Protective Order for a present or former consultant to a party to be examined by that party at depositions and trial concerning all Confidential Information produced under this Protective Order which pertains to the subject matter of the consultant's consultations;

(d)     It will not be a violation of this Protective Order for non-parties to be examined at depositions and trial concerning any document containing Confidential Information of a producing party produced under this Protective Order which appears on its face or from the documents or testimony to have been received by or communicated to the nonparty as a result of any contact or relationship with the producing party, or a representative of such party. Other than court personnel and court reporters, only the witness, his attorney and other persons to whom the Confidential Information produced under this Protective Order in question may be communicated under this Protective Order may be present at any examination concerning said Confidential Information.

20.     The terms of this Protective Order shall be applicable to any third party who produces information designated by such third party or a party hereto as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY.**

## II.     EMAIL DOCUMENT DISCOVERY

This Email Document Discovery Protocol, set forth in Section II herein, be entered according to the following agreed terms:

**Summary of Protocol**

The general procedure to be followed by the party responding to any document requests seeking production of, inter alia, email (the "Responding Party") under this protocol comprises the following steps:

1.     Identification of Likely Sources of Potentially Responsive Email Documents: The Responding Party identifies custodians of email messages that are likely to be responsive to discovery requests, including but not limited to custodians of individually retained email, and custodians of group retained email (e.g. mailing list messages) (the "Custodians"), and creates a computer-searchable email data set or multiple data sets ("Email Discovery Data Set(s)"), as described below. The Email Discovery Data Set(s) may be, but need not necessarily be, the same for all document requests.

2.     Electronic Identification of Potentially Responsive Email Documents in the Email Discovery Data Set(s): The Responding Party uses electronic queries to identify email messages in the Email Discovery Data Set(s) that may be responsive to discovery requests.

3.     Human Identification of Potentially Responsive Email Documents: The Responding Party reviews email messages identified in the previous step and identifies email messages that are responsive to the discovery requests, subject to any appropriate objections and/or privileges.

4.     Production of Non-Privileged, Non-Objectionable Responsive Email Documents: In this step, the Responding Party produces as electronic files, including an image file and a load file

containing all available associated meta data, any non-privileged, non-objectionable responsive documents identified in the prior step.

Each of these steps is described in greater detail below.

**Identification of Likely Sources of Potentially Responsive Email Documents**

    A.    The Responding Party shall identify the Custodians, either for a particular document request or requests, or for all document requests. The Responding Party shall collect email messages from the Custodians and create one or more Email Discovery Data Sets according to the following criteria:

    1.    The Email Discovery Data Set(s) may or may not be composed of a unified database, and may or may not reside on a single computer hard-disk or other media, but will be designed to facilitate and allow text-based computer searching across the data set using query language. To the extent reasonably possible, the Email Discovery Data Set(s) shall be designed to allow searching of attachments. However, due to the multitude of file formats for email attachments and other complicating factors (such as the possibility that the attachments may be encrypted, compressed, or may include imaged data (e.g. TIFF files)), the parties recognize that not every attachment will be searchable.

    2.    The Email Discovery Data Set(s) shall include all email messages in the Custodians' active corporate email accounts, as well as email messages stored on the hard drives and network storage locations of the Custodians.

    3.    The Responding Party shall determine whether any Custodian has stored email messages in any network storage location(s) other than the Custodian's active

corporate email account. If so, the Responding Party shall include in the Email Discovery Data Set(s) email messages present at such network storage location(s) on the date of the collection of that email from that Custodian.

4.    If any messages included in the Email Discovery Data Set(s) included attachments, such attachments shall be included in the Email Discovery Data Set(s).

5.    The Responding Party shall make reasonable efforts to eliminate duplicate email messages in the Email Discovery Data Set(s). For purposes of this subsection, a duplicate email message is defined to be any message that has exactly the same content as any other message in the Email Discovery Data Set for all of the following fields: Author, To, CC, BCC, Subject, Body, and Attachment.

6.    In order to satisfy continuing discovery obligations under the Federal Rules so that supplemental productions may be made, and subject to document retention policies and practices applicable in the normal course of business, the Email Discovery Data Set(s) shall be updated from time to time while discovery remains open in this case.

B.    Upon request, the Responding Party shall identify to the Propounding Party the Custodians the Responding Party identified for the Email Discovery Data Set(s) for one or more document requests, as well as the sources from which email messages were collected for those Custodians. Within ten (10) days of such identification, the Propounding Party may object to the Responding Party's selection of Custodians or any particular document request, in which case the parties shall meet and confer regarding the selected Custodians. Should the parties be unable to resolve their differences concerning the selected Custodians, the propounding party may file an appropriate discovery motion to resolve the dispute.

**Electronic Identification of Potentially Responsive Email Documents in the Email Discovery Data Set(s)**

C.     For each document request, the Propounding Party will provide the Responding Party with query language ("Search Queries") designed to facilitate a text-searchable computer search of the Email Discovery Data for responsive email messages and attachments. For each search query proposed that generates less than 20 or more than 1,000 non-duplicate "hits," the Responding Party shall notify the Propounding Party of the number of hits and the Propounding party shall have, at its option, one opportunity to modify the search request language. The Responding Party will be entitled to object to the provided Search Queries, if it believes they are unreasonable, in which case the parties shall meet and confer regarding the Search Queries. Should the parties be unable to resolve their differences concerning the provided Search Queries, the propounding party may file an appropriate discovery motion to resolve the dispute. Assuming the parties are able to resolve any differences regarding Search Queries provided by the Propounding Party, the Responding Party shall use any such provided Search Queries in conducting its search for responsive email messages.

D.     For purposes of document requests served prior to the parties' agreement to this email document discovery protocol, the Propounding Party may, but is not required to, provide the Responding Party with Search Queries within three weeks of the date that the parties agree to this protocol. The Responding Party may object to any such Search Queries within three weeks of the service of those Search Queries, setting forth the grounds for its objections with particularity.

E.     Unless otherwise ordered by the Court or stipulated between the parties, the Responding Party need not search for email messages responsive to any document requests beyond the Email Discovery Data Set(s).

**Human Identification of Potentially Responsive Email Documents**

F.    Nothing herein is intended to presume or require that all "hits" generated by a Search Query pursuant to Sections C-F above will be discoverable. Rather, the purpose of this provision is to create an efficient framework for the document gathering process applicable to email (i.e. for identifying and defining the universe of emails that should be reviewed for potential production). However, documents withheld by the responding party on the basis of privilege shall be identified on a privilege log.

**Production of Non-Privileged, Non-Objectionable Responsive Email Documents**

G.    Except as otherwise ordered by the Court or stipulated between the parties, the Responding Party shall bear the cost of assembling and searching the Email Discovery Data Set, as well as producing any relevant email messages and attachments. The Responding Party shall produce such documents as image files such as TIFF- or PDF-formatted files, and shall also produce associated load files including at least (a) the starting and ending bates number of the image associated with the load file, (b) the searchable text of the document that has been imaged, and (c) the email metadata, including but not limited to, date/time sent, sender, recipient(s), cc/bcc, and the field identifying the name of any attachments to the email.    The parties will engage in meet-and-confer discussions for the purpose of establishing a format for the load files that each party will produce, which format will be designed to minimize the time and expense the Propounding Party will incur in utilizing the images and associated load files. While each Responding Party will produce all of its load files in the same format to the Propounding Party or Parties, the load file formats may differ among the Responding Parties.

Page 21 of 24

H.    Because the process of creating an Email Discovery Data Set under this Section will be very time-consuming, the parties agree that the due dates for physical document production that would otherwise apply under the Federal Rules of Civil Procedure shall not apply to production of emails and that, instead, the parties will engage in meet-and-confer discussions for the purpose of establishing appropriate schedules for production; provided that, for any document requests served before an Email Discovery Data Set is created, the due date for physical production of email shall be presumed to be at least 60 days beyond the normally applicable production deadline under the Federal Rules.

**Miscellaneous**

I.    Nothing in this email discovery protocol is intended to relieve any party of the obligation to identify, gather and produce records kept in hard-copy form or any form other than email (including electronic documents and data) that is readily accessible through a manual search, subject to all objections that would normally apply.

J.    For good cause shown, either party may seek an order from the Court suspending or varying the terms of the email document discovery protocol set forth above, including but not limited to seeking an order requiring the other party to include email messages from available backup tapes or other backup media. In crafting such an order, the Court may make any appropriate modification to or suspension of the foregoing protocol, including but not limited to shifting costs to be borne by the parties.

### III.   INADVERTENT DISCLOSURE

This Inadvertent Disclosure Protocol, set forth in Section III below herein, be entered according to the following agreed terms:

If a party inadvertently produces information or documents that it considers privileged or protected material, in whole or in part, it may retrieve such information or documents or parts thereof, memoranda and other material, as follows:

1.   Within fifteen (15) days of the discovery of the inadvertent production, but no later than thirty (30) days prior to the discovery cut-off, the producing party shall give written notice to all parties who received copies of the produced document that the producing party claims said document, in whole or in part, to be privileged or protected material and must state the nature of the privilege protection.

2.   Upon receipt of such notice, all parties who have received copies of the produced documents shall cease using the documents and, to the extent practicable, return them to the producing party.  In the event that only parts of the documents are claimed to be privileged or protected, the producing party shall furnish redacted copies of such privileged or protected documents, removing only the part(s) thereof claimed to be privileged, to all parties within ten (10) days of their return to the producer.

