IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2-05CV-443 |
| COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST OF PLANO, LP | § § § § § | Judge T. John Ward<br><br>Jury Demand |
| Defendants. | § § | |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

Defendants Comcast Corporation, Comcast Cable Communications, LLC ("Comcast Cable"), and Comcast of Plano, LP (collectively, "Comcast") answer Plaintiff Rembrandt Technologies, LP's ("Rembrandt") complaint as follows:

1. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. Admitted.

3. This paragraph does not require a response.

4. Admitted.

5. Comcast denies that it has committed acts of patent infringement in the Eastern District of Texas. Comcast Corp. and Comcast Cable deny that they are either present or do business in this District and deny that the Court has personal jurisdiction over them. Comcast of Plano, LP admits that this Court has personal jurisdiction.

6. Comcast denies that it has committed acts of patent infringement in the Eastern District of Texas. Comcast Corp. and Comcast Cable deny that they are either present or do business in this District, and also deny that they have minimum contacts with this District. Comcast Corp. and Comcast Cable therefore deny that venue is proper in this judicial district. Comcast of Plano, LP admits that this Court has personal jurisdiction, and therefore admits that

venue is proper in this District.

7. This paragraph does not require a response.

8. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 5,243,627 ("the '627 patent).

9. Comcast admits that the United States Patent and Trademark issued the '627 patent on September 7, 1993. Comcast is without sufficient knowledge to form a belief as to the truth of whether the '627 patent was "duly and legally issued" because these terms are not defined.

10. Denied.

11. Denied.

12. Denied.

13. This paragraph does not require a response.

14. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 5,852,631 ("the '631 patent).

15. Comcast admits that the United States Patent and Trademark issued the '631 patent on December 22, 1998. Comcast is without sufficient knowledge to form a belief as to the truth of whether the '631 patent was "duly and legally issued" because these terms are not defined.

16. Denied.

17. Denied.

18. Denied.

19. This paragraph does not require a response.

20. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 5,719,858 ("the '858 patent).

21.     Comcast admits that the United States Patent and Trademark issued the '858 patent on February 17, 1998.  Comcast is without sufficient knowledge to form a belief as to the truth of whether the '858 patent was "duly and legally issued" because these terms are not defined.

22.     Denied.

23.     Denied.

24.     Denied.

25.     This paragraph does not require a response.

26.     Comcast is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 4,937,819 ("the '819 patent).

27.     Comcast admits that the United States Patent and Trademark issued the '819 patent on June 26, 1990.  Comcast is without sufficient knowledge to form a belief as to the truth of whether the '819 patent was "duly and legally issued" because these terms are not defined.

28.     Denied.

29.     Denied.

30.     Denied.

Except what is specifically admitted here, Comcast denies each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

**Counts I-IV**

1.     Counts I-IV of the Complaint fail to state a claim upon which relief can be granted.

2.     Comcast has not infringed any claim of any of the '627, '631, '858, '819 patents

("Rembrandt's asserted patents").

3.     Comcast has not caused, with knowledge, specific intent, or otherwise, equipment suppliers, service providers, and/or others to infringe any claim of any of Rembrandt's asserted patents.

4.     Rembrandt has not been damaged in any amount, manner, or at all by reason of any act alleged against Comcast and therefore the relief prayed for cannot be granted.

5.     Rembrandt is not entitled to permanent injunctive relief.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

### Counts I-IV

6.     On information and belief, Rembrandt's asserted patents are invalid at least for failure to satisfy one or more of the conditions of Title 35 United States Code, including without limitation, Sections 101, 102, 103, and 112 thereof.

## THIRD AFFIRMATIVE DEFENSE

### (Misuse)

### Counts I-IV

7.     On information and belief, Rembrandt's asserted patents have been misused by Rembrandt by the commencement and maintenance of this action, in bad faith, without probable cause in knowing, or when it should have known, that it had no valid claim of patent infringement against Comcast, and for Rembrandt's enforcement of said patents and demands for royalties and other damages with respect to products not covered by its patents.

## COUNTERCLAIMS

Defendant and Counterclaimant Comcast assert the following counterclaims against Rembrandt:

1.  Comcast Corp. is a corporation incorporated under the laws of Pennsylvania, having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania. Comcast Cable is a corporation incorporated under the laws of Delaware having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania. Comcast of Plano, LP is a limited partnership organized under the laws of Delaware having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania.

2.  Comcast is informed and believes, and therefore alleges, that Rembrandt is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in Bala Cynwyd, Pennsylvania.

3.  In its Counterclaims, Comcast seeks declarations of invalidity and non-infringement of Rembrandt's asserted patents. As such, jurisdiction is proper pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and as arising under the Patent Laws of the United States, Title 35, United States Code.

4.  This Court has personal jurisdiction over Rembrandt.

5.  Venue in this district is proper with regards to this counterclaim under 28 U.S.C. §§ 1391 and 1400.

### FIRST COUNTERCLAIM FOR RELIEF

**Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,243,627**

6.  Comcast realleges and incorporates by reference Paragraphs 1 through 5 above.

7.  As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 5,243,627.

8.  Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

9.  Comcast has not infringed, and is not now infringing, U.S. Patent No. 5,243,627.

10. Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

11. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

12. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

13. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## SECOND COUNTERCLAIM FOR RELIEF

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,852,631

14. Comcast realleges and incorporates by reference Paragraphs 1 through 13 above.

15. As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 5,852,631.

16. Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

17. Comcast has not infringed, and is not now infringing, U.S. Patent No. 5,852,631.

18. Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

19. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

20. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

21. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

### THIRD COUNTERCLAIM FOR RELIEF

**Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,719,858**

22. Comcast realleges and incorporates by reference Paragraphs 1 through 21 above.

23. As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 5,719,858.

24. Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

25. Comcast has not infringed, and is not now infringing, U.S. Patent No. 5,719,858.

26. Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

27. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

28. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

29. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

### FOURTH COUNTERCLAIM FOR RELIEF

**Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 4,937,819**

30. Comcast realleges and incorporates by reference Paragraphs 1 through 29 above.

31. As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 4,937,819.

32. Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

33. Comcast has not infringed, and is not now infringing, U.S. Patent No. 4,937,819.

34. Comcast has not caused others to infringe, and is not now causing others to

infringe, Rembrandt's asserted patents.

35. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

36. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

37. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Comcast demands a trial by jury of all issues so triable in this action, including without limitation, those issues raised in the Complaint, Answer, Affirmative Defenses, and Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Comcast prays for judgment against Rembrandt as follows:

A.  For dismissal of Rembrandt's Complaint with prejudice and that the relief requested be denied;

B.  For a judgment declaring that no claim of the Rembrandt patent(s) has been infringed willfully, deliberately, or otherwise by Comcast;

C.  For a judgment declaring that each and every claim of the Rembrandt patent(s) is invalid;

D.  For an award of Comcast's reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G.  For such other and further relief as the Court may deem just and fair.

Respectfully submitted,

_____/s/_____
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
HALTOM & DOAN, LLP
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Telephone: 903-255-1000
Facsimile: 903-255-0800

Brian Ferral
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: 415-676-2235
Facsimile: 415-397-7188

**ATTORNEYS FOR DEFENDANTS COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, and COMCAST OF PLANO, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this answer was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to FED. R. CIV. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 17th day of November, 2005.

_____/s/_____
Jennifer Haltom Doan