IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 2-05CV-443 |
| COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST OF PLANO, LP | § § § § | Judge T. John Ward Jury Demand |
| Defendants. | § § § | |

## DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS

Defendants Comcast Corporation, Comcast Cable Communications, LLC ("Comcast Cable"), and Comcast of Plano, LP (collectively, "Comcast") answer Plaintiff Rembrandt Technologies, LP's ("Rembrandt") complaint as follows:

1. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. Admitted.

3. This paragraph does not require a response.

4. Admitted.

5. Comcast denies that it has committed acts of patent infringement in the Eastern District of Texas. Comcast Corp. and Comcast Cable deny that they are either present or do business in this District and deny that the Court has personal jurisdiction over them. Comcast of Plano, LP admits that this Court has personal jurisdiction.

6. Comcast denies that it has committed acts of patent infringement in the Eastern District of Texas. Comcast Corp. and Comcast Cable deny that they are either present or do business in this District, and also deny that they have minimum contacts with this District.

**DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS** – Page 1

Comcast Corp. and Comcast Cable therefore deny that venue is proper in this judicial district. Comcast of Plano, LP admits that this Court has personal jurisdiction, and therefore admits that venue is proper in this District.

      7.      This paragraph does not require a response.

      8.      Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 5,243,627 ("the '627 patent").

      9.      Comcast admits that the United States Patent and Trademark Office issued the '627 patent on September 7, 1993. Comcast is without sufficient knowledge to form a belief as to the truth of whether the '627 patent was "duly and legally issued" because these terms are not defined.

      10.      Denied.

      11.      Denied.

      12.      Denied.

      13.      This paragraph does not require a response.

      14.      Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 5,852,631 ("the '631 patent").

      15.      Comcast admits that the United States Patent and Trademark Office issued the '631 patent on December 22, 1998. Comcast is without sufficient knowledge to form a belief as to the truth of whether the '631 patent was "duly and legally issued" because these terms are not defined.

      16.      Denied.

      17.      Denied.

      18.      Denied.

      19.      This paragraph does not require a response.

20. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 5,719,858 ("the '858 patent").

21. Comcast admits that the United States Patent and Trademark Office issued the '858 patent on February 17, 1998. Comcast is without sufficient knowledge to form a belief as to the truth of whether the '858 patent was "duly and legally issued" because these terms are not defined.

22. Denied.

23. Denied.

24. Denied.

25. This paragraph does not require a response.

26. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 4,937,819 ("the '819 patent).

27. Comcast admits that the United States Patent and Trademark Office issued the '819 patent on June 26, 1990. Comcast is without sufficient knowledge to form a belief as to the truth of whether the '819 patent was "duly and legally issued" because these terms are not defined.

28. Denied.

29. Denied.

30. Denied.

Except what is specifically admitted here, Comcast denies each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

**Counts I-IV**

1. Counts I-IV of the Complaint fail to state a claim upon which relief can be granted.

2. Comcast has not infringed any claim of any of the '627, '631, '858, '819 patents ("Rembrandt's asserted patents").

3. Comcast has not caused, with knowledge, specific intent, or otherwise, equipment suppliers, service providers, and/or others to infringe any claim of any of Rembrandt's asserted patents.

4. Rembrandt has not been damaged in any amount, manner, or at all by reason of any act alleged against Comcast and therefore the relief prayed for cannot be granted.

5. Rembrandt is not entitled to permanent injunctive relief.

## SECOND AFFIRMATIVE DEFENSE

**(Invalidity)**

**Counts I-IV**

6. On information and belief, Rembrandt's asserted patents are invalid at least for failure to satisfy one or more of the conditions of Title 35 United States Code, including without limitation, Sections 101, 102, 103, and 112 thereof.

## THIRD AFFIRMATIVE DEFENSE

**(Misuse)**

**Counts I-IV**

7. On information and belief, Rembrandt's asserted patents have been misused by

Rembrandt by the commencement and maintenance of this action, in bad faith, without probable cause in knowing, or when it should have known, that it had no valid claim of patent infringement against Comcast, and for Rembrandt's enforcement of said patents and demands for royalties and other damages with respect to products not covered by its patents.

8. More specifically, and without limiting the generality of the foregoing paragraph, when the '627 Patent issued in 1993, it was assigned to AT&T Bell Laboratories, a subsidiary or affiliate of AT&T Corporation ("AT&T"). Also in 1993, AT&T and several other companies and institutions joined together to form the HDTV Grand Alliance ("Grand Alliance"), whose mission was to develop a standard for the transmission of digital television.

