UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST OF PLANO, LP | Civil Action No. 2:05-CV-443-TJW |

**PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S REPLY TO DEFENDANTS'
FIRST AMENDED COUNTERCLAIMS**

Plaintiff Rembrandt Technologies, LP ("Rembrandt") hereby responds to the First Amended Counterclaims of Defendants Comcast Corporation ("Comcast Corp."), Comcast Cable Communications, LLC ("Comcast Cable"), and Comcast of Plano, LP ("Comcast of Plano") (collectively "Comcast") as follows. All allegations not expressly admitted are denied.

1.  Rembrandt admits that Comcast Corp. is a corporation incorporated under the laws of Pennsylvania, having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania. Rembrandt admits that Comcast Cable is a corporation incorporated under the laws of Delaware having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania. Rembrandt admits that Comcast of Plano, LP is a limited partnership organized under the laws of Delaware. Rembrandt is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

2.  Admitted.

3.  Rembrandt admits that this Court has jurisdiction over Comcast's Counterclaims. The remaining allegations of this paragraph do not require a response.

4.  Admitted.

5.  Rembrandt admits that venue in this district is proper with respect to Comcast's Counterclaims.

## FIRST COUNTERCLAIM FOR RELIEF

6. Rembrandt incorporates by reference its responses contained in Paragraphs 1 through 5 above.

7. Rembrandt admits that an actual controversy exists between the parties regarding U.S. Patent No. 5,243,627 ("the '627 patent").

8. Paragraphs 1-30 of Comcast's Answer do not require a response. In response to the allegations contained within paragraph 8 of Comcast's Third Affirmative Defense, Rembrandt admits that the '627 patent, upon issuance, was assigned to AT&T Bell Laboratories. Rembrandt is without sufficient information to admit or deny the statements in Paragraph 9 of Comcast's Third Affirmative Defense, and therefore they are denied. In response to the allegations contained within paragraph 20 of Comcast's Fifth Affirmative Defense, Rembrandt admits that William Betts is a named inventor on U.S. Patent 4,677,626. Rembrandt denies all other allegations contained in Comcast's Affirmative Defenses and in paragraph 8 of Comcast's First Amended Counterclaims.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## SECOND COUNTERCLAIM FOR RELIEF

14. Rembrandt incorporates by reference its responses contained in Paragraphs 1 through 13 above.

15. Rembrandt admits that an actual controversy exists between the parties regarding U.S. Patent No. 5,852,631.

16. Rembrandt incorporates by reference its response to paragraph 8 of Comcast's First Amended counterclaims.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## THIRD COUNTERCLAIM FOR RELIEF

21. Rembrandt incorporates by reference its responses contained in Paragraphs 1 through 21 above.

22. Rembrandt admits that an actual controversy exists between the parties regarding U.S. Patent No. 5,719,858.

23. Rembrandt incorporates by reference its response to paragraph 8 of Comcast's First Amended counterclaims.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## FOURTH COUNTERCLAIM FOR RELIEF

28. Rembrandt incorporates by reference its responses contained in Paragraphs 1 through 13 above.

29. Rembrandt admits that an actual controversy exists between the parties regarding U.S. Patent No. 4,937,819.

30. Rembrandt incorporates by reference its response to paragraph 8 of Comcast's First Amended counterclaims.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## JURY DEMAND

This paragraph does not require a response.

**PRAYER FOR RELIEF**

Rembrandt incorporates by reference the Prayer for Relief set forth in Rembrandt's Complaint. Rembrandt denies that Comcast is entitled to any relief.

Dated: December 11, 2006

Respectfully submitted,

By: /s/ Andrew W. Spangler
Otis Carroll
State Bar No. 03895700
Wesley Hill
State Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
Email: fedserv@icklaw.com

Frank E. Scherkenbach
Lawrence K. Kolodney
Michael H. Bunis
Thomas A. Brown
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Tel: 617-542-5070
Fax: 617-542-8906

Timothy Devlin
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: 302-652-5070
Fax: 302-652-0607

Alan D. Albright
State Bar # 00973650
FISH & RICHARDSON P.C.
One Congress Plaza, 4th Floor
111 Congress Avenue
Austin, TX 78701
Tel: 512-391-4930
Fax: 512-591-6837

                        S. Calvin Capshaw
                        State Bar No. 13783900
                        Elizabeth L. DeRieux
                        State Bar No. 05770585
                        Andrew W. Spangler
                        State Bar No. 24041960
                        Brown McCarroll, LLP
                        1127 Judson Rd - Ste 220
                        P.O. Box 3999
                        Longview, TX 75606-3999
                        Tel: 903-236-9800; Fax: 903-236-8787
                        Email: ccapshaw@mailbmc.com
                        Email: ederieux@mailbmc.com
                        Email: aspangler@mailbmc.com

Counsel for Plaintiff
REMBRANDT TECHNOLOGIES, LP


**CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 11th day of December, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                        /s/ Andrew W. Spangler
                        Andrew W. Spangler