UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS; LLC; and COMCAST OF PLANO, LP, <br><br> Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 2:05-CV-443-TJW-CE <br><br> Jury demand |

**COMCAST'S MOTION TO STAY PENDING RESOLUTION OF MOTION TO CONSOLIDATE BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND MOTION FOR EXPEDITED CONSIDERATION**

Defendants Comcast Corporation, Comcast Cable Communications LLC, and Comcast of Plano, LP (collectively "Comcast") move this Court to stay all proceedings in this action pending resolution of a Motion to Transfer and Consolidate Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. § 1407 ("MDL Motion"), filed on March 9, 2007 and currently set for hearing on May 31, 2007 before the Judicial Panel on Multidistrict Litigation ("MDL Panel"). Judicial economy and efficiency will be promoted by staying proceedings in the present case – including the claim construction hearing recently scheduled for April 27, 2007[1] – until the MDL Panel determines whether a single judge should preside over pretrial proceedings of the fourteen related, Rembrandt patent cases.

Comcast further moves the Court for expedited briefing and consideration of this motion to stay, based on the currently scheduled *Markman* hearing, as the normal briefing schedule does not allow the Court to decide Comcast's present motion to stay pending resolution of the MDL

---

[1] Comcast recently requested that the claim construction hearing be moved from the April 27, 2007, date to accommodate counsel's schedule. This motion to stay requests the separate relief of a stay of all proceedings pending decision by the MDL.

**MOTION TO STAY PENDING RESOLUTION OF MOTION TO CONSOLIDATE BEFORE MDL - Page 1**

Motion before the *Markman* hearing date.

## BRIEF IN SUPPORT OF MOTION TO STAY AND FOR EXPEDITED CONSIDERATION

### I.     INTRODUCTION

Comcast respectfully requests that the Court temporarily stay this case pending resolution of the MDL Motion, which another cable-company defendant in a parallel Rembrandt case filed over a month ago on March 9, 2007.  The MDL Panel will hear the MDL Motion six weeks from now, on May 31, 2007.  Proceeding with the present action, and in particular the *Markman* hearing, despite the pendency of the MDL Motion will cause the parties and the Court to expend substantial resources – in an effort that may well be rendered moot depending on the MDL Panel's decision.  Moreover, temporarily staying this action until the MDL Panel's decision will also minimize any risk of inconsistent rulings on important pretrial issues, particularly claim construction, that may apply to all the parallel Rembrandt cases.  Should the MDL Panel transfer this case, this Court will be divested of all jurisdiction of this matter for pretrial purposes, and a single judge will be assigned to determine these issues in all of the Rembrandt cases pending nationwide.  A temporary stay pending the MDL Panel's decision will alleviate the potential for wasting judicial and party resources and for unnecessary procedural complexity.

Further, a temporary stay will not prejudice anyone.  The originally scheduled date for the *Markman* hearing in this action was vacated upon the disqualification of Rembrandt's former lead counsel, and no further case dates other than the *Markman* hearing have been rescheduled. Without a current schedule, a temporary stay pending the MDL Panel's determination on whether to grant the MDL Motion will not adversely affect Rembrandt.

Staying this case pending resolution of the MDL Motion will promote judicial efficiency, benefit the parties, and ensure a fair and economical pretrial process – regardless of the outcome of the MDL Motion – without detriment.  Thus the Court should grant Comcast's motion.

### II.     RELEVANT BACKGROUND

The present action filed by Rembrandt against the Comcast defendants is one of fourteen parallel actions involving patent claims asserted by Rembrandt against the major cable

companies in the United States, as well as other television-network and electronics-manufacturing defendants.[2] In the present case, a *Markman* hearing had been scheduled for February 8, 2007. The Court disqualified Rembrandt's then-lead counsel based on conflicts of interest, and (per party stipulation) suspended all deadlines pending appointment of new counsel. *See* Orders (*Comcast* Dkt. nos. 140, 142, 144, 145).

On March 9, 2007, CoxCom moved the MDL Panel for an order consolidating and transferring the fourteen related Rembrandt patent actions. *See* CoxCom Motion to Transfer And Consolidation of Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. §1407, MDL Docket No. 1848, filed March 9, 2007 (*Comcast,* Dkt. no. 153) at 2. Including the present action, Rembrandt has asserted patent claims against twenty-nine parties, in fourteen related actions, in three judicial districts – the Eastern District of Texas, the District of Delaware, and the Southern District of New York. *Id.* Nine of those actions involve some or all of the four patents asserted against Comcast in this case. *See id.* at Exh. B. The remaining five patents are asserted against Comcast in related Civil Action No. 2:06-cv-506-TJW and against other parties in four related actions. *Id.* There have been no substantive orders issued in any of these actions, and no claim construction hearings have been held. *Id.* at 4.