3.   After timely service of such notice, no motion to compel the production of the produced document may rely on an allegation that any privilege or protection as to the document was waived by its production.  However, in deciding the motion to compel, the Court (or any subsequently appointed discovery referee) may take into account any undue prejudice to the moving party(ies) resulting from its reliance on the production of the document.

Page 23 of 24

4.      Nothing herein shall preclude any recipient of such notice from promptly moving for an order compelling production of such document on the ground that the claim of privilege or protection is not well founded. In that event, the inadvertently produced document may be reviewed by the Court (or discovery referee) to determine if the claim of privilege or protection is well founded.

## IV.    COMMUNICATIONS WITH EXPERTS

The parties will not exchange communications with expert witnesses, with the exception of communicating factual information that is relied upon by a testifying expert if the factual information has not otherwise been disclosed. Moreover, the parties will not exchange expert work product, including but not limited to drafts of expert reports.

## V.    DISCOVERY REGARDING WILLFULNESS

The parties will not exchange discovery regarding allegations of willfulness until sixty (60) days prior to the fact discovery cutoff set by the court.

SIGNED this __2nd__ day of December 2004.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

Page 24 of 24

EXHIBIT A

<u>UNDERTAKING</u>

STATE OF       §
                   § ss.
COUNTY OF     §

I, _____ _____, being first duly sworn state that:

1.      My home address is _____

_____

         My business address is _____

_____

2.      My present occupation or job description is _____

3.      The name of my employer is _____

4.      I have received a copy of the Protective Order in this case signed by United States District Judge David J. Folsom on November ____, 2004 in the case of <u>Symantec Corp. and PowerQuest Corp. v. Altiris, Inc.</u>

I have carefully read and understand the provisions of the Stipulated Protective Order, will comply with all of its provisions, and will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Confidential Information designated as **CONFIDENTIAL** or **CONFIDENTIAL-TRIAL COUNSEL ONLY** pursuant to the Stipulated Protective Order or any words, substances, summaries, abstracts or indices of such designated Confidential Information disclosed to me, subject to the exceptions and provisions of the Stipulated Protective Order. I will return all such designated Confidential Information and summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am retained.

Signed: _____

Subscribed and sworn to before me this _____ day of _____, 200__.

_____
Notary Public, _____ County,

_____
My Commission Expires: _____

A - 1

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |  |
|---|---|---|
| Caritas Technologies, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2-05CV-339DF |
| | ) | |
| v. | ) | JURY |
| | ) | |
| Comcast Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AGREED PROTECTIVE ORDER

This Agreed Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified, superseded, or terminated pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation, and thereafter as set forth below.

In support of this order, the Court finds that:

1.     Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.     To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.    Scope.  This Protective Order shall apply to all information, documents and things subject to discovery in this action produced either by a party or a non-party in discovery in  this action ("Discovery Materials").  A non-party producing Discovery Materials shall be entitled to the same protections as a party.  References to a "producing party" in this Order shall also cover a third-party that produces Discovery Materials.

2.    Designation of Confidentiality.  Discovery Materials containing Confidential Information are referred to as "Confidential Material."  Except as otherwise indicated herein, all Confidential Material disclosed or produced during this litigation is entitled to confidential treatment as described herein and may be designated as such in the following ways:

a.    in the case of documents and the information contained therein, by placing the legend "CONFIDENTIAL" on the face of each such document;

b.    in the case of interrogatory answers and the information contained therein, by means of a statement at the conclusion of each answer specifying the Confidential Information contained therein or by other means that clearly indicate what material in the interrogatory answers is considered confidential, and by placing the legend "CONTAINS CONFIDENTIAL MATERIAL" on the front of any set of interrogatory answers containing Confidential Material;

c.    in the case of testimony given at a deposition and each transcript thereof, all deposition testimony and each deposition transcript shall presumptively be treated as Confidential Material for a period of thirty (30) days following receipt of the transcript by counsel for the deponent and counsel for any producing party who's confidential information may included in the deposition.  Within said time, information may be designated "CONFIDENTIAL" by identifying any pages of the transcript containing such Confidential Information, and by notifying all counsel of record, in writing, of said designation, after which Counsel for each party shall be responsible for so marking the designated pages of copies of the transcript in their possession. If no such notification is made by counsel within said time, the transcript shall be considered not to contain Confidential Material;

     d.   in the event of the production or disclosure of Confidential Material not designated as such prior to, or contemporaneously with, such production or disclosure, by designating the Confidential Material as provided in subsections 2.a through 2.c above, and by giving appropriate notice to counsel for all parties. Notwithstanding the preceding sentence, no receiving party shall have any obligation or liability to seek return of de any disclosure of the information that may have occurred prior to the receipt of such notice.

3.    **Limitations on Designation.**  Confidential Materials shall not include (a) advertising materials, and (b) materials that on their face show that they have been published to the general public.

4.    **Objections to Designation.**  At any time after the delivery of Confidential Material, counsel for the party or parties receiving the Confidential Material may object to the designation of all or any portion thereof by providing written notice of such objection to counsel for the party disclosing or producing the Confidential Material. If the parties are unable to agree, as to whether the confidential designation is appropriate, the objecting party or parties shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Confidential Material and, thereafter, shall have ten (10) days from the date of certification to file a motion for determination of whether the designation should be removed. The party or parties producing the Confidential Material shall have the burden of establishing that the disputed Confidential Material is entitled to confidential treatment. If the objecting party or parties do not timely file a motion to compel, then the Confidential Materials in dispute shall continue to be subject to confidential treatment as provided in this Order. All Discovery Materials designated as Confidential are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, or a contrary determination is made by the Court. The failure of any party to object to the designation of

information as Confidential Material at the time of its designation shall not be deemed a waiver

of its right to challenge the propriety of such designation at any time thereafter.

5.    Confidential Treatment.  Confidential Material and any information contained

therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone

for any purpose whatsoever, except as provided for below. Nothing contained in this Protective

Order shall preclude a party or non-party from using or disseminating its own Confidential

Material.  Confidential Material and any information contained therein shall be used solely for

the prosecution or defense of this litigation.

6.    Disclosure of Confidential Material.  Confidential Material and any information

contained therein shall be disclosed only to the following persons ("Qualified Persons"):

a.    Outside counsel of record in this action for the party or party receiving
Confidential Material or any information contained therein.  Any
individual outside counsel of record who receives Confidential Material
may not participate in patent prosecution for the receiving party, and the
individual outside counsel who receives Confidential Material may not
discuss the Confidential Material with anyone involved in patent
prosecution for the receiving party;

b.    Employees and agents of such counsel, including paralegals, investigative,
litigation support services, secretarial and clerical personnel assigned to
and necessary to assist such counsel in the preparation and trial of this
action;

c.    Two in-house counsel for Comcast and one in-house support employee
(e.g. paralegal or secretary) at Comcast, except that source code may not
be disclosed to in-house counsel or their support employees;

d.    Any expert, and employees and assistants under the control of such an
expert, who (1) is engaged by counsel in this litigation, whether or not
such expert is paid directly by a party, and (2) is not regularly employed
by or associated with a party hereto and whose advice and consultations
are being or will be used by a party hereto only in connection with this
action, subject to the terms and conditions set forth in paragraph 7 herein;

e.    At a deposition, any person who authored or has previously received the
particular Confidential Material sought to be disclosed to that person, if

the document on its face establishes that person authored or received the document;

    f.    After providing counsel for the producing party or non-party a reasonable opportunity to review the document and object, any person employed at the time of the deposition by the party or non-party that designated the particular document or piece of information as confidential. In the event of such objection, it shall not be shown to the employee until the Court rules on the objection;

    g.    Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony; and

    h.    The Court.

7.    <u>Source Code</u>. Confidential Materials contain, embody, or otherwise reflect a

party's source code shall be provided the following further protections:

    a.    Any and all such source code, regardless of form, shall be maintained in the sole control and custody of U.S. outside counsel of record for the producing party in the United States only ("Source Code Custodian").

    b.    Any hard (non-electronic) copies of such source code, including printouts from an electronic production, shall be stored and viewed only within the United States at: (i) a single designated United States office of the Source Code Custodian; (ii) the site where any deposition relating to the source code is taken; (iii) the Court; or (iv) any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to a deposition). Any and all such copies shall be maintained in a secured, locked area. For each and every non-electronic copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy. The parties shall negotiate reasonable limitations on the amount of source code that is released by producing party at any given time. To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area. Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

    c.    Any source code produced in electronic form shall be stored and viewed only at a single designated United States office of the Source Code Custodian and shall be maintained in a secured, locked area. No electronic copies of such source code shall be made. Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or

computer network) located within the single designated United States office of the Source Code Custodian. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard copies of any portion of the code were printed and the portion of the code printed. The entire code or an unnecessarily large portion of the code shall not be printed. The parties shall negotiate reasonable limitations on the amount of source code that is released by producing party at any given time.

8. <u>Procedure for Disclosure to Experts.</u> With respect to persons described in paragraph 4(e)6(d), a written statement setting forth such person's present residence address and business address, current employer and job title, and any company in the telecommunications industry for whom said person has consulted or worked during the past ten (10) years <u>shall be delivered to counsel of record</u>, at least ten (10) business days before any initial disclosure of Confidential Material. If any party objects to the disclosure of Confidential Material to such person by 5:00 p.m. Pacific time on the 10th business day after receiving notice, no such disclosure shall be made to that person, and the party making the objection shall be obliged, within five (5) business days of its objection, to move the Court for an order denying such access, and to request expedited action on the motion. If no motion is made within that period, the objection shall be deemed withdrawn, and the information may then be disclosed to the expert pursuant to this Protective Order. If such a motion is made, pending resolution of any petition or motion to prevent or qualify the disclosure, no disclosure shall be made to such person.