9. The Grand Alliance coordinated with the Advanced Television Systems Committee ("ATSC"), a standards-setting organization, to create a standard for high-definition television broadcasting. The FCC ultimately adopted the major components of the ATSC standard. In adopting the ATSC standard, the FCC expressly premised its order upon, among other things, the Grand Alliance members' agreement to make any of their relevant patents available either free of charge or on a reasonable, nondiscriminatory basis. AT&T, as a member of the Grand Alliance, was bound by this agreement, and expressly committed to make licenses to any of its patents essential to practicing that standard available under reasonable terms and conditions on a non-discriminatory, non-exclusive basis.

10. When Paradyne Corporation ("Paradyne") was spun off from AT&T, it took any rights that it may have had to the '627 Patent subject to AT&T's commitment to license that patent on reasonable and nondiscriminatory terms. When Rembrandt purchased the '627 Patent from Paradyne, it similarly took any rights to that patent subject to the agreement that AT&T had made to license the patent on reasonable terms and on a non-discriminatory basis.

11. Rembrandt has actual knowledge of AT&T's commitment with respect to the '627 Patent. Yet in asserting that Comcast infringes the '627 Patent by its alleged practice of the ATSC standard, Rembrandt has failed to honor AT&T's commitment to license that patent at

reasonable and nondiscriminatory rates; instead, it seeks exorbitant and oppressive royalty rates, and an injunction. Rembrandt is therefore guilty of patent misuse.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

### Counts I-IV

12. Rembrandt's claims are barred, in whole or in part, by the doctrine of laches.

13. More specifically, and without limiting the generality of the foregoing paragraph, Rembrandt has accused devices that practice the ATSC standard and/or one or more of the DOCSIS standards of infringing the patents-in-suit.

14. Comcast and/or its predecessors in interest have used products or services that comply with one or more of the DOCSIS standards since no later than May of 1998. Rembrandt knew or reasonably should have known that Comcast and/or its predecessors in interest had used such products or services at that time and since. However, Rembrandt failed to assert its current claims that Comcast infringes the patents-in-suit until September of 2005.

15. Comcast and/or its predecessors in interest have used products or services that comply with the ATSC standard since no later than February of 2001. Rembrandt knew or reasonably should have known that Comcast and/or its predecessors in interest had used such products or services at that time and since. However, Rembrandt failed to assert its current claims that Comcast infringes the patents-in-suit until September of 2005.

16. Rembrandt's delay in filing suit is unreasonable and inexcusable, and has caused Comcast material evidentiary and/or economic prejudice. Rembrandt's claims are accordingly barred by the doctrine of laches.

# FIFTH AFFIRMATIVE DEFENSE

## (Fraud on the United States Patent and Trademark Office)

## Count I

17. Rembrandt's '627 Patent is unenforceable because it was obtained through inequitable conduct.

18. More specifically, and without limiting the generality of the foregoing paragraph, William Betts (a named inventor on the '627 Patent) committed fraud on the U.S. Patent and Trademark Office ("PTO") when prosecuting the '627 Patent. Mr. Betts' fraud on the PTO renders the '627 Patent unenforceable.

19. As described in more detail below, while prosecuting the '627 Patent, Mr. Betts knew of multiple prior art references material to the patentability of the claims in the '627 Patent. Mr. Betts failed to disclose those items of prior art. These failures to disclose violated Mr. Betts' duty of candor to the PTO and constituted fraud on the PTO. Moreover, Comcast is informed and believes that Mr. Betts' failures to disclose were accompanied by intent to deceive. Mr. Betts' violation of his duty of candor as to each individual element of prior art and taken together -- also known as fraud on the patent office or inequitable conduct -- renders the '627 Patent unenforceable.

20. Mr. Betts is a named inventor on United States Patent No. 4,677,626 ("the '626 Patent"), entitled "Self-Synchronizing Interleaver for Trellis Encoder Used in Wireline Modems." That patent was issued on June 30, 1987, and is therefore prior art to the '627 Patent.

21. The '626 Patent constitutes material prior art to the '627 Patent, such that a reasonable patent examiner would have been substantially likely to consider the '626 Patent that Mr. Betts failed to disclose as important in deciding whether to allow the application for the '627 Patent to issue as a patent. Mr. Betts incontestably knew of the '626 Patent and its materiality, as he was a named inventor on that patent. Mr. Betts' failure to disclose the '626 Patent to the PTO violated his duty of candor.

22. United States Patent No. 5,052,000 ("the '000 Patent"), entitled "Technique for Improving the Operation of Decision Feedback Equalizers in Communications Systems Using Error Correction," was issued on September 24, 1991 to Wang et al., on an application filed on June 9, 1989. It is therefore prior art to the '627 Patent.