On April 12, 2007, the MDL Panel set CoxCom's MDL Motion for hearing on May 31, 2007 at 9:30 a.m. *See* Exh. A (Notice of Hearing Session) at 1. Five days later, this Court scheduled a *Markman* hearing for April 27, 2007, before Magistrate Judge Chad Everingham. *See* Notice dated April 17, 2007 (*Comcast* Dkt. no. 159). Also currently pending before this Court are motions by other cable-company defendants in the parallel Eastern District of Texas Rembrandt cases to consolidate the present case with those matters for pretrial purposes.[3]

---

[2] In the interests of brevity, Comcast will not recount the history of each of the various Rembrandt lawsuits. The jurisdictions and parties to these actions are identified and described on pages 4-9 and in Exhibits A-B to CoxCom's Motion to Transfer and Consolidate. *See Comcast* Dkt. no. 153.

[3] Charter Communications, CoxCom, Time Warner Cable, and related entities – each a defendant in cases filed by Rembrandt in the Eastern District of Texas alleging infringement of the same patents asserted against Comcast – moved the Court to consolidate all Rembrandt cases for pretrial purposes. Comcast agrees that such consolidation is appropriate and would save party and judicial resources and accordingly did not object to these consolidation motions. *See Comcast* Dkt. no. 158.

### III. ARGUMENT

The Court has the sole discretion to stay proceedings where it serves the interests of judicial economy and efficiency. *See Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Alza Corp. v. Wyeth*, 2006 WL 3500015 *2 (E.D. Tex. Nov. 21, 2006). In exercising that discretion to stay an action, courts often consider: (1) judicial resources that will be saved by avoiding duplicative litigation if cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *See Rivers*, 980 F. Supp. at 1360; *Alza Corp.*, 2006 WL 3500015 at *2. With the MDL Motion pending – in addition to a motion to consolidate before this Court – efficiency and economy dictate staying the present action.

**A.    A Temporary Stay Will Promote the Fair and Efficient Adjudication of this Action**

Substantial judicial and party resources may be wasted if substantive proceedings, such as a *Markman* hearing, proceed in this case while the MDL motion is pending. If granted, the MDL Motion will divest this Court of all pretrial jurisdiction in this matter, including construction of the claims of the asserted patents. *See* 28. U.S.C. § 1407; *Astarte Shipping Co. v. Allied Steel & Export Serv.*, 767 F.2d 86, 87 (5th Cir. 1985). As the Fifth Circuit has stated:

> A transfer under section 1407 transfers the action lock, stock, and barrel. The transferee district court has the power and the obligation to modify or rescind any orders in effect in the transferred case which it concludes are incorrect. In addition, when the [Judicial Panel on Multidistrict Litigation] orders a case transferred, the transferor district court is deprived of jurisdiction until the case is returned to it.

*Id.* Such complete transfer promotes the purpose of multidistrict litigation – to coordinate the pretrial management of actions sharing common facts and issues of law in a just and efficient manner. *See* 28 U.S.C. § 1407(a). Actions involving overlapping patents are particularly well-suited for consolidation to promote efficiency and avoid duplicative or potentially inconsistent pretrial rulings, given the shared questions concerning the technology underlying the patents, the validity of the patents, claim construction and issues of infringement. *See* 28 U.S.C. § 1407; *In re Acacia Media Techs. Corp Patent Litig.*, 360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005); *In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003).

Because of the efficiency and consistency reasons underlying coordinated multidistrict litigation, courts have routinely stayed actions where motions to transfer are pending before the MDL Panel. *See, e.g., Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 428 (D.N.J. 2003), *Rivers*, 980 F. Supp. at 1360; *see also Miranda v. Ocwen Financial Corp.*, 2007 U.S. Dist. LEXIS 23389 (W.D. Tex., March 30, 2007) at *3; *Anderson v. Merck & Co.*, 2007 U.S. Dist. LEXIS 1261 (S.D. Tex., January 5, 2007) at *3; *Texas Ex Rel Ven-A-Are v. Abbott Labs., Inc.*, 2005 U.S. Dist. LEXIS 42434 (W.D. Tex., December 5, 2005) at *3-6; *Network-1 Security Solutions, Inc. v. D-Link Corporation*, Civil Action No. 6:05-CV-291 (E.D. Tex. Nov. 3, 2005) ("It would be an inefficient use of judicial resources to take action in this case before the Judicial Panel on Multidistrict Litigation decides the transfer issue.") (attached as Exhibit C); *Blackshire v. Pfizer, Inc.*, Civil Action No. 1:05-CV-383 (E.D. Tex. Aug. 8, 2005) (attached as Exhibit D); *Falgoust v. Microsoft*, 2000 U.S. Dist. LEXIS 5417 (E.D. La., April 20, 2000) at *2-8. Without a stay, the Court loses the potential efficiencies that would be created by having pretrial issues involving common facts and law decided by a single judge. *See* 28 U.S.C. § 1407.