9. <u>Copies.</u> The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

10.   <u>Use in Litigation</u>.  To the extent that Confidential Material or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Material or information contained therein.  <u>Counsel shall make filings under seal to the extent necessary to prevent public disclosure of Confidential Material.</u>

11.   <u>Court Reporters</u>.  Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12.   <u>Inadvertent Production</u>.  Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

13.   <u>Non-Publication of Confidential Material</u>.  The party or parties receiving Confidential Material shall not under any circumstances sell, offer for sale, advertise, or publicize Confidential Material or any information contained therein.

14.   Inadvertent production of Discovery Material in this action shall not in itself be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to such Discovery Material, or other documents or communications, written or oral, including without limitation, other communications referred to in the Discovery Material produced.  Nothing in this paragraph shall prejudice the right of any party to seek

discovery of communications, documents and things as to which a claim of privilege has been made.

15.    <u>Return of Materials</u>.  Within thirty (30) days of termination of this action by dismissal, final judgment (including any appeals), or settlement, all Confidential Material shall be returned to counsel for the party or parties who disclosed or produced it, or destroyed, in which case the party destroying it shall certify that it has been destroyed.  The party or parties receiving the Confidential Material may keep their attorney work product referring or relating to any Confidential Material.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Confidential Material or any information contained therein. Nothing herein shall require the return or destruction of pleadings or other papers filed with the Court or served by the parties, even if those pleadings or papers contain or reflect Confidential Information; any such pleadings or papers not returned or destroyed remain subject to the provisions of this Order.

16.    <u>Parties Bound</u>.  This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

17.    <u>Amendments</u>.  This Protective Order shall not foreclose a party from moving this Court for an order that Confidential Material within the meaning of this Protective Order is, in fact, not confidential or otherwise protectable under Federal Rule of Civil Procedure 26(c).  In addition, this Protective Order shall not prevent a party from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

18.    Continuing Effect.  After termination of this litigation, the provisions of this

Order shall continue to be binding, except with respect to those documents and information that

become a matter of public record.  This Court retains and shall have continuing jurisdiction over

the parties and recipients of the Confidential Material for enforcement of the provisions of this

Order following termination of this litigation.  This Protective Order shall remain in force and

effect until modified, superseded, or terminated by consent of the parties or by Order of the

Court made upon reasonable written request.


IT IS SO ORDERED.

Date:_____          _____
                                DAVID FOLSOM
                                United States District Judge

02815/00502 433014.1

# EXHIBIT F

Case 2:07-cv-00398-CMS   Document 186-35   Filed 06/28/2007   Page 2 of 11
Case 2:05-cv-00443-TJW-CE   Document 43-7   Filed 08/13/2006   Page 2 of 11

Case 2:05-cv-00339-DF     Document 49     Filed 01/05/2006     Page 1 of 10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

CARITAS TECHNOLOGIES, INC.,    §
                               §
           Plaintiff,          §
                               §
v.                             §    CIVIL ACTION NO. 2:05-CV-339 (DF)
                               §
COMCAST CORPORATION,           §
                               §
           Defendant.          §

## PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified, superseded, or terminated pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation, and thereafter as set forth below.

In support of this order, the Court finds that:

1.    Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.    To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

### IT IS THEREFORE ORDERED THAT:

1.    <u>Scope.</u> This Protective Order shall apply to all information, documents and things subject to discovery in this action produced either by a party or a non-party in discovery in this

-1-

Case 2:07-cv-00398-CMS   Document 186-35   Filed 06/28/2007   Page 3 of 11
Case 2:05-cv-00443-TJW-CE   Document 43-7   Filed 05/15/2006   Page 3 of 11
Case 2:05-cv-00339-DF   Document 49   Filed 01/05/2006   Page 2 of 10

action ("Discovery Materials"). A non-party producing Discovery Materials shall be entitled to

the same protections as a party. References to a "producing party" in this Order shall also cover

a third-party that produces Discovery Materials.

    2.    <u>Designation of Confidentiality.</u>  Discovery Materials containing Confidential

Information are referred to as "Confidential Material." Except as otherwise indicated herein, all

Confidential Material disclosed or produced during this litigation is entitled to confidential

treatment as described herein and may be designated as such in the following ways:

    a.    in the case of documents and the information contained therein, by placing the legend "CONFIDENTIAL" on the face of each such document;

    b.    in the case of interrogatory answers and the information contained therein, by means of a statement at the conclusion of each answer specifying the Confidential Information contained therein or by other means that clearly indicate what material in the interrogatory answers is considered confidential, and by placing the legend "CONTAINS CONFIDENTIAL MATERIAL" on the front of any set of interrogatory answers containing Confidential Material;

    c.    in the case of testimony given at a deposition and each transcript thereof, all deposition testimony and each deposition transcript shall presumptively be treated as Confidential Material for a period of thirty (30) days following receipt of the transcript by counsel for the deponent. Within said time, information may be designated "CONFIDENTIAL" by identifying any pages of the transcript containing such Confidential Information, and by notifying all counsel of record, in writing, of said designation, after which Counsel for each party shall be responsible for so marking the designated pages of copies of the transcript in their possession. If no such notification is made by counsel within said time, the transcript shall be considered not to contain Confidential Material;

    d.    in the event of the production or disclosure of Confidential Material not designated as such prior to, or contemporaneously with, such production or disclosure, by designating the Confidential Material as provided in subsections 2.a through 2.c above, and by giving appropriate notice to counsel for all parties. Notwithstanding the preceding sentence, no receiving party shall have any obligation or liability to seek return of any

disclosure of the information that may have occurred prior to the receipt of such notice.

3.     <u>Limitations on Designation.</u>  Confidential Materials shall not include (a) advertising

materials, and (b) materials that on their face show that they have been published to the general

public.

4.     <u>Objections to Designation.</u>  At any time after the delivery of Confidential

Material, counsel for the party or parties receiving the Confidential Material may object to the

designation of all or any portion thereof by providing written notice of such objection to counsel

for the party disclosing or producing the Confidential Material.  If the parties are unable to agree,

as to whether the confidential designation is appropriate, the objecting party or parties shall

certify to the Court that the parties cannot reach an agreement as to the confidential nature of all

or a portion of the Confidential Material and, thereafter, shall have ten (10) days from the date of

certification to file a motion for determination of whether the designation should be removed.

The party or parties producing the Confidential Material shall have the burden of establishing

that the disputed Confidential Material is entitled to confidential treatment.  If the objecting party

or parties do not timely file a motion to compel, then the Confidential Materials in dispute shall

continue to be subject to confidential treatment as provided in this Order.  All Discovery

Materials designated as Confidential are entitled to confidential treatment pursuant to the terms

of this Order until and unless the parties formally agree in writing to the contrary, or a contrary

determination is made by the Court.  The failure of any party to object to the designation of

information as Confidential Material at the time of its designation shall not be deemed a waiver

Case 1:07-cv-00398-GMS   Document 186-35   Filed 06/28/2007   Page 5 of 11
Case 2:05-cv-00443-TJW-CE   Document 43-7   Filed 08/13/2006   Page 5 of 11
Case 2:05-cv-00339-DF   Document 49   Filed 01/05/2006   Page 4 of 10

of its right to challenge the propriety of such designation at any time thereafter.

5.     Confidential Treatment.  Confidential Material and any information contained

therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone

for any purpose whatsoever, except as provided for below. Nothing contained in this Protective

Order shall preclude a party or non-party from using or disseminating its own Confidential

Material.  Confidential Material and any information contained therein shall be used solely for

the prosecution or defense of this litigation.

6.     Disclosure of Confidential Material.  Confidential Material and any information

contained therein shall be disclosed only to the following persons ("Qualified Persons"):

   a.   Outside counsel of record in this action for the party or party receiving
        Confidential Material or any information contained therein.. Any
        individual outside counsel of record who receives Confidential Material
        may not participate in patent prosecution for the receiving party, and the
        individual outside counsel who receives Confidential Material may not
        discuss the Confidential Material with anyone involved in patent
        prosecution for the receiving party;

   b.   Employees and agents of such counsel, including paralegals, investigative,
        litigation support services, secretarial and clerical personnel assigned to
        and necessary to assist such counsel in the preparation and trial of this
        action;

   c.   No more than two in-house attorneys for each of the parties and no more
        than two in-house support employees (e.g. paralegal or secretary) for each
        of the parties who have been designated in writing by notice to all counsel
        prior to any disclosure of Confidential Material to such person, except
        that source code may not be disclosed to in-house counsel or their support
        employees;

   d.   Any expert, and employees and assistants under the control of such an
        expert, who (1) is engaged by counsel in this litigation, whether or not
        such expert is paid directly by a party, and (2) is not regularly employed by
        or associated with a party hereto and whose advice and consultations are
        being or will be used by a party hereto only in connection with this action,

Case 2:07-cv-00398-CMS-CE Document 186-35 Filed 06/28/2007 Page 6 of 11
Case 2:05-cv-00443-TJW-CE Document 45-7 Filed 05/15/2006 Page 6 of 11

Case 2:05-cv-00339-DF    Document 49    Filed 01/05/2006    Page 5 of 10

subject to the terms and conditions set forth in paragraphs 7 and 8 herein;

e.    At a deposition, any person who authored or has previously received the particular Confidential Material sought to be disclosed to that person, if the document on its face establishes that person authored or received the document;

f.    After providing counsel for the producing party or non-party a reasonable opportunity to review the document and object, any person employed at the time of the deposition by the party or non-party that designated the particular document or piece of information as confidential. In the event of such objection, it shall not be shown to the employee until the Court rules on the objection;

g.    Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony; and

h.    The Court.