23. The '000 Patent constitutes material prior art to the '627 Patent, such that a reasonable patent examiner would have been substantially likely to consider the '000 Patent that Mr. Betts failed to disclose as important in deciding whether to allow the application for the '627 Patent to issue as a patent. On information and belief, Mr. Betts knew of the invention of the '000 Patent and its materiality, as he was a colleague of Wang's in the AT&T family of companies, and received a paper co-authored by Wang that described the invention of that patent. Mr. Betts' failure to disclose the '000 Patent to the PTO violated his duty of candor.

## COUNTERCLAIMS

Defendant and Counterclaimant Comcast asserts the following counterclaims against Rembrandt:

1. Comcast Corp. is a corporation incorporated under the laws of Pennsylvania, having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania. Comcast Cable is a corporation incorporated under the laws of Delaware having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania. Comcast of Plano, LP is a limited partnership organized under the laws of Delaware having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania.

2. Comcast is informed and believes, and therefore alleges, that Rembrandt is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in Bala Cynwyd, Pennsylvania.

3. In its Counterclaims, Comcast seeks declarations of invalidity and non-infringement of Rembrandt's asserted patents. As such, jurisdiction is proper pursuant to the

Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and as arising under the Patent Laws of the United States, Title 35, United States Code.

4. This Court has personal jurisdiction over Rembrandt.

5. Venue in this district is proper with regards to this counterclaim under 28 U.S.C. §§ 1391 and 1400.

### FIRST COUNTERCLAIM FOR RELIEF

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,243,627

6. Comcast realleges and incorporates by reference Paragraphs 1 through 5 above.

7. As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 5,243,627.

8. Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

9. Comcast has not infringed, and is not now infringing, U.S. Patent No. 5,243,627.

10. Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

11. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

12. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

13. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to award of its reasonable attorneys' fees.

## SECOND COUNTERCLAIM FOR RELIEF

**Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,852,631**

14. Comcast realleges and incorporates by reference Paragraphs 1 through 13 above.

15. As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 5,852,631.

16. Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

17. Comcast has not infringed, and is not now infringing, U.S. Patent No. 5,852,631.

18. Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

19. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

20. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

21. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## THIRD COUNTERCLAIM FOR RELIEF

**Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,719,858**

22. Comcast realleges and incorporates by reference Paragraphs 1 through 21 above.

23. As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 5,719,858.

24. Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

25. Comcast has not infringed, and is not now infringing, U.S. Patent No. 5,719,858.

26. Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

27. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

28. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

29. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## FOURTH COUNTERCLAIM FOR RELIEF

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 4,937,819

30. Comcast realleges and incorporates by reference Paragraphs 1 through 29 above.

31. As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 4,937,819.

32. Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

33. Comcast has not infringed, and is not now infringing, U.S. Patent No. 4,937,819.

34. Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

35. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

36. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

37. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Comcast demands a trial by jury of all issues so triable in this action, including without limitation, those issues raised in the Complaint, Answer, Affirmative Defenses, and Counterclaims.

## REQUEST FOR RELIEF

WHEREFORE, Comcast respectfully requests for judgment against Rembrandt as follows:

A. For dismissal of Rembrandt's Complaint with prejudice and that the relief requested be denied;

B. For a judgment declaring that no claim of the Rembrandt patent(s) has been infringed willfully, deliberately, or otherwise by Comcast;

C. For a judgment declaring that each and every claim of the Rembrandt patent(s) is invalid;

D. For an award of Comcast's reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

E. For such other and further relief as the Court may deem jus and fair.

Respectfully submitted,

　　　/s/ Jennifer Haltom Doan　　　
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
HALTOM & DOAN
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Telephone: 903-255-1000
Facsimile: 903-255-0800

                                        Brian Ferrall
                                        Leo Lam
                                        Matthew M. Werdegar
                                        Eric H. MacMichael
                                        Keker & Van Nest, LLP
                                        710 Sansome Street
                                        San Francisco, CA 94111-1704
                                        Telephone:  415-676-2235
                                        Facsimile:  415-397-7188

                                        **ATTORNEYS FOR DEFENDANTS**
                                        **COMCAST CORPORATION,**
                                        **COMCAST CABLE**
                                        **COMMUNICATIONS, LLC, and**
                                        **COMCAST OF PLANO, LP**

## CERTIFICATE OF SERVICE

       The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this answer was served on all counsel who are deemed to have consented to electronic service.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 27th day of November, 2006.


                                                            _____/s/ Jennifer Haltom Doan_____
                                                            Jennifer Haltom Doan