Indeed, in parallel cases concerning *these very patents* and subject to the same MDL Motion, the District Court for the District of Delaware *sua sponte* issued an order staying all proceedings in its own Rembrandt cases pending the outcome of the MDL Motion. *See* Exh. B (*Rembrandt* Actions, Order Staying Civil Actions, filed March 26, 2007). In that order, the Honorable Gregory Sleet noted that "it is in the interests of justice and judicial economy to stay the above-captioned cases until the Motion is resolved." *Id*. The same statement applies with equal force here.

Staying this case pending resolution of the MDL Motion will ensure that the resources of the Court and of the parties are not expended unnecessarily. Should the MDL Panel grant the MDL Motion, the fourteen cases will be transferred to one court for pretrial purposes so that the substantial common questions of law and fact – such as claim construction for the asserted patents– that predominate these actions can be addressed in a coordinated manner. Each affected party will be afforded the proper opportunity to participate in that process.

By contrast, proceeding with the *Markman* hearing prior to resolution of the MDL

**MOTION TO STAY PENDING RESOLUTION OF MOTION TO CONSOLIDATE BEFORE MDL - Page 5**

Motion increases the risk of wasting judicial resources and compromising justice. First, should the MDL Panel grant the MDL Motion, the parties and the Court may be forced to perform duplicative work and thereby unnecessarily expend substantial resources. A relevant and instructive example is the MDL Panel's recent decision to consolidate and transfer the "Katz" patent litigations after the Honorable David Folsom had already conducted a *Markman* hearing in *Katz v. Citibank et al.* (E.D. Tex. Case No. 5:05-cv-00142-DF). *See In re Katz Interactive Call Processing Patent Litigation*, 2007 WL 899462 (J.P.M.L. March 20, 2007) (attached as Exhibit E). Indeed, the MDL Panel in that instance transferred the Katz cases even though the petitioners for MDL consolidation filed their MDL motion, *a month after* Judge Folsom had already held his *Markman* hearing. In the present case, a temporary stay pending the MDL's panel's decision will ensure that the substantial effort and resources put into the *Markman* hearing will not be for naught.

Second, construction of the claim terms in the present dispute may or may not bind either the other parties or the court in the consolidated action. As discussed above, the transferee court presiding over an MDL matter has the authority to revisit any prior pretrial orders. *See Astarte Shipping*, 767 F.2d at 87; *see also Pinney v. Nokia, Inc.*, 402 F.3d 430, 452-453 (4th Cir. 2005) (transferee court for MDL litigation could decide motion to dismiss on preemption grounds even though, in one transferred case, transferor court had already denied motions to dismiss); *In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 676 (D.C. Cir. 1981) ("[The transferee] judge has the power to set aside pretrial rulings of transferor courts, and courts performing auxiliary roles must be guided by the transferee judge's rulings."); *Degulis v. LXR Biotech., Inc.*, 928 F. Supp. 1301, 1309 (S.D.N.Y. 1996) ("A transferee court … has the power to modify interlocutory orders entered by the transferor court prior to transfer under 28 U.S.C. § 1407.") (citation omitted).

Further, should the MDL Motion be granted, it will likely occur before a *Markman* Order in this action is finalized. Conducting a *Markman* hearing and construing the terms at issue here will require substantial investments of time and resources. For the four patents at issue in this case, the parties seek construction of some twenty-six disputed claim terms. *See* Second

**MOTION TO STAY PENDING RESOLUTION OF MOTION TO CONSOLIDATE BEFORE MDL - Page 6**

Amended Joint Claim Construction and Prehearing Statement dated Jan 22, 2007 (*Comcast* Dkt. no. 136). Not including exhibits and other supporting materials, the *Markman* briefs alone total almost 100 pages. And once the Court issues its Order construing those claims, the parties by right have the opportunity to appeal that Order to the District Court within ten days. *See* 28 U.S.C. § 636(b)(1)(A); E.D. Tex. Local Rules Appendix B, Rule 4(A). Therefore, should the MDL Motion be granted, the Court may lose jurisdiction over this matter before any claim construction ruling can be entered by the District Court.