7.    Source Code. In addition to the terms set forth in paragraph 6 herein governing the disclosure of Confidential Materials, those materials that contain, embody, or otherwise reflect a party's source code shall be provided the following further protections:

a.    Any and all such source code, except for hard (non-electronic) copies, shall be maintained in the sole control and custody of U.S. outside counsel of record for the producing party within the United States ("Source Code Custodian"). Hard copies of source code shall be maintained in accordance with Paragraph 7(c) below.

b.    Any source code produced in electronic form shall be stored and viewed only at a single, mutually agreed to, United States office of the Source Code Custodian and shall be maintained in a secured, locked area. No electronic copies of such source code shall be made. Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located within the single, mutually agreed to, United States office of the Source Code Custodian. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard copies of any portion of the code were printed and the

portion of the code printed. The party reviewing source code shall be allowed to make hard copies of material that they, in good faith, consider relevant. The parties shall negotiate reasonable limitations on the amount of source code that is released by producing party at any given time.

c.    Any hard copies of source code, including printouts from an electronic production, shall be stored and viewed only within the United States at:

(i) a single designated United States office of the Source Code Custodian;

(ii) in a secured, locked area of a single designated United States office of outside counsel of record for the party reviewing the source code, provided the hard copies are marked with document production numbers and designated under this protective order as "CONFIDENTIAL;"

(iii) the Court;

(iv) the site where any deposition relating to the source code is taken;

(v) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition).

For each and every non-electronic copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy. Excessive reproduction of hard copies of source code should be avoided.

Prior to the reviewing party taking possession of printout(s) as provided for under Section 7(c)(ii), the reviewing party shall inform the producing party as to specifically what printout(s) it plans to take into its possession. The producing party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the reviewing party as to the extent or relevance of the printout(s) the reviewing party seeks to possess. If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection. If the objection is not resolved, the producing party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject printout(s). The subject printout(s) shall be retained by the producing party, pending the courts' resolution of the motion.

To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area. Counsel shall not designate source code as an

Case 2:07-cv-00398-CMS   Document 186-35   Filed 06/28/2007   Page 8 of 11
Case 2:05-cv-00443-FJW-CE   Document 43-7   Filed 05/13/2006   Page 8 of 11

Case 2:05-cv-00339-DF   Document 49   Filed 01/05/2006   Page 7 of 10

exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

8. <u>Procedure for Disclosure to Experts.</u> With respect to persons described in paragraph 6(d), a written statement setting forth such person's present residence address and business address, current employer and job title, and any company in the telecommunications industry for whom said person has consulted or worked during the past ten (10) years shall be delivered to counsel of record, at least ten (10) business days before any initial disclosure of Confidential Material. If any party objects to the disclosure of Confidential Material to such person by 5:00 p.m. Pacific time on the 10th business day after receiving notice, no such disclosure shall be made to that person, and the party making the objection shall be obliged, within five (5) business days of its objection, to move the Court for an order denying such access, and to request expedited action on the motion. If no motion is made within that period, the objection shall be deemed withdrawn, and the information may then be disclosed to the expert pursuant to this Protective Order. If such a motion is made, pending resolution of any petition or motion to prevent or qualify the disclosure, no disclosure shall be made to such person.

9. <u>Copies.</u> The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

10. <u>Use in Litigation.</u> To the extent that Confidential Material or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Material or information

-7-

Case 2:07-cv-00398-CMS   Document 186-35   Filed 06/28/2007   Page 9 of 11
Case 2:05-cv-00443-TJW-CE   Document 43-7   Filed 08/13/2006   Page 9 of 11
Case 2:05-cv-00339-DF   Document 49   Filed 01/05/2006   Page 8 of 10

contained therein. Counsel shall make filings under seal to the extent necessary to prevent public disclosure of Confidential Material.

11.    Court Reporters.  Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12.    Inadvertent Production.  Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

13.    Non-Publication of Confidential Material.   The party or parties receiving Confidential Material shall not under any circumstances sell, offer for sale, advertise, or publicize Confidential Material or any information contained therein.

14.    Inadvertent Production of Discovery Material.   Inadvertent production of discovery material in this action shall not in itself be deemed to waive any claim of attorney-client privilege or attorney work-product protection that might exist with respect to such Discovery Material, or other documents or communications, written or oral, including without limitation, other communications referred to in the Discovery Material produced. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

15.    Return of Materials.  Within thirty (30) days of termination of this action by dismissal, final judgment (including any appeals), or settlement, all Confidential Material shall

-8-

Case 1:07-cv-00398-GMS   Document 186-35   Filed 06/28/2007   Page 10 of 11
Case 2:05-cv-00443-TJW-CE   Document 43-7   Filed 08/18/2006   Page 10 of 11
Case 2:05-cv-00339-DF   Document 49   Filed 01/05/2006   Page 9 of 10

be returned to counsel for the party or parties who disclosed or produced it, or destroyed, in which case the party destroying it shall certify that it has been destroyed. The party or parties receiving the Confidential Material may keep their attorney work product referring or relating to any Confidential Material. Attorney work product may be used in subsequent litigation provided that such use does not disclose Confidential Material or any information contained therein. Nothing herein shall require the return or destruction of pleadings or other papers filed with the Court or served by the parties, even if those pleadings or papers contain or reflect Confidential Information; any such pleadings or papers not returned or destroyed remain subject to the provisions of this Order.

16. <u>Parties Bound.</u> This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

17. <u>Amendments.</u> This Protective Order shall not foreclose a party from moving this Court for an order that Confidential Material within the meaning of this Protective Order is, in fact, not confidential or otherwise protectable under Federal Rule of Civil Procedure 26(c). In addition, this Protective Order shall not prevent a party from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

18. <u>Continuing Effect.</u> After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over

Case 1:07-cv-00398-CMS-CE Document 186-35 Filed 06/28/2007 Page 11 of 11
Case 2:05-cv-00443-TJW-CE Document 43-7 Filed 03/13/2006 Page 11 of 11

Case 2:05-cv-00339-DF     Document 49     Filed 01/05/2006     Page 10 of 10

the parties and recipients of the Confidential Material for enforcement of the provisions of this

Order following termination of this litigation. This Protective Order shall remain in force and

effect until modified, superseded, or terminated by consent of the parties or by Order of the Court

made upon reasonable written request.

**SIGNED this 5th day of January, 2006.**


DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

# EXHIBIT G

1

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, | )( | |
| LP, | )( | |
| PLAINTIFF, | )( | |
| | )( | |
| VS. | )( | CASE NO. 2:05-CV-000443(TJW) |
| | )( | |
| COMCAST CORPORATION | )( | |
| ET AL., | )( | |
| DEFENDANTS. | )( | |

SCHEDULING CONFERENCE

On the 2nd day of May, 2006, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable T. John Ward, United States District Court, Eastern District of Texas, Marshall Division, held in Marshall, Texas.

Proceedings reported by machine shorthand.

COPY

2

1                          A P P E A R A N C E S

2

3       FOR THE PLAINTIFF:

4

5       Mr. Frank E. Scherkenbach
        FISH & RICHARDSON, P.C.
6       225 Franklin Street
        Boston, Massachusetts 02110
7       (617) 542-5070

8

9       Mr. Alan D. Albright
        FISH & RICHARDSON, P.C.
        111 Congress Avenue
10      Suite 810
        Austin, Texas   78701
11      (512) 226-8106

12

13      Mr. Collin Michael Maloney
        IRELAND, CARROLL & KELLEY
        6101 S. Broadway
14      Suite 500
        Tyler, Texas   75703
15      (903) 561-1600

16

17      Mr. Franklin Jones, Jr.
        JONES & JONES
        201 W. Houston Street
18      Marshall, Texas   75670
        (903) 938-4395

19

        Mr. Robert Christopher Bunt
20      PARKER & BUNT, P.C.
        100 East Ferguson
21      Suite 1114
        Tyler, Texas   75702
22      (903) 531-3535

23      Mr. Sidney Calvin Capshaw, III
        BROWN MCCARROLL
24      1127 Judson Road
        Suite 220
25      Longview, Texas   75601
        (903) 236-9800

Case 2:07-cv-00398-CMS   Document 186-36   Filed 06/28/2007   Page 4 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 05/13/2006   Page 4 of 24

3

```
 1    Mr. Robert M. Parker
      PARKER & CLAYTON
 2    100 E. Ferguson
      Suite 1114
 3    Tyler, Texas   75702
      (903) 533-9288
 4
      Mr. Timothy Devlin
 5    FISH & RICHARDSON
      919 N. Market Street
 6    Suite 1100
      Wilmington, Delaware   19899
 7    (302) 652-5070

 8
      FOR COMCAST:
 9
      Mr. Brian L. Ferrall
10    KEKER & VAN NEST
      710 Sansome Street
11    San Francisco, California   94111
      (415) 391-5400
12
13    Mr. James N. Haltom
      6500 North Summerhill Road
14    Suite 1A
      Crown Executive Center
15    Texarkana, Texas 75503
      (903) 255-1000
16
17    Mr. John Perkins
      6500 North Summerhill Road
18    Suite 1A
      Crown Executive Center
19    Texarkana, Texas 75503
      (903) 255-1000
20
21
22
23
24
25
```

4

I N D E X

May 2, 2006

                                                    Page

    Appearances                                       2

    Scheduling Conference                             5

    Court Reporter's Certificate                     23

Case 1:07-cv-00398-GMS    Document 186-36    Filed 06/28/2007    Page 6 of 24
Case 2:05-cv-00443-TJW-CE    Document 43-8    Filed 09/13/2006    Page 6 of 24

5

1          THE COURT:  Please be seated.  All right.

2     We have a scheduling conference this afternoon in this

3     case of Rembrandt Technologies versus Comcast,

4     2:05-cv-443.