Moreover, currently pending before this Court is the motion by Coxcom, Charter, and Time Warner to consolidate the present case with the parallel Rembrandt cases in the Eastern District of Texas for pretrial purposes. The reasons articulated in the briefing in support of consolidation also support vacating and temporarily staying the scheduled *Markman* hearing here. If the MDL Panel declines to transfer the actions, the Court still must decide whether, in the interest of efficiency and conservation of judicial resources, it should consolidate the actions pending against Comcast, Time Warner, Charter, and CoxCom. Therefore, staying the current *Markman* hearing pending the outcome of the MDL Motion and consolidation motion is warranted, because as the Court recognized in its Order disqualifying Rembrandt's counsel, "there is a likelihood" that the claim construction proceedings in the Comcast action "could, as a practical matter, prejudice Time Warner in subsequent proceedings." *See* Memorandum Opinion and Order, filed February 8, 2007 (*Comcast* Dkt. no. 144).

**B.     Rembrandt Will Suffer No Significant Prejudice From A Stay**

Rembrandt will not be prejudiced by a stay, regardless of the decision by the MDL Panel. Even if the MDL Panel declines to consolidate and transfer all of the pending Rembrandt actions, Rembrandt will have experienced no significant delay. Other than the *Markman* hearing, there are currently no other dates scheduled in this action. Rembrandt cannot argue that a minor delay in scheduling pending a ruling from the MDL Panel outweighs the substantial interests of both the Court and the parties in preserving resources and having issues conclusively and comprehensively determined.

Moreover, any impact related to the duplicity of the parallel Rembrandt cases on identical

patents, based on identical theories and spread around the country, has been of Rembrandt's own making. Rembrandt chose to file separate lawsuits in different jurisdictions on the same patents. Comcast asks only that the MDL Panel, and this Court, be given the chance to address the issues raised by these separate actions in a single and unified manner, and to refrain from taking actions that would unnecessarily complicate or result in duplicative or wasted resources. The complexities caused by Rembrandt's litigation strategy should not preclude temporarily staying this action pending the MDL Panel's decision.

C.  **Expedited Consideration Is Required**

Due to the currently scheduled *Markman* hearing for April 27, 2007, Comcast's motion to stay should be heard on an expedited basis. The *Markman* hearing is the only presently scheduled deadline for this case, and is the basis for this motion to stay. Conducting the *Markman* hearing prior to the MDL Panel's decision on the MDL Motion could lead to significant adverse consequences against the parties and against judicial efficiency, as discussed above.

Further, the standard schedule does not afford the opportunity for Comcast's motion to stay to be heard timely and in a manner to avoid the adverse consequences discussed in this motion. Because of the potential impact of the MDL Motion, and the serious consequences of holding a *Markman* hearing prior to MDL Panel's decision, Comcast submits that this motion should be heard as soon as possible.

### IV.   CONCLUSION

Temporarily staying this action pending resolution of the Motion to Transfer and Consolidate currently pending before the MDL Panel will promote judicial efficiency. For the foregoing reasons, Comcast hereby requests that the Court grant its motion and stay further proceedings until such time as the MDL Panel has issued its ruling on the pending MDL Motion.

        Respectfully submitted,

        _____/s/Jennifer Haltom Doan_____
        Jennifer Haltom Doan
        Texas Bar No. 08809050
        John Peyton Perkins, III
        Texas Bar No. 24043457
        HALTOM & DOAN
        6500 Summerhill Road, Suite 100
        Texarkana, TX  75505-6227
        Telephone:  (903) 255-1000
        Facsimile:  (903) 255-0800

        Harry ("Gil") L. Gillam, Jr.
        GILLAM & SMITH LLP
        303 S. Washington Ave.
        Marshall, TX  75670
        Telephone:  (903) 934-8450

        Brian L. Ferrall
        Leo L. Lam
        Matthew M. Werdegar
        Eric H. MacMichael
        KEKER & VAN NEST, LLP
        710 Sansome Street
        San Francisco, CA  94111-1705
        Telephone:  (415) 391-5400
        Facsimile:  (415) 397-7188

        **ATTORNEYS FOR DEFENDANTS**
        **COMCAST CORPORATION, COMCAST**
        **CABLE COMMUNICATIONS, LLC,**
        **COMCAST OF PLANO**

## CERTIFICATE OF CONFERENCE

Counsel for Comcast has conferred with Plaintiff's counsel in good faith, and Plaintiff is opposed to this motion.

        _____/s/Jennifer Haltom Doan_____
        Jennifer Haltom Doan

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 19th day of April, 2007.

        _____/s/Jennifer Haltom Doan_____
        Jennifer Haltom Doan