5          What says the plaintiff?

6          MR. MALONEY:  Collin Maloney on behalf of

7     the plaintiff, Rembrandt Technologies, Your Honor.

8     We're ready.  Along with me is Frank Scherkenbach, Alan

9     Albright, Tim Devlin, they're all from Fish Richardson,

10    Calvin Capshaw, Chris Bunt, Robert Parker, and Franklin

11    Jones.  We're all here ready to proceed, Your Honor.

12          THE COURT:  All right.

13          MR. HALTOM:  Jim Haltom for Comcast.  My

14    cast is not as big, Your Honor, but I have Brian Ferrall

15    from Keker & Van Nest, and John Perkins, and I've also

16    been instructed to advise the Court that Mrs. Doan is in

17    Denver, and she will be here in my absence, which should

18    be soon.

19          THE COURT:  She's going to be here today in

20    your absence?

21          MR. MALONEY:  No, sir.  No, she's in Denver.

22          THE COURT:  Okay.  I was going to say, you

23    got me a little confused, but that's all right.

24          MR. MALONEY:  Your Honor, I neglected to

25    mention, we have our client representative, Mr. John Eli

1    here, also.

2              THE COURT:  Well, I've seen that y'all have

3    conferred, and I see we got competing positions on

4    several issues here.  I guess we'll take these up and

5    make sure I understand what you're -- what we're arguing

6    about here as far as deadlines go.

7              You agree that the deadline for exchanging

8    privilege logs is going to be July the 7th, 2006, and

9    the parties agree that you're going to put the expert

10   discovery deadline three weeks, is it three weeks, after

11   the last expert witness report is due, which is -- would

12   be determined off of the claim construction rule.  Have

13   I got that?  Is that what y'all are proposing?

14             MR. FERRALL:  Correct, Your Honor.

15             MR. SCHERKENBACH:  Yes, Your Honor.

16             THE COURT:  Okay.  Now then, let's see, are

17   there any more deadlines that you want to -- that we

18   need to talk about?  I don't see any other deadlines.

19   Other things deal with the manner in which we're going

20   to do discovery, correct?

21             MR. SCHERKENBACH:  I believe that's correct,

22   Your Honor.

23             MR. FERRALL:  Yes, although one of the --

24   one of the issues that Comcast raises has to do with the

25   deadline for the document production of relevant

Case 1:07-cv-00398-GMS   Document 186-36   Filed 06/28/2007   Page 8 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 05/13/2006   Page 8 of 24

7

1   documents.

2           THE COURT:  That's what I was saying, but

3   that's over in the discovery order.

4           MR. FERRALL:  Fair enough.

5           THE COURT:  Right.  I'm just -- but as far

6   as mediation, let's see, that -- have y'all agreed upon

7   a mediator?

8           MR. SCHERKENBACH:  We haven't, Your Honor.

9   We've discussed that we both think mediation would be

10  appropriate, but we haven't settled on an individual at

11  this time.

12          THE COURT:  How long do you think you're

13  going to need to either agree or decide that you can't

14  agree?

15          MR. SCHERKENBACH:  I think we can agree on a

16  person in relatively short order, say within a couple of

17  weeks.

18          THE COURT:  Three weeks?

19          MR. FERRALL:  Yes, I think that's

20  reasonable.

21          THE COURT:  Three weeks.  Either advise me

22  of who you have agreed to, and make sure by advising me,

23  you can just call chambers and say, "We've agreed," and

24  I'll enter an order.  Make sure you -- all we need is

25  their address in case it's somebody we haven't used

8

1    before, or if you can't agree, I need a short letter

2    from you saying that you can't agree and you request the

3    Court to select one, but please do not make -- identify

4    anybody who -- the plaintiff wants this person or the

5    defendant wants this, so I don't start off choosing a

6    mediator that one of you just doesn't like.  At least

7    I'll be doing it blind, is what I'm saying.  So if

8    you'll do that within three weeks.

9           All right.  Now then, just in general,

10   before we get to the specifics of how we're going to

11   proceed in discovery, the patent rules of this district,

12   along with certain provisions in the discovery order as

13   proposed to you, have mandatory disclosure requirements

14   that are far in excess of what's presently found in the

15   Federal Rules of Civil Procedure.

16          Are there any objections or requests to

17   modify the mandatory disclosure requirements of either

18   of those?

19          MR. SCHERKENBACH:  None from the plaintiff,

20   Your Honor.

21          MR. FERRALL:  None, Your Honor.

22          THE COURT:  All right.  So, now then, we're

23   going to get down to the specifics of the discovery

24   order, correct?

25          MR. SCHERKENBACH:  Yes, Your Honor.

Case 1:07-cv-00398-GMS   Document 186-36   Filed 06/28/2007   Page 10 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 05/18/2006   Page 10 of 24

9

1          THE COURT:  All right.  Tell me the first

2     ones, I guess, as far as mandatory disclosure, is found

3     in the paragraph 3; is that right?  Is that where we

4     are?

5          MR. SCHERKENBACH:  Yes, Your Honor, I

6     believe Comcast has an issue with the initial disclosure

7     of documents due on June 16th, Docket Control Order 3B.

8     That's their issue.

9          THE COURT:  All right.  Tell me what you

10    want to do.

11         MR. FERRALL:  Well, Your Honor --

12         THE COURT:  I've read what you said.  I'm

13    just not sure I understand fully your disagreement.

14         MR. FERRALL:  Fair enough.  Fair enough.

15    And our -- we conferred at length, both on the phone and

16    before our conference today.

17         The issue is the volume and -- the volume of

18    construction to comply with Rule 3B is something that I

19    can represent to the Court, no matter what, it's going

20    to be very large, and the question is the full extent of

21    it, which I have a little difficulty evaluating now

22    before the infringement contentions.

23         I can tell you that we've been working

24    diligently to collect documents.  We have a massive

25    volume collected, and it will be produced, and we talked

Case 1:07-cv-00398-GMS   Document 186-36   Filed 06/28/2007   Page 11 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 08/18/2006   Page 11 of 24

10

1    about producing at least as much as we can even before

2    the June 16 deadline, to the extent we have them

3    available and producing, I'm certain, a massive amount

4    by June 16th.

5              I'm concerned, if the scope of the case,

6    after we see the infringement contentions, is

7    particularly broad, broader than I understand it to be

8    now, for example, that technically it will be difficult,

9    if not impossible, for us to truly produce all relevant

10   documents by June 16th.

11             And so I just raise the issue with the

12   Court.  I don't know that there is a -- a definitive

13   change.  I would request some leeway for a rolling

14   production after June 16 --

15             THE COURT:  Well --

16             MR. FERRALL:  -- to accommodate --

17             THE COURT:  -- let me ask you this,

18   Counselor, are you saying that you believe, based upon

19   your understanding of what the infringement position is,

20   that you can make a good faith effort and will make --

21   and will comply with the requirements of that paragraph

22   on or about June 16th, but that if after seeing the

23   infringement contentions, you may need additional time

24   to produce other documents?

25             MR. FERRALL:  Yeah, I think based upon my

Case 1:07-cv-00398-CMS   Document 186-36   Filed 06/28/2007   Page 12 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 05/18/2006   Page 12 of 24

11

1    understanding now, we can come -- we can come very

2    close.  We may even be able to meet the June 16

3    deadline.

4         THE COURT:  Well, all I would -- if you look

5    at this Court's history, there's no sanction of any type

6    that's ever been issued where somebody's made a good

7    faith effort, and then they come back and say, "Well,

8    it's broader than I thought, Judge."  As a matter of

9    fact, there's never been a hearing that I had to even

10   conduct on that sort of situation because that's a

11   reasonable position to take, and I generally only get --

12   my ears only get red about unreasonable positions.

13        Most people know what red ears in this court

14   mean.  It's not good for anybody present.

15        MR. FERRALL:  Red is usually not good.

16        THE COURT:  No, that's not good.  So I would

17   just hesitate to entertain -- I mean, enter any order

18   other than, you know, you make a good faith effort, and,

19   then as you see the infringement contentions, you have a

20   duty to supplement under the Court's order, and I don't

21   think we need anything more than that.

22        Do you think we need more than that?

23        MR. SCHERKENBACH:  I do not, Your Honor.  I

24   think they get our contentions in 10 days, and that's

25   still a month in advance of the deadline, and, as

Case 1:07-cv-00398-GMS   Document 186-36   Filed 06/28/2007   Page 13 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 05/18/2006   Page 13 of 24

12

1    Mr. Ferrall has acknowledged, they've been collected and

2    they may well be able to meet it.

3              THE COURT:  Well, even if they need

4    additional time, looks like y'all ought to be able to

5    agree to that, if you can agree to it.  It looks like

6    you would be winning the motion as long as the time you

7    requested was reasonable.

8              MR. SCHERKENBACH:  I think we'll be able to

9    work it out.

10             MR. FERRALL:  Thank you.

11             THE COURT:  Okay.  So that takes care of

12    that section.  Now then, what about the --

13             MR. SCHERKENBACH:  I think we've worked the

14    rest of these out, Your Honor.

15             THE COURT:  Okay.

16             MR. SCHERKENBACH:  Under proposed discovery

17    modifications, there were three issues there.  One was

18    the number of interrogatories.  Your -- your order says

19    60.  The federal rule, of course, says 25, and Comcast

20    thought 60 was a little generous.  I think we've

21    compromised on 35, if the Court would approve that

22    number.

23             THE COURT:  That's by agreement?

24             MR. SCHERKENBACH:  By agreement.

25             MR. FERRALL:  Yes.

Case 1:07-cv-00398-GMS CE Document 186-36 Filed 06/28/2007 Page 14 of 24
Case 2:05-cv-00443-TJW-CE Document 43-8 Filed 05/18/2006 Page 14 of 24

13

1          THE COURT:  That's approved.  The Court is

2     more in the business of settling disagreements rather

3     than agreements.

4          MR. SCHERKENBACH:  All right.  Well, we're

5     going to keep those to a minimum, Your Honor.

6          THE COURT:  All right.

7          MR. SCHERKENBACH:  The next issue was the

8     number of hours for third-party and Rule 30b1

9     depositions.  We were concerned as the plaintiff about

10    the potential number of third parties, so wanted 80

11    hours.  Comcast thought the 40-hour default was fine.

12    We've compromised, I believe, on 60, and I think that's

13    by agreement.

14          MR. FERRALL:  That's right, Your Honor.

15          THE COURT:  All right.  60 it is.

16          MR. SCHERKENBACH:  And the number of expert

17    witnesses, your order says three.  Comcast would like

18    the opportunity to have, perhaps, four, and we're fine

19    with that.

20          THE COURT:  All right.  What about the

21    request for admissions?  Y'all got that worked out, too?

22          MR. SCHERKENBACH:  I'm sorry.  I'm being

23    told to make sure both sides get four.  That's agreed.

24          MR. FERRALL:  Right.

25          THE COURT:  Four per side.

Case 1:07-cv-00398-GMS   Document 186-36   Filed 06/28/2007   Page 15 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 08/18/2006   Page 15 of 24

14

1          MR. SCHERKENBACH:  Right.

2          MR. FERRALL:  Sure.

3          MR. SCHERKENBACH:  Well, on the request for

4   admissions, I believe where we came out was that the 60

5   would be fine if Your Honor would be amenable to

6   allowing additional ones for authentication if they were

7   ever necessary, and I hasten to add that in my practice,

8   they're almost never, because I stipulate to that sort

9   of thing, so...

10          THE COURT:  Okay.  Is that agreeable to you?

11          MR. FERRALL:  That's agreeable.

12          THE COURT:  We'll leave that that way, then.

13          MR. FERRALL:  Right.

14          THE COURT:  What about -- where are you on

15   your protective order?

16          MR. SCHERKENBACH:  That's the next issue.

17          THE COURT:  All right.

18          MR. SCHERKENBACH:  We've spent a lot of time

19   discussing it, and I think that's the first thing to

20   say, including this afternoon.  We have agreed, I

21   believe, across the board with one exception, and that

22   has to do with treatment of source code.  I know you've

23   dealt with this issue many times, and I don't know if

24   Your Honor wants to sort of go into it now, but we have

25   differing views of that.

Case 1:07-cv-00398-CMS   Document 186-36   Filed 06/28/2007   Page 16 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 05/15/2006   Page 16 of 24

15

1    As the plaintiff, we'd like it to be

2 available in more than one location.  There's a dispute

3 over number of locations.  There's not a dispute over

4 how to handle it.  Confidentiality issues have been

5 worked out.  Having it at neutral locations have been

6 worked out.  It really comes down to the number of

7 locations and where they are to be.

8    And we took that as far as we could today,

9 and we can either discuss it further in front of you or

10 put together a competing proposal, and Your Honor could

11 decide, put it in front of you in the next week or so.

12    THE COURT:  Well, you've got me.

13    MR. SCHERKENBACH:  Okay.  Well, let me just

14 tell you.  Our concern is making it convenient for the

15 experts, Your Honor.  Obviously, we're all happy to be

16 here in front of you and in this jurisdiction, but the

17 experts are all over the place on both sides, and what

18 we had requested as the plaintiff is three locations,

19 one in Texas.  One of our experts is in Austin, and we'd

20 like the code to be available in preferably Austin, but,

21 you know, Dallas or here would be fine, but preferably

22 Austin.

23    THE COURT:  Not here.  That's not practical.

24 Let's be -- you said, "here"?  You're talking about --

25    MR. SCHERKENBACH:  Well, you're going to

Case 1:07-cv-00398-GMS   Document 186-36   Filed 06/28/2007   Page 17 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 05/18/2006   Page 17 of 24

16

1   hear from Mr. Ferrall. I think that that's his

2   proposal. We don't think it's practical.

3          MR. FERRALL: Anywhere in the Eastern

4   District, but I can explain my position.

5          THE COURT: All right.

6          MR. SCHERKENBACH: So anyway, we'd like

7   Austin, Your Honor. Our one expert's there. We would

8   like a couple of locations on the East Coast. Our

9   second expert is in New York. So either New York or

10   Boston would be convenient for him to get to, and,

11   again, this is not in Fish & Richardson's office. We're

12   willing to put it in a neutral third-party location.

13          And then the last place would be, believe it

14   or not, Delaware, which is near to both Comcast and to

15   Rembrandt and is where a number of our lawyers are

16   located. But, again, not in our office, just at a

17   neutral location in Delaware.

18          THE COURT: All right.

19          MR. FERRALL: So I think we're -- one of the

20   things we did reach an agreement on is a neutral

21   location of some sort is something that both parties can

22   agree to. So the difference is number of copies and

23   location.

24          Number of copies is something that is --

25   really, my client is quite concerned about, and that's

Case 1:07-cv-00398-GMS   Document 186-36   Filed 06/28/2007   Page 18 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 05/18/2006   Page 18 of 24

17

1   why our position is we should have simply one copy.  No

2   one questions the integrity of plaintiff's counsel.

3   We've worked with them and have a lot of respect for

4   them, but, you know, the way these -- the way problems

5   happen are accidents when you have multiple copies.

6        And so we've worked this out in a number of

7   other cases in which Comcast is involved, both in this

8   district and others.  Judge Folsom recently entered an

9   order that we worked out with the plaintiffs that --

10  that we're comfortable with, and I submit to Your Honor,

11  it is -- it is likely to involve some of the same source

12  code, because that case also involves some of the same

13  accused services.

14       So what -- what I'm here to primarily urge

15  on the Court is that we -- we do limit it to one copy.

16  It's, after all -- I mean, I'm not sure how important

17  the source code is anyway, but an expert will look at

18  it.  I'm not sure why we need to have multiple copies

19  around the country, and I just fear that the danger is

20  much greater whenever you have multiple copies.  So

21  that's -- that's the copy issue that's of primary

22  importance.

23       The location is one where I -- we've talked

24  about different locations.  If it's going to be one

25  location, I'm not sure what plaintiff's preference would

Case 1:07-cv-00398-CMS   Document 186-36   Filed 06/28/2007   Page 19 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 05/18/2006   Page 19 of 24

18

1    be, but it seems we -- we can't seem to find an

2    agreement.   Maybe we can continue to discuss it and work

3    something out, but for lack of an agreed place, I

4    suggested somewhere in the Eastern District.   Obviously,

5    we pick the most convenient place, subject to a neutral

6    law firm, for example, who could host if and handle it,

7    but I figured the Eastern District would be a place that

8    no one could really object to, and given a lack of other

9    agreement on location, that was sort of the default that

10   we proposed.

11             THE COURT:   All right.   The first time

12   you're going to be producing agreed -- I mean, sensitive

13   documents is when?

14             MR. FERRALL:   We'll be producing documents

15   prior to June 16th.

16             THE COURT:   Well, submit your competing

17   versions and not more than 15 pages of argument by the

18   15th of this month, and I'll get you an order out --

19             MR. FERRALL:   Very well.

20             THE COURT:   -- the first part of the month,

21   the first part of June, that way it doesn't slow down

22   your discovery.

23             MR. SCHERKENBACH:   Thank you, Your Honor.

24             THE COURT:   All right.   What else can we

25   talk about here today that would help us?

Case 1:07-cv-00398-CMS   Document 186-36   Filed 06/28/2007   Page 20 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 03/18/2006   Page 20 of 24

19

1      MR. FERRALL:  I don't think we have anything

2  else on the agenda, Your Honor.

3      MR. SCHERKENBACH:  Nothing else from the

4  plaintiff, either, Your Honor.

5      THE COURT:  Deadline on mediation.  My clerk

6  called that to my attention.  I generally try to

7  complete that within 15 days after the final discovery

8  deadline.  Is that a problem?

9      MR. FERRALL:  That will not be a problem,

10  Your Honor.

11      MR. SCHERKENBACH:  It's not a problem, Your

12  Honor.

13      THE COURT:  Okay.  We'll use that day.  All

14  right.  If there's nothing further, y'all are excused.

15  Thank you for being here.

16      MR. SCHERKENBACH:  Thank you, Your Honor.

17      MR. FERRALL:  Thank you.

18      THE COURT:  Oh, wait a minute.  Wait a

19  minute.  Something that's dear to my heart.  How

20  technical is the technology here?  Do I need a technical

21  advisor?  Everybody be seated except those that are

22  going to explain to me.  You both have got local counsel

23  and know of the Court's limited abilities, so --

24      MR. SCHERKENBACH:  I'll be honest with you,

25  Your Honor, not that I wouldn't otherwise be, there are

Case 1:07-cv-00398-GMS   Document 186-36   Filed 06/28/2007   Page 21 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 05/18/2006   Page 21 of 24

20

1   four patents.  They break down, I think, into two

2   groups.  Three of them relate to cable modems and

3   services that involve cable modems.  I don't think you

4   would have a lot of problems with those.  In fact, based

5   on what I understand you've handled in the past, I don't

6   think they're going to be a big problem for you.

7              The fourth patent relates to digital

8   television, transmission and retransmission and how the

9   signals are coded and encoded.  You're going to need

10  some help.  I need some help.  Now, we can provide it,

11  the parties can provide it, or you can get it in some

12  other form, but it's a difficult one.

13             THE COURT:  Well, I don't know.  You know,

14  this Court's procedure generally is if we're going to

15  get some technical help, I encourage tutorials, of

16  course, to be submitted before the Markman hearing, in

17  advance of that to give me time to look at them.

18             They're most helpful if you -- everything is

19  always most helpful if you can agree upon the tutorial.

20  If you can't, the one that's presented in the more --

21  the least adversarial argumentive basis is the one

22  that's most helpful to the Court.

23             Secondly, but, you know, if you think you

24  could agree upon a technical advisor that I would

25  consult -- usually, I use lawyers that are in the field

Case 1:07-cv-00398-GMS   Document 186-36   Filed 06/28/2007   Page 22 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 05/18/2006   Page 22 of 24

21

1   that are -- anywhere from D.C. to San Francisco, I

2   guess, or Houston or Dallas or wherever.

3           In absence of an agreement, what I'll do is

4   I will propose someone to you that I feel comfortable

5   with and then give each one of you seven days of which

6   to file objections in camera because, generally, the

7   objections that are sustained, and nearly always

8   objections have been sustained because they've been made

9   in good faith, but there's just some things that the

10  other side doesn't know about and they certainly don't

11  need to know about them.

12          And so the only objection I routinely

13  overrule is when I select a lawyer, and somebody says,

14  "No, we were adverse to that law firm and we had a bad

15  relationship."  I think the folks I select are more

16  professional than that.  So that's the only -- my

17  routine one.  So do you think you can agree on a

18  technical advisor or not?

19          MR. FERRALL:  I think we -- we haven't

20  discussed it, but --

21          THE COURT:  Okay.  I'm going to give you

22  30 days to talk about that and just advise me, "We can

23  agree, and then so-and-so," or "We can't agree," and

24  I'll kick in the other procedure.

25          MR. FERRALL:  Very good.

Case 1:07-cv-00398-CMS Document 186-36 Filed 06/28/2007 Page 23 of 24
Case 2:05-cv-00443-TJW-CE Document 43-8 Filed 05/18/2006 Page 23 of 24

22

1        THE COURT: Does that work?

2        MR. FERRALL: I think that makes a lot of

3 sense, Your Honor.

4        THE COURT: Okay. All right. Other than me

5 slipping a stitch on that, have I forgotten anything

6 else?

7        MR. FERRALL: Actually, Your Honor, can I

8 just raise one other point? There is a motion to

9 transfer that's been assigned to Magistrate Love, and so

10 I don't think there's anything more to discuss here. I

11 just wanted to raise that that is -- it is pending.

12        THE COURT: Well, there's a similar issue, I

13 understand, that might be going up the appellate ladder

14 that might have some close facts, similar facts. So the

15 Court may just carry that along for a while. Y'all will

16 just need to proceed accordingly.

17        MR. FERRALL: Absolutely.

18        THE COURT: All right. I don't intend to

19 rule until I at least know what's going to happen on the

20 mandamus, okay?

21        MR. FERRALL: Okay. Fair enough. Thank

22 you, Your Honor.

23        MR. SCHERKENBACH: Thank you, Your Honor.

24        THE COURT: All right. Y'all are excused.

25        (Court recessed.)

Case 1:07-cv-00398-GMS   Document 186-36   Filed 06/28/2007   Page 24 of 24
Case 2:05-cv-00443-TJW-CE   Document 43-8   Filed 05/18/2006   Page 24 of 24

23

1          I, SHELLY HOLMES, Substitute Official Court

2     Reporter in and for the United States District Court,

3     Eastern District of Texas, Marshall Division, do hereby

4     certify that the above and foregoing contains a true and

5     correct transcription of all portions of evidence and

6     other proceedings requested in writing by counsel for

7     the parties to be included in this volume of the

8     Reporter's Record, in the above-styled and numbered

9     cause, all of which occurred in open Court or in

10    chambers and were reported by me.

11          I further certify that this Reporter's

12    Record of the proceedings truly and correctly reflects

13    the exhibits, if any, admitted by the respective

14    parties.

15          I further certify that the total cost for

16    the preparation of this Reporter's Record is $124.00

17    and was paid/will be paid by John Perkins

18          WITNESS MY OFFICIAL HAND this the 9th

19    day of, May, 2006.

20

21

22                    SHELLY HOLMES, Texas CSR 7804
                      Expiration Date:   12/31/06
23                    John Foster, Certified Shorthand
                      Reporter
24                    Firm Registration No. 109
                      P.O. Box 68
25                    Henderson, Texas   75653
                      (903) 657-8626

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP | |
| Plaintiff, | |
| v. | Civil Action No. 2:05-cv-443-TJW |
| COMCAST CORPORATION, | |
| Defendant. | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendant Comcast Corporation. ("Comcast"), through counsel, stipulate to entry of this Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

WHEREAS, the parties recognize that confidential information is being produced for use in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the treatment of confidential information produced by a party ("Producing Party") to any other party ("Receiving Party") in the course of this civil action:

      1.     The term "Confidential Information" as used in this Order includes all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties. Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information contained therein and all

copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

2.      Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action.  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

3.      Confidential Information of a Financial or Accounting nature shall be referred to and designated as "Confidential Financial Information".  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Financial Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

4.      Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the word "CONFIDENTIAL," on each page at that contains Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a)      Testimony or information disclosed at a deposition that contains Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony, which contain Confidential Information that is to be made subject to the provisions of this Order.  Alternatively, a Producing Party may designate

testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information.   Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-house counsel only, from the taking of the deposition until fifteen (15) days after actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.   At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

(b)     Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information by indicating on the face of such documents that one or more parties considers them to contain Confidential Information.

5.     Subject to the provisions of paragraphs 6 and 7 herein, material designated as Confidential Information, and any summary, description or report containing such Confidential Information, may be disclosed only to the following persons:

(a)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)     photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)     with respect to Confidential Financial Information, one officer or employee of the Receiving Party (whose identity is to be exchanged within 14 days at the entry of this order) and only insofar as outside counsel of record believe that it is necessary to consult said officers or employees for the purposes of conducting this litigation or evaluating potential settlement or other resolution of the litigation;

(f)     Two (2) in–house counsel of each Receiving Party who are directly responsible for this action and are directly involved in assisting outside counsel in this action; and two (2) paralegals and/or clerical employees of such attorney, except that source code may be disclosed to only one previously designated in-house counsel; and

(g)     the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action.  Any individual outside counsel of record who receives Confidential Information may not participate in patent prosecution

for the Receiving Party, and the individual outside counsel who receives Confidential Information may not discuss the Confidential Information with anyone involved in patent prosecution for the Receiving Party. Outside counsel of record for the parties are as follows:

For Rembrandt:

      Fish & Richardson P.C.
      225 Franklin Street
      Boston, MA  02110

      Ireland, Carroll & Kelley, P.C.
      6101 S. Broadway, Suite 500
      Tyler, Texas 7503

      Jones & Jones, Inc., P.C.
      201 West Houston Street, Drawer 1249
      Marshall, Texas 75671-1249

      Brown McCaroll, L.L.P.
      1127 Judson Road, Suite 220
      P.O. Box 3999
      Longview, Texas 75601-5157

      Parker & Clayton
      100 E. Ferguson, Suite 1114
      Tyler, Texas 75702

For Comcast:

      Keker & Van Nest, LLP
      710 Sansome Street
      San Francisco, CA  94111-1704

      Haltom & Doan, LLP
      6500 N. Summerhill Road, Suite 1A
      P.O. BOX 6227
      Texarkana, TX  75505-6227

6.      (a)      A party may exclude from a deposition any person who is not entitled to view Confidential Information when such information is the subject of examination.

(b)      No Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 5(b)-(f) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information.

(c)      Before individuals under subparagraph 5(b) may have access to Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years.  If the Producing Party does not  object in writing, within five (5) business days from receipt of the undertaking, Confidential Information may then be disclosed to the retained consultant or former employee.  If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information. If the Producing Party does not bring such a timely motion, Confidential Information may be disclosed to the retained consultant or former employee.

(d)      Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or right to withhold from production that

applies to communications or work product.  Furthermore, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

       7.    <u>Source Code</u>.  In addition to the terms set forth in paragraph 5 herein governing the disclosure of Confidential Materials, those materials that contain, embody, or otherwise reflect a party's source code shall be provided the following further protections:

       (a)    Any and all such source code, except for hard (non-electronic) copies, shall be maintained within the United States, at a single location in or around Dallas, Texas, in the sole control and custody of a neutral U.S. law firm, agreed to both parties ("Source Code Custodian").  Hard copies of source code shall be maintained in accordance with Paragraph 7(c) below.

       (b)    Any source code produced in electronic form shall be stored and viewed only at the Source Code Custodian's designated office and shall be maintained in a secured, locked area.  No electronic copies of such source code shall be made.  Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located at the Source Code Custodian's office.  The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed:  (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard copies of any portion of the code were printed and the portion of the code printed.  The party reviewing source code shall be allowed to make hard copies of material that they, in

good faith, consider relevant.  The parties shall negotiate reasonable limitations on the amount of source code that is released by producing party at any given time.

(c)     Any hard copies of source code, including printouts from an electronic production, shall be stored and viewed only within the United States at:  (i) the Source Code Custodian's office; (ii) in a secured, locked area of a single designated United States office of outside counsel of record for the party reviewing the source code, provided the hard copies are marked with document production numbers and designated under this protective order as "CONFIDENTIAL"; (iii) the Court; (iv) the site where any deposition relating to the source code is taken; or (v) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition).

For each and every non-electronic copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy.  Excessive reproduction of hard copies of source code shall be avoided.

Prior to the reviewing party taking possession of printout(s) as provided for under Section 7(c)(ii), the reviewing party shall inform the producing party as to specifically what printout(s) it plans to take into its possession.  The producing party shall then have twenty-four (24) hours if informed on a weekday, or seventy-two (72) hours if informed on a weekend in which to object in writing to the reviewing party as to the extent or relevance of the printout(s) the reviewing party seeks to possess.  If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection.  If the objection is not resolved, the producing party shall have five (5) business days after the conference to file a motion with the Court for

relief from production of the subject printout(s). The subject printout(s) shall be retained by the producing party, pending the courts' resolution of the motion.

To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area. Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

8.      It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of publication or otherwise through no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 9 hereof.

9.      If a party disagrees with any Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of

designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

10. During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential , and regardless whether such person was the author or a recipient of the document.

11. At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential only if the document was authored by or received by that third party or former employee.

12. Any person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If

Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by the person who received such information.

13. Written material constituting or revealing Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 3 or 6 hereof, and a statement substantially in the following form:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO COURT ORDER

Civil Action No. 2:05cv443-TJW

14. The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 13 or any other provision thereof.

15. Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

16. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-

client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

17.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

18.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

19.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

20.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case. Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

21.    In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party. Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order.

22.    (a)    Within sixty (60) days after filing of the final judgment in this action, or, if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate.  If any Receiving Party destroys any such Confidential Information, that party shall inform the Producing Party in writing.

(b)    Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or

containing Confidential Information. The Receiving Party shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled to retain copies of any expert report containing any Confidential Information of the Producing Party, which is not in the public docket file. All such material shall remain subject to the terms of this Order.

       23.    This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

       24.    This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

       25.    At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

Respectfully submitted,


By:_____
    Jennifer Haltom Doan
    State Bar #08809050
    HALTOM & DOAN, LLP
    6500 N. Summerhill Road, Suite 1A
    P.O. BOX 6227
    Texarkana, TX 75505-6227
    Tel: (903) 255-1000
    Fax: (903) 255-0800

Attorneys for Defendant
COMCAST CORPORATION


By:_____
    Otis Carroll
    State Bar #03895700
    IRELAND, CARROLL & KELLEY, P.C.
    6101 S. Broadway, Suite 500
    Tyler, Texas 75703
    Tel: (903) 561-1600
    Fax: (903) 581-1071

Attorneys for Plaintiff
REMBRANDT TECHNOLOGIES, LP.


        **SO ORDERED** this _____ day of ____, 2006.

        _____
        T. JOHN WARD,
        UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP | |
| Plaintiff, | |
| v. | Civil Action No. 2:05-cv-443-TJW |
| COMCAST CORPORATION, | |
| Defendant. | |

I, _____, hereby declare that:

      1.    I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matter.

      2.    I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information to any person who is not permitted to have access to such Confidential Information by this Order, as applicable.

      3.    Upon final determination of this action, I will destroy all Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a) , or I will return such Confidential Information within sixty (60) days to the Producing Party. If I destroy such Confidential Information, I agree to send a letter to the Producing Party confirming the same.

      4.    I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

///

///

///

**PROTECTIVE ORDER** – Page 1

5.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on:_____        _____
                                          [signature]


                                          _____
                                          [print or type name]

                                          Title:


                                          Business Affiliation:


                                          Address:


                                          Phone:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | § | |
| | § | |
| **VS.** | § | **CIVIL CASE NO. 2:05-CV-443 TJW** |
| | § | |
| **1. COMCAST CORPORATION;** | § | **JURY DEMAND** |
| **2. COMCAST CABLE** | § | |
| **COMMUNICATIONS LLC; and,** | § | |
| **3. COMCAST OF PLANO, LP** | § | |

**PLAINTIFF REMBRANDT TECHNOLOGIES, LP**
**NOTICE OF INITIAL DISCLOSURES**

Pursuant to Local Rule CV-26(c) Plaintiff Rembrandt Technologies, LP certifies that it

furnished all parties of record with its Initial Disclosures on June 1, 2006.

Date: June 5, 2006

Respectfully submitted,

/s/ Otis Carroll
Otis Carroll, *Attorney in Charge*
State Bar No. 03895700
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax; (903) 581-1071
Email: Fedserv@icklaw.com

OF COUNSEL:

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
PARKER & BUNT, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Tel: (903) 531-3535
Fax: (903) 533-9687
Email: rmparker@cox-internet.com
Email: cbunt@cox-internet.com

Frank E. Scherkenbach
Lawrence K. Kolodney
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110
Tel: (617) 542-5070
Fax; (617) 542-8906

Alan D. Albright
State Bar No. 00973650
FISH & RICHARDSON P.C.
One Congress Plaza, 4th Floor
111 Congress Avenue
Austin, Texas 78701
Tel: (512) 391-4930
Fax: (512) 391-6837

Timothy Devlin
FISH & RICHARDSON P.C.
919 Market Street, Suite 1100
P. O. Box 1114
Wilmington, Delaware 19899
Tel: (302) 652-5070
Fax: (302) 652-0607

Franklin Jones, Jr.
State Bar No. 00000055
JONES & JONES, INC., P.C.
201 West Houston Street
Marshall, Texas 75670
Tel: (903) 938-4395
Fax: (903) 938-3360
Email: maizieh@millerlawfirm.com

S. Calvin Capshaw, III
State Bar No. 03783900
BROWN MCCARROLL, L.L.P.
1127 Judson road, Suite 220
P. O. Box 3999
Longview, Texas 75601-5157
Tel: (903) 236-9800
Fax: (903) 236-8787
Email: ccapshaw@bmcmail.com

ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES,
L.P.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 5th  day of June, 2006.


<u>/s/ Otis Carroll                                    </u>

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT VISION TECHNOLOGIES, LP** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 2:05-CV-443 (TJW)** |
| | § | |
| | § | |
| **COMCAST CORPORATION, COMCAST** | § | |
| **CABLE COMMUNICATIONS, LLC, AND** | § | |
| **COMCAST OF PLANO, LP** | § | |
| | § | |
| **Defendants.** | § | |

## <u>NOTICE OF APPEARANCE</u>

Notice is hereby given that the undersigned attorney, Elizabeth L. DeRieux, enters her

appearance in this matter as counsel for Plaintiff, Rembrandt Vision Technologies, LP, for the

purpose of receiving notices and orders from the Court.

DATED this 6th day of June, 2006.

Respectfully submitted,


By: /s/ Elizabeth L. DeRieux
     Elizabeth L. DeRieux
     State Bar No. 05770585
     BROWN McCARROLL  LLP
     1127 Judson Road, Suite 220
     P.O. Box 3999 (75606-3999)
     Longview, Texas 75601-5157
     Telephone: (903) 236-9800
     Facsimile: (903) 236-8787
     E-mail: ederieux@mailbmc.com

     ATTORNEYS FOR PLAINTIFF
     REMBRANDT VISION TECHNOLOGIES, LP

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 6th day of June, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux

LON:159081.1
52670.1

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | § |
| | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | § **Civil Action No. 2:05-CV-443 (TJW)** |
| | § |
| | § |
| **COMCAST CORPORATION, COMCAST** | § |
| **CABLE COMMUNICATIONS, LLC, AND** | § |
| **COMCAST OF PLANO, LP** | § |
| | § |
| **Defendants.** | § |

<u>**AMENDED NOTICE OF APPEARANCE**</u>

Notice is hereby given that the undersigned attorney, Elizabeth L. DeRieux, enters her

appearance in this matter as counsel for Plaintiff, Rembrandt Technologies, LP, for the purpose

of receiving notices and orders from the Court.

DATED this 7th day of June, 2006.

Respectfully submitted,

By: /s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux
State Bar No. 05770585
BROWN McCARROLL LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ederieux@mailbmc.com

ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 7th day of June, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux  
Elizabeth L. DeRieux

LON:159081.1  
52670.1

2